Office of County Counsel

Emeshe Arzón
County Counsel

Howard L. Goldberg
First Assistant County Counsel

Assistant County Counsel
**Antonieta Paiva Rinaldi**
**Laura J. Paffenroth**
**Matthew V. White**
**Joseph T. Walsh**
**Krista A. Schmid**
**Brandon Hawkins**
**Jeremy Garson**



Making It Better, Together.

Courthouse, 6th Floor
520 Market Street
Camden, NJ 08102-1375
phone 856.225.5543
fax 856.756.2244
counsel@camdencounty.com
CamdenCounty.com

March 6, 2024

<u>Via Efiling</u>

Honorable Zahid N. Quraishi
United States District Court
Clarkson S. Fisher Building
402 East State Street
Trenton, NJ 08608

      RE: **Andy Kim, et al. v. Hanlon, et al.**
            **Docket No.: 3:24-cv-01098-ZNQ-TJB**

Dear Judge Quraishi:

      This office represents Camden County Clerk, Joseph Ripa in this matter. Given the short briefing schedule necessitated by the requirement of an expeditious resolution of Plaintiffs' application and the common positions of the numerous County Clerk defendants, there is no reason to burden the Court with repetitive submissions. Accordingly, I ask that Your Honor accept this letter as Clerk Ripa's opposition to the Preliminary Injunction.

      Clerk Ripa relies upon and adopts the arguments and factual recitations set forth in the papers submitted by the Clerks of Cape May, Cumberland, Gloucester, Hunterdon and Salem Counties, as well as those that may be submitted by other County Clerks later today. The concerns expressed echo our concerns. Of most importance is that such a substantial change to a ballot design that has been in use in Camden County for decades, at this late stage and without adequate

time to familiarize and educate the voters, would undoubtedly cause unnecessary confusion to the public at a time in our history in which the integrity of our election processes is already under unprecedented scrutiny and suspicion. Put another way, a constitutional challenge to our state's election statutes mere weeks from the date those processes must be put into place is not something that should be considered in such a rushed proceeding, especially where hundreds of potentially interested party candidates and committees have not even been invited into the fray.

For these reasons, as well as those articulated in the papers of our co-defendants, the Court should deny the Preliminary Injunction. The questions raised by plaintiffs will not disappear and may certainly be explored and fully litigated for future elections. To decide them now, under the pressures of an upcoming primary election preparation schedule, would be profoundly unfair to the voting public.

                                                   Respectfully submitted,

                                                 OFFICE OF COUNTY COUNSEL

                                       By: *Howard L. Goldberg*
                                          Howard L. Goldberg, Esquire
                                          First Assistant County Counsel

Cc: All counsel of record - via efiling