# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDY KIM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTINE GIORDANO HANLON, in her capacity as Monmouth County Clerk, et al., <br><br> Defendants | Docket No.: 3:24-cv-01098-ZNQ-TJB <br><br> **Motion Return Date:** March 18, 2024 <br><br> **CIVIL ACTION** |

---

## BRIEF OF DEFENDANT NANCY PINKIN IN HER OFFICIAL CAPACITY AS MIDDLESEX COUNTY CLERK IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

---

THOMAS F. KELSO, ESQ.
Middlesex County Counsel
By: Michael S. Williams, Esq.
Deputy County Counsel
Middlesex County Administration Bldg.
75 Bayard Street, 2nd Floor
New Brunswick, NJ 08901
Tel. (732)745-3228
Fax. (732)745-4539
Attorneys for Defendant, Nancy Pinkin, in her Official capacity as Clerk of Middlesex County

Michael S. Williams
Deputy County Counsel
On the Brief

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................... ii

TABLE OF AUTHORITIES ..................................................... iv

PRELIMINARY STATEMENT ..................................................1

FACTUAL BACKGROUND.......................................................3

LEGAL ARGUMENT................................................................4

I.             THIS COURT SHOULD DENY PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF BECAUSE PLAINTIFFS HAVE FAILED TO DEMONSTRATE IRREPARABLE HARM, THEY ARE NOT LIKELY TO SUCCEED ON THE MERITS OF THEIR CLAIMS, AND THE REQUESTED RELIEF IS NOT IN THE PUBLIC INTEREST AND THE BALANCE OF HARMS WEIGHS DECISIVELY AGAINST SUCH RELIEF.     4

A...... Plaintiffs' Cannot Demonstrate Irreparable Harm if an Injunction Does Not Issue Against the Middlesex County Clerk ...................................................5

B......Plaintiffs Cannot Demonstrate a Probability of Success on the Merits As Against the Middlesex County Clerk Particularly As The Bracketing Laws Do Not Violate Plaintiffs' Constitutional Rights, Particularly When Plaintiffs' Allegations Are Not Applicable As Against the Middlesex County Clerk.................................................................................................7

1.             Plaintiffs Cannot Demonstrate a Violation of the Right to Vote Under the First and Fourteenth Amendment.................................................7

2.             Plaintiffs Cannot Demonstrate a Probability of Success on the Merits With Regard to Their Equal Protection Claims Against the Middlesex County Clerk. ....................................................................11

3.             Plaintiffs Freedom of Association Claims Are Improperly Asserted Against the Middlesex County Clerk Because They Will Be Subject to No Burden if They Choose Not to Associate With Other Candidates. Instead, the Relief Plaintiffs Seek Only Harms Other Candidates Right to Associate..........................................................13

4.      **Plaintiffs' Cannot Demonstrate That the Middlesex Clerk's Actions Violated the Elections Clause.** ...........................................15

C. ............. **If Injunctive Relief Is Granted, There Will Be Greater Harm to the Middlesex County Clerk and Other Non-Parties.** ..............................................16

D. ......................**Granting Plaintiffs' Injunctive Relief Will Not Be In the Public Interest.** ......................................................................................18

**CONCLUSION.....................................................................................21**

# <u>TABLE OF AUTHORITIES</u>

**Cases**

Anderson v. Celebrezze, 460 U.S. 780, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983) ....8, 18

Burdick v. Takushi, 504 U.S. 428, 112 S.Ct. 2059, 119 L.Ed.2d 245 (1992)..........8

Conforti v. Hanlon, 2022 WL 1744774 (D.N.J. 2022)............................................11

Cook v. Gralike, 531 U.S. 510 (2001). .......................................................................15

Democratic-Republican Org. of New Jersey v. Guadagno, 900 F. Supp. 2d 447 (D.N.J.)............................................................................................................... 10, 16

Donald J. Trump for President, Inc. v. Way, 492 F. Supp. 3d 354 (D.N.J. 2020) ....5

