Joseph J. Bell, Esq.  (016881985)
Bell, Shivas & Bell, P.C.
150 Mineral Springs Drive
P.O. Box 220
Rockaway, NJ 07866
Attorneys for Defendant, Holly Mackey, Warren County Clerk

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDY KIM, in his personal capacity as a candidate for U.S. Senate, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, et al., <br><br> Defendants. | Case No.:  3:24-cv-01098-ZNQ-TJB |

## BRIEF ON BEHALF OF DEFENDANT, HOLLY MACKEY, IN HER OFFICIAL CAPACITY AS WARREN COUNTY CLERK, IN RESPONSE TO PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF

On the Brief:

Joseph J. Bell, Esq.

i

## TABLE OF CONTENTS

1.  **TABLE OF CONTENTS**                                                    **i**

2.  **TABLE OF AUTHORITIES**                                                **ii**

3.  **INTRODUCTION**                                                          **1**

4.  **STATEMENT OF FACTS AND PROCEDURAL HISTORY**              **3**

5.  **LEGAL ARGUMENT**                                                        **8**

   **I.  POINT I**

   **PLAINTIFFS' REQUESTED RELIEF VIOLATES THE**              **8**
   **STATUTORY AND CONSTITUTIONAL RIGHTS OF ALL**
   **OTHER CANDIDATES AND POLITICAL ORGANIZATIONS.**

   **II. POINT II**

   **THE COUNTY CLERK'S DUTIES REQUIRE COMPLIANCE**        **10**
   **WITH APPLICABLE STATUTORY PROVISIONS AND**
   **CONSTITUTIONAL RIGHTS.**

   **III.  POINT III**

   **THE COUNTY CLERK'S DUTIES REQUIRE COMPLIANCE**        **12**
   **WITH APPLICABLE BALLOT DESIGN DEADLINES.**

6.  **CONCLUSION**                                                           **14**

## TABLE OF AUTHORITIES

**CASES CITED:**                                                                    **PAGES**

Andrews v. Rajoppi, 2008 WL 1869869 ………….........................                     9, 10
(App. Div. Apr. 28, 2008), certif. denied, 195 N.J. 518 (2008)

Eu v. San Francisco County Democratic Central Comm., ………........                      9
489 U.S. 214, 109 S. Ct. 1013, 103 L. Ed.2d 271 (1989)

Farrington v. Falcey, 96 N.J. Super. 409, 414 (App. Div. 1967) ……..                    12

Schundler v. Donovan, 377 N.J. Super. 339 (App. Div. 2005), ………                       9, 10
aff'd, 183 N.J. 383 (2005)

Tashjian v. Republican Party of Connecticut, 479 U.S. 208, …………                        9
107 S. Ct. 544, 93 L. Ed.2d 514 (1986)

Warren County Democratic Committee, et al. v. Patricia Kolb, et al.,                   4, 5, 7,
Docket No. WRN-L-000120-17 (Law Div. 2018) ("Kolb Matter")                             11, 12

**STATUTES CITED:**                                                                 **PAGES**

N.J.S.A. 19:14-1 ……………………………………………..                                                     13

N.J.S.A. 19:23-26.1 …………………………………………….                                                 9, 10, 11

N.J.S.A. 19:49-2 …………………………………………….....                                                4, 9, 10,
                                                                                       11

## INTRODUCTION

The instant matter arises out of an emergent application of Plaintiffs for injunctive relief with respect to a constitutional challenge to bracketing and ballot placement and position systems in advance of the State of New Jersey 2024 Primary Election. Plaintiffs include Andy Kim, a candidate for the United States Senate, and candidates for the United States House of Representatives, Carolyn Rush and Sarah Schoengood, and organizations advocating for their respective campaigns ("Plaintiffs"). Plaintiffs have raised a constitutional challenge and are seeking injunctive relief with respect to ballot positioning and placement which would appear to ensure that candidates who exercise bracketing rights do not have any perceived advantages over other candidates seeking the same offices.

Plaintiffs' Complaint names all County Clerks within the State of New Jersey as Defendants or Interested Parties in this action. The County Clerk for the County of Warren, Holly Mackey, has been named as a Defendant in her official capacity as County Clerk ("Defendant" or "County Clerk"). Plaintiffs' Complaint asserts violations of the First and Fourteenth Amendments of the United States Constitution and Elections Clauses on the basis that candidates for the same office within a major political party's primary election are not treated in a similar manner. Plaintiffs argue that candidates who are able to exercise bracketing rights or obtain endorsement from a county organization and thus are placed on the ballot under a county

1

organizational line benefit from positioning that ends up being more favorable than other candidates.

