Joseph J. Bell, Esq. (016881985)
Bell, Shivas & Bell, P.C.
150 Mineral Springs Drive
P.O. Box 220
Rockaway, NJ 07866
Attorneys for Defendant, Holly Mackey, Warren County Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDY KIM, in his personal capacity as a candidate for U.S. Senate, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, et al.,<br><br>Defendants. | Case No.: 3:24-cv-01098-ZNQ-TJB<br><br>**CERTIFICATION OF HOLLY MACKEY, WARREN COUNTY CLERK** |

I, Holly Mackey, being of full age, hereby certify as follows:

1. I am the duly-elected County Clerk for the County of Warren ("County" or "Warren County"). I have served in this capacity since 2018. I make this Certification in support of the Brief submitted in response to the Complaint filed by Plaintiffs in the above-captioned matter. I have personal knowledge of the facts set forth herein.

2. My duties as County Clerk include responsibility for ballot designs for ballots utilized within the County of Warren for State of New Jersey Primary and General Elections. As part of these duties, I am responsible for ensuring that the design of such ballots complies with applicable New Jersey statutes and case law precedent.

3. Such applicable controlling law includes the right of bracketing which may be exercised by candidates pursuant to N.J.S.A. 19:49-2 and the case of Warren County Democratic Committee, et al. v. Patricia Kolb, et al., Docket No. WRN-L-000120-17, which was filed in Somerset County and decided in 2018.

4. The case of Warren County Democratic Committee, et al. v. Patricia Kolb, et al. ("Kolb Matter"), was filed in April 2017 in the Superior Court of New Jersey, Law Division, Somerset County. The Kolb Matter was filed ahead of the 2017 State of New Jersey Primary Election after Iris Perrot, a Democratic Party candidate for the office of County Clerk, requested bracketing with a candidate for Governor who ultimately drew the third or fourth column from the left. Ms. Perrot was the only Democratic Party candidate for County Clerk, and at the time, the Avante software system being utilized by the County of Warren did not possess the capability to include blank spots on a ballot, rendering bracketing technically impossible. The technical difficulties resulted in the County designing a Primary Election ballot layout containing features consistent with a bubble ballot.

5. Plaintiffs prevailed in the litigation, where in December 2017 the Court found that they were entitled to relief with respect to the ballot design. The Court also awarded attorney's fees to Plaintiffs in 2018. Since that time, my understanding of the result of the litigation is that the County of Warren is bound by the Court Order and requirement to accommodate requests for bracketing whenever requested by candidates for elective office.

6. In 2018, after becoming County Clerk, I was advised for the first time that Avante could provide technical modifications for the ballot design which would enable bracketing under the circumstances requested by Plaintiffs in the preceding litigation.

7. Following use of the Avante system, in 2019 the County of Warren began to utilize its current system, which is provided by the election machine / system company, ES&S. The ES&S system has the ability to technically allow a ballot design which is either based on a bubble ballot, a design referenced by Plaintiffs in their Complaint, or bracketing of candidates, including the use of a county organizational line ("organizational line") at the request of a county or local political party organization. In other words, the ES&S system can handle any style of ballot that I need it to. For example, paper ballots utilized in 2018 and 2019 included a bubble ballot design. By way of contrast, in 2020 the Warren County

Democratic Committee wished to make use of bracketing, and the paper and electronic ballots for the General Election were matched to include bracketing.

8. As of March 2024, the practical effect is that the County of Warren can design a ballot that either contains bracketing, which may or may not include an organizational line, or a bubble ballot, which could include the use of a common slogan by groups of candidates at the request of candidates and/or county or local political party organization. The use of a common slogan by candidates whose names are contained in separate bubbles corresponding to office sought would act as the equivalent of bracketing in a bubble ballot format. However, the intrinsic properties associated with bracketing lines and bubble ballot layout are such that it is not possible for a ballot to be designed which simultaneously comply with the functional elements of both design formats while also avoiding voter confusion in cases where there are several offices and sufficiently significant numbers of candidates for at least one (1) office on the ballot, and at least two (2) different requested bracketing groups, especially if the different groupings do not exactly correspond to the same offices sought by bracketing candidates.

9. The nature of the relief requested by Plaintiff effectively places the County of Warren in a virtually impossible position. If the County designs a ballot according to the wishes of Plaintiffs, Warren County could now conceivably be subject to litigation by the Warren County Democratic Committee, another county

or local political party organization, or current candidates for elective office for violating the contours of the ruling and legal requirements set forth in the Kolb Matter in 2017. Any such party would have the right to litigate in support of bracketing associational rights. Indeed, the County was presented with the possibility of litigation as the result of the Warren County Democratic Committee's wish to make use of bracketing in connection with the 2020 General Election. The potential for litigation in 2020 was averted by the County utilizing a ballot design which included the use of bracketing.

10. As a result of the Court's ruling in the Kolb Matter, as well as the First Amendment associational rights afforded by bracketing, the County is compelled to design ballots with bracketing, and if sought, organizational lines, whenever such requests are made. This condition is effective unless and until another Court decision requires that the County design a ballot with a bubble layout and/or other form of relief as described in Plaintiffs' Complaint and application for injunctive relief.

11. In sum, any action by the County in designing a ballot contrary to requests for bracketing and/or organizational lines would technically violate State law and a prior Court ruling. The State Superior Court Judge in the Kolb Matter ruled in favor of bracketing rights, which the County understands to be the operative

requirement until such time that another or superseding authority rules or legislates otherwise.

12. The additional remaining issue of concern to me as County Clerk relates to the early April deadlines associated with ballot design and mailing. Ballots for the 2024 State of New Jersey Primary Election must be locked down, finalized, and sent off for printing no later than April 6.

13. It takes some time for the information relating to the candidates and offices to be compiled into a compliant and functional ballot design, which would then be transmitted to the printer for printing. Thousands of ballots need to be assembled and mailed for the purposes of mail-in, overseas, military, and absentee ballots.

14. The input needed for design and printing of ballots will by definition be unavailable until such time that the Court is able to rule on Plaintiffs' present application. Accordingly, the County respectfully requests that any decision be made with sufficient time for the County Clerk's Office to be able to fulfill its duties and meet all applicable statutory deadlines.

15. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By:_____
    Holly Mackey

Dated: March 5, 2024

Dated: March 5, 2024

By: _____
Holly Mackey