ECRI v. McGraw-Hill, Inc., 809 F.2d 223 (3d Cir. 1987) ........................................5

Eu v. San Francisco Cty. Democratic Cent. Comm., 489 U.S. 214 (1989)...... 10, 13

Harris v. McRae, 448 U.S. 297, 100 S. Ct. 2671, 65 L. Ed. 2d 784 (1980)............19

Issa v. Sch. Dist. of Lancaster, 847 F.3d 121 (3d Cir. 2017).....................................5

Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700 (3d Cir. 2004) ..............................4

Laidlaw, Inc. v. Student Transp. of Am., Inc., 20 F. Supp. 2d 727 (D.N.J. 1998)....5

Linmark Assocs., Inc. v. Willingboro Twp., 431 U.S. 85, 97 S. Ct. 1614, 52 L. Ed. 2d 155 (1977)........................................................................................................12

Mazo v. Way, 54 F.4th 124 (3d. Cir. 2022)................................................................8

Moore v. Harper, 600 U.S. 1, 143 S. Ct. 2065, 216 L. Ed. 2d 729 (2023).............15

Schundler v. Donovan, 377 N.J. Super. 339 (App. Div.), aff'd, 183 N.J. 383 (2005) ..................................................................................................... 10, 13, 16, 20

Whitney v. California, 274 U.S. 357, 47 S. Ct. 641, 649, 71 L. Ed. 1095 (1927) ..12

**Statutes**

N.J.S.A. 19:23–26.1 ..........................................................................................6. 14

N.J.S.A. 19:49-2................................................................................... 9, 11, 14, 19

## **PRELIMINARY STATEMENT**

In this matter, the Plaintiffs Andy Kim, Sarah Schoengood, and Carolyn Rush and their related official campaign entities seek preliminary injunctive relief against 19 County Clerks enjoining them from designing ballots in columns or rows, requiring them to conduct a ballot draw for each office sought, and other restraints as to the arrangement of the ballot. Notably, the Plaintiffs do not seek to invalidate any statutory law or seek class relief on behalf of similarly situated campaigns.

With regard to Defendant Nancy J. Pinkin, sued in her official capacity as Middlesex County Clerk ("Middlesex County Clerk"), Plaintiffs Sarah Schoengood and Carolyn Rush would not even be on the ballot in Middlesex County as they respectively seek office in Congressional Districts 2 and 3, two districts located entirely outside of Middlesex County. Andy Kim, a Democratic candidate for United States Senate, a statewide office, would be on the Middlesex County ballot. However, per statutory law, Plaintiff Kim and other primary candidates for Senate would be placed at the top row or column on the ballot, and the candidates for Senate would be the "pivot point" or the office drawn for election. Accordingly, the relief Plaintiffs seek is overly broad as it seeks to impact a county for which Plaintiffs' concerns raised in their Verified Complaint are for the most part irrelevant.  In doing so, Plaintiffs seek to take away the Middlesex County Clerk's discretion in arranging a ballot, preclude Middlesex County from following New Jersey public policy as

1

expressed in statute as it relates to providing candidates the right to file a joint petition, and restricts other candidates rights to associate freely amongst themselves.

Lastly, the relief Plaintiffs seek as a whole is not appropriate as Plaintiffs have not demonstrated a probability of success on the merits with regard to their constitutional claims, they have not demonstrated irreparable harm, and the balance of equities and public interest weigh heavily against such relief, particularly as it relates to Middlesex County for which the constitutional rights asserted in Plaintiffs' verified complaint are not applicable.

## **FACTUAL BACKGROUND**

The clerk will rely on the facts asserted by other Defendant County Clerks and add the facts set forth in the Certification of Deborah Braga. Namely, that pursuant to <u>N.J.S.A.</u> 19:23-26.1, the United States Senate office has served as Middlesex County's "pivot point" and Plaintiff Andy Kim would accordingly be able to draw for his preferred ballot placement in Middlesex County.  See Braga Cert. at ⁋2-4.