The County of Warren, through the County Clerk, evaluates this case from previous experience with respect to litigation involving bracketing. The County was involved in litigation in 2017 arising out of its then-current election and ballot software system's inability to render a ballot which would allow for bracketing where there were blank spots on the ballot and draw of position of the office for Governor. In that case, the Superior Court of New Jersey found that the technical inability to render such a ballot violated the candidates' bracketing rights even though such candidates prevailed in the 2017 Primary Election. Accordingly, the County Clerk is bound under current New Jersey statutory and case law to abide by bracketing wishes of candidates seeking office in the Primary Election. Plaintiffs' proposed relief runs contrary to established New Jersey state law and the associational rights of candidates seeking to exercise bracketing rights in the Primary Election, where bracketing rights are recognized, and could cause the County of Warren to violate current law and a Superior Court Order. Therefore, the County Clerk respectfully requests that any remedy balances recognized rights of candidates and voters and duties of the Office of County Clerk, be clear that such relief is being required by the Court, and ensures that County Clerks, including the Warren County Clerk, not be subject to any legal liability as the result of implementing any relief in

2

the event that the Court's balancing of interests results in any granting of relief in favor of Plaintiffs.  Lastly, the County Clerk also respectfully requests that any decision be made with sufficient time for ballot design in order to comply with statutory deadlines governing the Primary Election.  Given the relative interests of parties and legal requirements regarding ballot design and bracketing, the County Clerk is not in a position to support Plaintiffs' application.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

This matter arises out of a Verified Complaint and a Motion for Preliminary Injunction filed by Plaintiffs on February 26, 2024 in connection with the arrangement and production of ballots for the 2024 State of New Jersey Primary Election scheduled for June 4, 2024 ("Primary Election").  (ECF No. 1, Plaintiffs' Complaint ¶¶ 1-227; ECF No. 5, Motion for Injunctive Relief).  Plaintiffs include Andy Kim, a candidate for the United States Senate, and candidates for the United States House of Representatives, Carolyn Rush and Sarah Schoengood, and respective campaign organizations.  (ECF No. 1, Plaintiffs' Complaint ¶¶ 24-29). Nineteen (19) of the twenty-one (21) County Clerks in the State of New Jersey have been named as Defendants in their official capacities, while the Secretary of State for the State of New Jersey and the County Clerks for Salem and Sussex Counties have been named as Interested Parties.  (ECF No. 1, Plaintiffs' Complaint ¶¶ 28-52). Plaintiffs' Complaint asserts that New Jersey's system of ballot placement and

3

positioning in the Primary Election are unconstitutional.  (ECF No. 1, Plaintiffs'
Complaint ¶¶ 1, 16-17, 53-227).  Plaintiffs seek injunctive relief which would result
in county line and bracketed candidates not having any advantage over other
candidates.  Such relief would include a preliminary injunction against County
Clerks making use of any ballot design which Plaintiffs would assert to be
unconstitutional, and thereby require the use of an office-block ballot layout (also
known as a "bubble ballot").  (ECF No. 1, Plaintiffs' Complaint ¶¶ 16-17; ECF No.
5, Motion for Injunctive Relief).

Defendant Holly Mackey, in her official duty, is the Clerk of the County of
Warren ("Defendant" or "County Clerk"), having served as County Clerk since
2018, whose statutory duties and obligations include election-related functions, such
as responsibility for ballot design of Primary and General Election ballots utilized
within the County of Warren ("Warren County" or "County") and that ballot design
complies with applicable New Jersey statutes and case law precedent.  Such
applicable controlling law includes the right of bracketing which may be exercised
by candidates pursuant to N.J.S.A. 19:49-2 and the case of Warren County
Democratic Committee, et al. v. Patricia Kolb, et al., Docket No. WRN-L-000120-
17 (Law Div. 2018) ("Kolb Matter"), which was filed in April 2017 in the Superior
Court of New Jersey, Law Division, Somerset County.  (Defendant's Certification

¶¶ 1-3, 15; Counsel Certification ¶¶ 1-5, Exhibit "A", December 22, 2017 Court Order and Opinion in "Kolb Matter").