## LEGAL ARGUMENT

I. **THIS COURT SHOULD DENY PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF BECAUSE PLAINTIFFS HAVE FAILED TO DEMONSTRATE IRREPARABLE HARM, THEY ARE NOT LIKELY TO SUCCEED ON THE MERITS OF THEIR CLAIMS, AND THE REQUESTED RELIEF IS NOT IN THE PUBLIC INTEREST AND THE BALANCE OF HARMS WEIGHS DECISIVELY AGAINST SUCH RELIEF.**

Plaintiffs' request for preliminary injunctive relief fails because they are not likely to succeed on the merits, they have not demonstrated irreparable harm, and it would be in the public's interest to avoid the greater harm that would occur if the Court were to enter an Order infringing upon other candidate's associational rights, the clerk's broad discretion in determining how to arrange a ballot to make it understandable to the voter, and the State's ability to enforce its public policy as set forth under New Jersey statutory law.

"Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). To prevail on a motion for preliminary injunctive relief, Plaintiffs must demonstrate (1) a reasonable probability of success on the merits; (2) that the denial of the requested injunction will result in irreparable harm; (3) whether there will be greater harm to the nonmoving party if the injunction is granted; and

(4) whether granting the injunction is in the public interest. <u>Issa v. Sch. Dist. of Lancaster</u>, 847 F.3d 121, 131 (3d Cir. 2017).

As demonstrated below, Plaintiffs fail to establish all four factors and consequently, the request for preliminary injunctive relief should be denied.

**A.  Plaintiffs' Cannot Demonstrate Irreparable Harm if an Injunction Does Not Issue Against the Middlesex County Clerk.**

To establish irreparable harm in the absence of preliminary relief, a movant has the burden of establishing a "clear showing of immediate irreparable injury." <u>Donald J. Trump for President, Inc. v. Way</u>, 492 F. Supp. 3d 354, 373 (D.N.J. 2020) (citing <u>ECRI v. McGraw-Hill, Inc.</u>, 809 F.2d 223, 226 (3d Cir. 1987)). The claimed injury cannot merely be possible, speculative or remote, in other words "a risk of irreparable harm is not enough." <u>Laidlaw, Inc. v. Student Transp. of Am., Inc.</u>, 20 F. Supp. 2d 727, 766 (D.N.J. 1998), <u>abrogated on other grounds by</u> <u>ADP, LLC v. Rafferty</u>, 923 F.3d 113 (3d Cir. 2019) (internal citations omitted).

In this case, the Plaintiffs' ultimate goal is to prevail in a primary election. While Plaintiffs speculate that they could be harmed by receiving an unfavorable placement on the ballot, or a failure to be part of a slate of candidates, that does not rise to the level of an irreparable injury. First, with the exception of Plaintiff Kim, none of the Plaintiffs are campaigning for an office that would place them on a

Middlesex County ballot. In the case of Plaintiff Kim, as a statewide candidate for Senate, pursuant to statute and practice, he would have the same statistical opportunity to be drawn in the first column or row irrespective of whether he were to file a joint petition with other candidates. N.J.S.A. 19:23-26.1 (stating that "In the case of a primary election for the nomination of a candidate for the office of United States Senator and in the case of a primary election for the nomination of a candidate for the office of Governor, the names of all candidates for the office of United States Senator or Governor shall be printed on the official primary ballot in the first column or horizontal row designated for the party of those candidates."); see Braga Cert. Thus, assuming these claims have merit, much of Plaintiffs' arguments of being harmed by a "primacy effect" would not be applicable to the Middlesex County Clerk.