The Kolb Matter was filed ahead of the 2017 State of New Jersey Primary Election as a result of technical difficulties which prevented the County's then-current election and ballot software system from being able to provide for the exercise of bracketing rights where there were blank spots on the ballot based on the number of candidates running for various offices. The technical difficulties resulted in the County designing a Primary Election ballot layout containing features consistent with a bubble ballot. (Defendant's Certification ¶¶ 3-4; Counsel Certification ¶¶ 1-5, Exhibit "A", December 22, 2017 Court Order and Opinion in "Kolb Matter").

Plaintiffs Warren County Democratic Committee and Iris Perrot prevailed in the Kolb Matter litigation, where in December 2017 the Court found that they were entitled to relief with respect to the ballot design. The Court also awarded attorney's fees to Plaintiffs in 2018. Since that time, the Cunty Clerk's understanding of the result of the litigation is that Warren County is bound by the Court Order and requirement to accommodate requests for bracketing whenever requested by candidates for elective office. (Defendant's Certification ¶ 5; Counsel Certification ¶¶ 1-5, Exhibit "A", December 22, 2017 Court Order and Opinion in "Kolb Matter"). In 2018, after Defendant became County Clerk, she was advised for the first time

that the election and ballot software system could provide technical modifications for the ballot design which would enable bracketing under the circumstances requested by Plaintiffs in the preceding litigation.  (Defendant's Certification ¶ 6).

In 2019 the County of Warren began to utilize its current system, which has the ability to technically allow a ballot design which is either based on a bubble ballot, or bracketing of candidates, including the use of a county organizational line ("organizational line") at the request of a county or local political party organization. Paper ballots utilized in 2018 and 2019 included a bubble ballot design.  By way of contrast, in 2020 paper and electronic ballots for the General Election were matched to include bracketing.  (Defendant's Certification ¶ 7).

The County can currently design a ballot that either contains bracketing or a bubble ballot, which could include the use of a common slogan by groups of candidates at the request of candidates and/or county or local political party organization.  However, the intrinsic properties associated with bracketing lines and bubble ballot layout are such that it is not possible for a ballot to be designed which simultaneously comply with the functional elements of both formats while also avoiding voter confusion if there are several offices and sufficiently significant numbers of candidates for at least one (1) office on the ballot, and at least two (2) different requested bracketing groups, especially if the different groupings and offices do not exactly correspond.  (Defendant's Certification ¶ 8).

The nature of Plaintiffs' requested relief effectively places the County in a virtually impossible position. If the County designs a ballot according to the wishes of Plaintiffs, Warren County could be subject to litigation by current candidates for elective office or other parties for violating the contours of bracketing rights and legal requirements set forth in the Kolb Matter. The County was presented with such a possibility in 2020 based on the Warren County Democratic Committee's wish to make use of bracketing for the 2020 General Election, which required that the County utilize a ballot design which included bracketing. (Defendant's Certification ¶ 9).

As a result of the Court's ruling in the Kolb Matter, as well as the First Amendment associational rights afforded by bracketing, the County is compelled to design ballots with bracketing, and if sought, organizational lines, whenever such requests are made. This condition is effective unless and until another Court decision requires that the County design a ballot with a bubble layout and/or other form of relief. Any action by the County in designing a ballot contrary to requests for bracketing and/or organizational lines would technically violate State law and a prior Court ruling. (Defendant's Certification ¶¶ 10-11).

The additional remaining issue of concern relates to the early April statutory deadlines associated with ballot design and mailing. Ballots for the 2024 State of New Jersey Primary Election must be locked down, finalized, and sent off for

printing no later than April 6.  (Defendant's Certification ¶¶ 12, 14).  It takes some time for the information relating to the candidates and offices to be compiled into a compliant and functional ballot design, which then need to be printed by the thousands, assembled, and mailed for the purposes of mail-in, overseas, military, and absentee ballots.  (Defendant's Certification ¶ 13).  Such input will by definition be unavailable until such time that the Court is able to rule on Plaintiffs' present application.  (Defendant's Certification ¶ 14).

On February 27, 2024, the Court conducted a case management and scheduling conference.  Defendant County Clerk now files the instant response pursuant to the Court's scheduling in this matter.

## LEGAL ARGUMENT
### POINT I
### PLAINTIFFS' REQUESTED RELIEF VIOLATES THE STATUTORY AND CONSTITUTIONAL RIGHTS OF ALL OTHER CANDIDATES AND POLITICAL ORGANIZATIONS.