Even assuming Plaintiff Kim fails to be drawn in his preferred placement on the ballot, much like his ability to draw for such a placement, he would have the same opportunity as every other candidate to campaign and advise voters where they can find his name on the ballot. There would also be no impediment to Plaintiff Kim campaigning with and recruiting like-minded candidates to form a bracket of candidates. That said, there would be no irreparable harm to Plaintiff Kim as either with or without the grant of the preliminary injunctive relief, Plaintiff Kim will be able to be drawn for his preferred ballot position in Middlesex County and will have

an unfettered opportunity to run a successful campaign to be the Democratic Party nominee for Senator irrespective if he runs alone or if he decides to associate and bracket with other like-minded candidates.

Finally, to the extent that Plaintiffs' alleged irreparable harm comes as a result of an alleged constitutional injury, for the reasons set forth in Part B below, Plaintiffs have failed to demonstrate an irreparable injury as they have not demonstrated a reasonable probability of success on the merits with regard to their Constitutional claims against the Middlesex County Clerk.

      B.      **Plaintiffs Cannot Demonstrate a Probability of Success on the Merits As Against the Middlesex County Clerk Particularly As The Bracketing Laws Do Not Violate Plaintiffs' Constitutional Rights, Particularly When Plaintiffs' Allegations Are Not Applicable As Against the Middlesex County Clerk.**

As demonstrated below, Plaintiffs cannot demonstrate a probability of success on the merits as their claims relate to the Middlesex County Clerk as they will not be able to establish that the Middlesex Clerk's actions would violate their First Amendment Right to Vote, their right to Equal Protection Under the Law, Right to Freedom of Association, nor would her actions violate the Elections Clause under the Federal Constitution.

    1.  **Plaintiffs Cannot Demonstrate a Violation of the Right to Vote Under the First and Fourteenth Amendment**

In Count I of the Complaint, Plaintiffs allege violations of the First and

Fourteenth Amendments based on their constitutional right to vote.

As this Court has recognized in the companion case of <u>Conforti v. Hanlon</u>[1], the Supreme Court developed the <u>Anderson-Burdick</u> test to analyze the constitutionality of burdens on election-related First Amendment rights.   Under this test, a court weighs the burdens placed on the rights a plaintiff seeks to assert verses the State's interests and the extent that these interests require such a burden. <u>Anderson v. Celebrezze</u>, 460 U.S. 780, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983), and <u>Burdick v. Takushi</u>, 504 U.S. 428, 112 S.Ct. 2059, 119 L.Ed.2d 245 (1992). If the law imposes a severe burden, then strict scrutiny is appropriate, but if the burden is not severe but only imposes reasonable nondiscriminatory restrictions, the State's important regulatory interests are generally sufficient to justify the restrictions. <u>Mazo v. Way</u>, 54 F.4th 124, 145 (3d. Cir. 2022).

Plaintiffs First Amendment Constitutional claims fail as the mandate to follow <u>N.J.S.A.</u> 19:49-2 and to permit candidates to file a joint petition in no way burdens the right to vote as any voter would have the unfettered ability to vote for candidate of his or her choice and would not dilute any votes.

Even assuming for the sake of argument that Plaintiffs' assertion that the primacy effect of being in the first column or row biases voters, such an argument is

---

[1] Available at 2022 WL 1744774 (D.N.J. 2022).

not relevant to Middlesex County as only Plaintiff Kim is a candidate on Middlesex County's ballot.  Further, as a candidate for Senate, Plaintiff Kim is in the "pivot" position and accordingly has the same chance to be in a primary column as any other primary Senate candidate. N.J.S.A. 19:26.1. Thus, as it relates to the Middlesex County Clerk, none of the Plaintiffs would be forced to associate with any other candidate to participate in the ballot drawing process. As a candidate in the pivot position, Plaintiff Kim has the opportunity to bracket, or not to bracket with any other candidate of his choosing as it will not have any impact where he would appear on the ballot vis a vis other Senatorial candidates. To the extent that he complains that he may not be aligned with other candidates, as a candidate for Senate, he has the unfettered right to recruit and campaign with other like-minded candidates. As such, the weight of Plaintiff Kim's alleged burdens would be *de minimis* and the State's interests would be subject to a less exacting level of review.