Plaintiffs' underlying requested substantive relief with respect to the layout of ballots for the 2024 State of New Jersey Primary Election is problematic in that it is contrary to the recognized constitutional and statutory rights of candidates to associate.  It is clear that the law recognizes the associational right of bracketing by candidates for elective office and prescribes requirements for the production of primary election ballots.  Even where such recognized rights and requirements are not absolute, they are of paramount concern.

It is clear that New Jersey election law statutes provide for the availability of bracketing by candidates seeking to exercise their First Amendment associational rights on the ballot, as set forth in N.J.S.A. 19:49-2, as well as the contiguous primary ballot placement of candidates for the Office of Governor or United States Senator, as set forth at N.J.S.A. 19:23-26.1.  The exercise of fundamental First Amendment rights such as these are not absolute and may be subject to regulations which safeguard the electoral process.  See, e.g., Schundler v. Donovan, 377 N.J. Super. 339, 347 (App. Div. 2005), aff'd, 183 N.J. 383 (2005), citing Tashjian v. Republican Party of Connecticut, 479 U.S. 208, 217-218, 107 S. Ct. 544, 93 L. Ed.2d 514 (1986). Fundamental rights are subject to limitation if a sufficiently compelling public interest is present, and with respect to elections the test for whether a compelling public interest exists "is whether 'the regulation … is necessary to the integrity of the electoral process.'"  Schundler at 347, quoting Eu v. San Francisco County Democratic Central Comm., 489 U.S. 214, 222, 233, 288, 109 S. Ct. 1013, 103 L. Ed.2d 271 (1989).  This principle will be applied with respect to the constraints of ballot arrangement.  The linchpin of the legislative scheme for electoral purposes is that to the extent physical constraints allow, there should be "equality of treatment among candidates for the same office."  Schundler at 347-348.  Such interests will also factor in bracketing rights and any statutorily-required separate line, such as for Governor or United States Senator.  See N.J.S.A. 19:49-2; 19:23-26.1; Andrews v.

9

Rajoppi, 2008 WL 1869869, at *2 (App. Div. Apr. 28, 2008), certif. denied, 195 N.J. 518 (2008) (finding that an "L"-shaped listing of three (3) candidates for Senate violated requirements set forth in N.J.S.A. 19:23-26.1, in part due to greater availability of space on ballot). The approaches used by the Appellate Division in Schundler and Andrews displayed an awareness and application of specific factual circumstances to the controlling law.

In the present case, Plaintiffs' proposed ultimate relief would violate bracketing and associational rights of various candidates for office in the 2024 Primary Election. (Defendant's Certification ¶¶ 9-10). These recognized rights and requirements do not permit the County Clerk to design a ballot according to the relief sought by Plaintiffs in their Verified Complaint and Motion for Injunctive Relief.

## POINT II
## THE COUNTY CLERK'S DUTIES REQUIRE COMPLIANCE WITH APPLICABLE STATUTORY PROVISIONS AND CONSTITUTIONAL RIGHTS.

Plaintiffs' underlying requested substantive relief with respect to the layout of ballots for the 2024 State of New Jersey Primary Election is also problematic in relation to the duties of the County Clerk. All County Clerks within the State of New Jersey are duty bound to comply with applicable statutory and constitutional provisions that govern election law, including N.J.S.A. 19:49-2. Such duties include the design of ballots for use in Primary Elections. Any contrary actions taken may violate the duties of the County Clerk.

10

The statutory duties and obligations of the County Clerk, an office established pursuant to the New Jersey Constitution of 1947, include election-related functions, such as responsibility for ballot design of Primary and General Election in a manner that complies with applicable New Jersey statutes and case law precedent. Governing authority includes the separate line for the offices of Governor and United States Senator pursuant to N.J.S.A. 19:23-26.1 and the right of bracketing which may be exercised by candidates pursuant to N.J.S.A. 19:49-2. (Defendant's Certification ¶¶ 1-3). The failure or inability of the County Clerk to follow such duties, even where the problem may be of a technical or technological nature relating to bracketing rights, may still result in litigation and the potential for liability on the part of a County Clerk and/or County. The County Clerk in this matter understands the need to accommodate requests for bracketing whenever requested by candidates for elective office. (Defendant's Certification ¶¶ 3-7; Counsel Certification ¶¶ 1-5, Exhibit "A", December 22, 2017 Court Order and Opinion in "Kolb Matter").