On the other hand, the Clerk's interests in following the legislative mandate of N.J.S.A. 19:49-2, having the ability to exercise her discretion to design a ballot in a manageable and understandable way, and respecting the associational rights of other candidates are weighty. While  none of the Plaintiffs would be forced to associate with any other candidate to participate in the ballot drawing process. if this Court were to grant Plaintiffs' request for injunctive relief and preclude parties from associating with one another, the only candidates whose freedom of association

9

would be violated would be all other Middlesex County candidates who are not parties to the present matter.  Eu v. San Francisco Cty. Democratic Cent. Comm., 489 U.S. 214, 222 (1989) (invalidating laws banning primary endorsements and imposing restrictions on internal policy governance of political parties and holding that "Freedom of association means not only that an individual voter has the right to associate with the political party of her choice, but also that a political party has a right to " 'identify the people who constitute the association, and to select a "standard bearer who best represents the party's ideologies and preferences.").

Moreover, as this Court has recognized that "the State has an interest in regulating elections to ensure that voters are able to understand the ballot. . . Democratic-Republican Org. of New Jersey v. Guadagno, 900 F. Supp. 2d 447, 456 (D.N.J.), aff'd, 700 F.3d 130 (3d Cir. 2012). In this case, the Legislature could have reasonably determined that permitting candidates to bracket one another would further those candidates rights to associate, while also communicating to the voters the principled alignment of those candidates, providing a manageable and understandable ballot. Further, the Legislature has accorded County Clerks broad discretion to set up ballot arrangements and arrays in a manner that furthers the interest in an orderly election.  Schundler v. Donovan, 377 N.J. Super. 339, 347–48, (App. Div.), aff'd, 183 N.J. 383 (2005).

Overall, given the *de minimis* burden that would be placed on Plaintiffs asserted rights verses the considerable and weighty burdens placed on the State's interests, Plaintiffs have not demonstrated a reasonable probability of success on the merits on their First Amendment Right to Vote claims against the Middlesex County Clerk to warrant preliminary injunctive relief against that office.

**2. Plaintiffs Cannot Demonstrate a Probability of Success on the Merits With Regard to Their Equal Protection Claims Against the Middlesex County Clerk.**

In this case, Plaintiffs assert that the Middlesex Clerk's adherence to N.J.S.A. 19:49-2 violates their rights as unbracketed candidates to Equal Protection under the Fourteenth Amendment of the Federal Constitution. Plaintiffs assert that as unbracketed candidates they would be subject to a disadvantageous ballot draw. See ¶ 189 of the Verified Complaint.

The Middlesex County Clerk's adherence to N.J.S.A. 19:49-2 is non-discriminatory and neutral on its face as it applies to all candidates for office. As this Court recognized in the unpublished decision in Conforti, the classification between bracketed and non-bracketed candidates does not fall into a suspect or quasi-suspect category warranting a lesser standard of review. Conforti v. Hanlon, 2022 WL 1744774, at *16 (D.N.J. 2022).

With regard to the Middlesex County Clerk, two of the Plaintiffs are not candidates for office in Middlesex County and the one candidate, Plaintiff Kim,

11

would be drawn for the ballot on the same footing as all other Democratic candidates for Senate. Accordingly, Plaintiffs concern that they would be prevented from obtaining preferred placement on the ballot is not applicable to the Middlesex County Clerk.

With regard to the Plaintiffs' concern that their candidacy will be given less weight if not part of a large bracket of candidates, Plaintiffs fail to demonstrate how they would be prevented from recruiting other like-minded candidates to form a bracket for which they could campaign as a whole. It is axiomatic in the First Amendment context that oftentimes the "remedy to be applied is more speech, not enforced silence." Linmark Assocs., Inc. v. Willingboro Twp., 431 U.S. 85, 97, 97 S. Ct. 1614, 1620, 52 L. Ed. 2d 155 (1977) (citing Whitney v. California, 274 U.S. 357, 377, 47 S. Ct. 641, 649, 71 L. Ed. 1095 (1927), overruled by Brandenburg v. Ohio, 395 U.S. 444, 89 S. Ct. 1827, 23 L. Ed. 2d 430 (1969)). Rather than seeking to prohibit other candidates from associating with one another and campaigning together to express their common principles as candidates, the more appropriate response in our system of government would be to recruit other candidates to also bracket and campaign as a collective unit of candidates who share common interests, principles, and goals.