These duties also mitigate heavily in favor of ballot design which facilitate ease of use by voters and to reduce or eliminate the potential for voter confusion. Although the County Clerk presently is able to design a ballot which contains bracketing or a bubble or block ballot, the properties associated with each format make it impossible for the County clerk to design a ballot which would comply with both formats while avoiding voter confusion. (Defendant's Certification ¶ 8).

11

Indeed, optimizing the utility of a ballot for the voter is of paramount significance. See Farrington v. Falcey, 96 N.J. Super. 409, 414 (App. Div. 1967) (legislative policy for ballot design to favor voters' ability to find their candidates with the least amount of difficulty that the ballot will permit).

The nature of the relief requested by Plaintiffs violates County Clerk duties and places the County in a virtually impossible position. A ballot designed according to the wishes of Plaintiffs and in violation of bracketing rights would expose the County and County Clerk to litigation akin to the Kolb Matter in 2017. (Defendant's Certification ¶ 9). The County Clerk's duties include designing ballots with bracketing, and if sought, organizational lines, whenever such requests are made. This condition is the present state of the law, as noted in the Kolb Matter. (Defendant's Certification ¶¶ 10-11). These recognized duties do not permit the County Clerk to design a ballot according to the relief sought by Plaintiffs in their Verified Complaint and Motion for Injunctive Relief.

## POINT III
## THE COUNTY CLERK'S DUTIES REQUIRE COMPLIANCE WITH APPLICABLE BALLOT DESIGN DEADLINES.

Plaintiffs' underlying requested substantive relief with respect to the layout of ballots for the 2024 State of New Jersey Primary Election is also problematic in relation to the timing of ballot design and preparation. All County Clerks within the

State of New Jersey are duty bound to comply with applicable statutory deadlines governing ballot design and preparations for use in Primary Elections.

Title 19 of New Jersey Statutes Annotated sets forth deadlines for the design of ballots for use in Primary Elections. Preparation must be completed in early April for ballots which are to be utilized in a Primary Election. See N.J.S.A. 19:14-1. The Warren County Clerk is concerned with the early April deadlines associated with ballot design and mailing. Ballots for the 2024 State of New Jersey Primary Election must be locked down, finalized, and sent off for printing no later than April 6. (Defendant's Certification ¶ 12). It takes some time for the information relating to the candidates and offices to be compiled into a compliant and functional ballot design by the County Clerk and staff. Once such ballot design is complete, the ballot design would then be transmitted to the printer for printing. Thousands of ballots need to be assembled and mailed for the purposes of mail-in, overseas, military, and absentee ballots. All such activities are governed by applicable deadlines in order for the Primary Election process to be able to successfully function. (Defendant's Certification ¶ 13).

The input needed for design and printing of ballots will by definition be unavailable until the Court is able to rule on Plaintiffs' present application, including the Motion for Injunctive Relief. Accordingly, the County respectfully requests that any decision be made with sufficient time for the County Clerk's Office to be able

to fulfill its duties and meet all applicable statutory deadlines. (Defendant's Certification ¶ 14). The timing of this litigation presents a significant problem with the County Clerk being able to comply with statutory deadlines and perform her official duties. Papers by additional named Defendants have highlighted these concerns, including the legal issues relating to ballot placement having been known or available to Plaintiffs prior to the timing of the actual filing date. Accordingly, the County Clerk is not able to accommodate or support such proposed relief in light of the above-referenced statutory and constitutional rights and requirements, Including as to the ballot design deadline.

## **CONCLUSION**

As set forth above, the proposed relief requested by Plaintiffs in their Verified Complaint and Motion for Injunctive Relief run contrary to the statutory and constitutional rights of other parties and candidates for elective political office in the 2024 State of New Jersey Primary Election. Such requested relief also runs contrary to the duties of the County Clerk and applicable ballot design deadlines under current New Jersey law. The County Clerk is obligated to carry out her official duties under New Jersey law, which require the recognition of bracketing and associational rights of candidates seeking elective office.

Respectfully submitted,

**BELL, SHIVAS & BELL, PC**
Attorneys for Defendant,
Holly Mackey, Warren County Clerk


_/s/_ Joseph J, Bell Esq.
Joseph J. Bell, Esq.

DATED: March 6, 2024