Altogether, because the Plaintiffs do not form a suspect or quasi-suspect class and will not be subjected to differential treatment as it relates to their candidacy in

Middlesex County, their Equal Protection claims fail and accordingly they have not demonstrated that they have a reasonable probability of success on the merits.

3. **Plaintiffs Freedom of Association Claims Are Improperly Asserted Against the Middlesex County Clerk Because They Will Be Subject to No Burden if They Choose Not to Associate With Other Candidates. Instead, the Relief Plaintiffs Seek Only Harms Other Candidates Right to Associate.**

Plaintiffs assert that the clerk's adherence to New Jersey's bracketing laws infringes upon their right not to associate because they may be precluded from obtaining a preferred ballot position. <u>Eu</u>, 489 U.S. at 224 ("The right of association includes the corresponding right not to associate.").

However, as it relates to Middlesex County, Plaintiffs' concerns are not present as they either will not be on the ballot in Middlesex, or, in Plaintiff Kim's place, will be afforded the opportunity to be drawn for his preferred ballot position irrespective of whether he associates or does not associate with other candidates. As New Jersey's Appellate Division recognized, "there can be no rights violation where a county clerk makes a fair effort to follow the dictate that all candidates for the highest office, *i.e.,* U.S. Senator or Governor, be treated equally to the extent physical constraints allow, as long as, at the same time, a good faith effort is made to effect the expressive rights of all candidates." <u>Schundler v. Donovan</u>, 377 N.J. Super. 339, 348 (App. Div.), <u>aff'd,</u> 183 N.J. 383 (2005). In this case, all Plaintiffs who will be on the ballot in Middlesex County will

be treated equally and drawn for ballot position with chance being the only determining factor.

Further, in this case, the relief Plaintiffs seek as it relates to Middlesex County will have no impact on their freedom to associate, but will instead inhibit all other candidates' rights to associate with one another. Again, in <u>Schundler</u>, New Jersey's Appellate Division determined that such a preclusion on the associational rights of candidates, albeit in the form of a statute rather than a Court Order, violated candidates' First Amendment rights . <u>Schundler v. Donovan</u>, 377 N.J. Super. 339, 348 (App. Div.), <u>aff'd,</u> 183 N.J. 383 (2005) (stating that "The First Amendment protects the free speech and associational rights of every candidate in a primary election to declare a ballot affiliation with any other candidate or cause, or to designate his or her choice not to affiliate. Thus, the absolute prohibition contained in the last sentence of <u>N.J.S.A.</u> 19:23–26.1 must be seen as a violation of the <u>Eu</u> standard.")

Even to the extent the Plaintiffs assert that the Middlesex County Clerk's adherence to <u>N.J.S.A.</u> 19:49-2 has a minimal impact on Plaintiff Kim's right to associate, the State's interests in providing a manageable and understandable ballot that assures the associational rights of the candidates and informs voters of those candidate's associational preferences, outweigh any *de minimis* infringement of Plaintiffs' associational rights.

14

4.     **Plaintiffs' Cannot Demonstrate That the Middlesex Clerk's Actions Violated the Elections Clause.**

The Elections Clause provides: "The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators." Moore v. Harper, 600 U.S. 1, 10, 143 S. Ct. 2065, 2074, 216 L. Ed. 2d 729 (2023) (citing U.S. Const., Art. I, § 4, cl. 1). When a regulation does not regulate the "time, place, or manner," courts must consider whether the regulation on its face or as applied falls outside that grant of power to the state and instead impermissibly dictates electoral outcomes, favors candidates, or evades important constitutional constraints. Cook v. Gralike, 531 U.S. 510, 523 (2001).

In this case, the clerk's practice of adhering to N.J.S.A. 19:49-2 is done pursuant to the State's important interest in regulating elections, particularly with regard to the arrangement of ballots in an orderly fashion that respects candidate's associational rights. The placement of candidate's on the ballot does not rise to the level of a constitutional injury so long as they are on the ballot, as the potential for being placed on a less preferred area of the ballot is inherent in the process particularly where ballot placement is oftentimes determined by "the luck of the

draw." Schundler v. Donovan, 377 N.J. Super. at 349; Democratic-Republican Org. of New Jersey v. Guadagno, 900 F. Supp. 2d 447, 456 (D.N.J.), aff'd, 700 F.3d 130 (3d Cir. 2012) (stating that "placement is surely a less important aspect of voting rights than access.")

Further, again, with regard to these Plaintiffs, they have diminished claims against the Middlesex County Clerk as their placement on the ballot in Middlesex County is either irrelevant, or in the case of Plaintiff Kim, he will be accorded the same "luck of the draw" chance as all other Senate Primary candidates. Altogether, Plaintiffs have not demonstrated a reasonable probability of success on the merits against the Middlesex County Clerk.

C.     **If Injunctive Relief Is Granted, There Will Be Greater Harm to the Middlesex County Clerk and Other Non-Parties.**

As demonstrated above, Plaintiffs requested relief seeks to overturn the New Jersey Legislature's statutorily expressed interests in organizing ballots in a manageable and understandable order, infringe upon the clerk's broad discretion in fashioning a manageable and easily understandable ballot, and affect other candidate's rights to associate. What's more, is that Plaintiffs' requested relief with regard to the Middlesex County Clerk comes with regard to a ballot to which two of the Plaintiffs are not even be present. The one remaining Plaintiff who will be on the Middlesex ballot will be listed in the first row or column with the placement

determined by chance weighted equally with all other candidates. On the other hand, the Plaintiffs' requested relief will infringe upon the associational rights of other candidates, and infringe upon New Jersey public policy as expressed through N.J.S.A. 19:49-2 and the discretion accorded county clerks in designing ballots. In sum, the balance of hardships weigh heavily in favor of not granting such relief.

Moreover, the timing of Plaintiffs' complaint is also concerning and should factor into the harm to the non-moving parties. Per Federal Elections Commission filings, Plaintiff Kim filed as a candidate for Senate since September 25, 2023. See Federal Elections Commission website, available at https://docquery.fec.gov/cgi-bin/forms/C00648220/1726789. Despite undertaking the early stages of his candidacy in September of 2023, Defendant Kim did not file this matter until five months later at the end of February, 2024. Insofar as Plaintiffs in this matter seek equitable relief, it is worthwhile referencing the doctrine of laches which has been used to bar relief when there is "inexcusable delay in instituting suit, and prejudice resulting to the defendant from such delay." United States v. One Toshiba Color Television, 213 F.3d 147, 157 (3d Cir. 2000). While that doctrine is usually inapplicable when suit is filed within the statutory period, it is worthwhile referencing with regard to the balance of the hardships. Id. at 158. In this case, given the Plaintiffs' delay in seeking equitable relief, it is anticipated that even despite the Court's expedited hearing schedule, the outcome of the request for

preliminary injunctive relief will not be determined until April 5th or 6th, the deadline to prepare the primary election ballot for printing. N.J.S.A. 19:14-1. In other contexts, denial of the right to meaningful appellate review has been deemed a constitutional violation. See generally Douglas v. People of State of Cal., 372 U.S. 353, 355, 83 S. Ct. 814, 815, 9 L. Ed. 2d 811 (1963). In this case, given Plaintiffs' delay in filing, should an Order issue, the clerks will be faced with the unenviable Hobson's choice of either seeking appellate review, or complying with the statutorily imposed deadlines designed to ensure that voters have an opportunity to cast their ballots, particularly Mail-in Ballots. Moreover, Plaintiffs delay in filing after they had months to secure expert testimony prejudices defendants who have been denied a meaningful opportunity to obtain expert testimony of their own. Altogether, Plaintiffs' months-long delay in filing the instant matter should be considered in weighing the hardships to the parties.

[add Deborah]

### D.     **Granting Plaintiffs' Injunctive Relief Will Not Be In the Public Interest.**

Finally, granting Plaintiffs' request for preliminary injunctive relief is not in the public's interest as it will disturb New Jersey public policy with regard to the design of ballots and infringe upon the clerk's discretion in preparing a manageable and understandable ballot.

First, in passing <u>N.J.S.A.</u> 19:49-2, New Jersey's Legislature favored a system in which candidates can advance their shared beliefs by filing a joint petition and bracketing and associating with one another.   In doing so, they were able to communicate to voters those candidates who share such goals and principles simplifying and aiding in voters' decision making process. While Plaintiffs certainly would prefer a ballot where each candidate runs separately to assert that candidate's individual merit, that is a matter left for the Legislature particularly when Plaintiffs' have failed to demonstrate a violation of their Constitutional rights. As the Supreme Court has recognized, when

> "Congress has neither invaded a substantive constitutional right or freedom, nor enacted legislation that purposefully operates to the detriment of a suspect class, the only requirement of equal protection is that congressional action be rationally related to a legitimate governmental interest. . . It is not the mission of this Court or any other to decide whether the balance of competing interests [] is wise social policy. If that were our mission, not every Justice who has subscribed to the judgment of the Court today could have done so. But we cannot, in the name of the Constitution, overturn duly enacted statutes simply "because they may be unwise, improvident, or out of harmony with a particular school of thought." Rather, "when an issue involves policy choices as sensitive as those implicated here . . . , the appropriate forum for their resolution in a democracy is the legislature."

> <u>Harris v. McRae</u>, 448 U.S. 297, 326, 100 S. Ct. 2671, 2693, 65 L. Ed. 2d 784 (1980) (internal citations omitted).

Lastly, the Plaintiffs requested relief significant precludes County Clerk's from exercising the discretion accorded to them under New Jersey law to fashion an understandable and manageable ballot. Specifically, Plaintiffs seek to preclude

clerks from preparing ballots, amongst other things, 1) designed by columns or rows…; 2) with "incongruous separation" from other candidates 3)) precluding the placement of candidates underneath other candidates running for the same office; 4) and requiring a ballot draw for each office sought, even for more localized offices such a County Committee which in Middlesex County alone would require a draw for all 615 districts within the County, which would be unwieldy potentially requiring ballot draws for thousands of candidates across the ballot. See Braga Cert. at ¶7-10.

As the Appellate Division of the Superior Court of New Jersey has recognized, it is beyond judicial expertise to require "any particular method of ballot construction" and that "judicial officers on any such review should not substitute their judgment for the reasonable decisions of the public officers in whom the Legislature has reposed the authority and duty to administer the electoral process" which as it relates to ballot design, resides with the county clerks. Plaintiffs' requested relief in seeking to have this Court supervise ballot spacing and design seeks to usurp the role of the county clerks. Schundler v. Donovan, 377 N.J. Super. 339, 349–50 (App. Div.), aff'd, 183 N.J. 383 (2005).

## <u>CONCLUSION</u>

Based on the foregoing reasons, the Middlesex County Clerk respectfully requests that Plaintiffs' request for preliminary injunctive relief against Middlesex County be denied.

Respectfully submitted,

BY:  _____

Michael S. Williams, Esq.
Deputy County Counsel
**THOMAS F. KELSO, ESQ.**
Middlesex County Counsel
Middlesex County Administration Bldg.
75 Bayard Street, 2nd Floor
New Brunswick, NJ  08901