UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDY KIM, et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>CHRISTINE GIORDANO HANLON,<br>in her capacity as Monmouth County<br>Clerk, et al.,<br><br>    *Defendants*. | Civil Action No.: 3:24-cv-01098 |

## <u>CERTIFICATION OF LIZA WEISBERG IN SUPPORT OF MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF</u>

I, Liza Weisberg, certify as follows:

1.   I am an attorney admitted to practice law in the United States District Court for the District of New Jersey.  I am employed as a Staff Attorney at the American Civil Liberties Union of New Jersey Foundation, the legal arm of the American Civil Liberties Union of New Jersey ("ACLU-NJ").

2.   I make this certification in support of the motion of the ACLU-NJ for leave to file a brief in the above-captioned matter as *amicus curiae*. I have personal knowledge of the facts set forth herein.

3.   For over 60 years, the ACLU-NJ has defended liberty and justice guided by the vision of a fair and equitable New Jersey for all. Our mission is to

1

preserve, advance, and extend the individual rights and liberties guaranteed to every New Jerseyan by the State and Federal Constitutions in courts, in legislative bodies, and in our communities.

4. Founded in 1960 and based in Newark, the ACLU-NJ is a non-partisan organization that operates on several fronts – legal, political, cultural – to bring about systemic change and build a more equitable society. The ACLU-NJ has approximately 41,000 members and tens of thousands of additional supporters in New Jersey and is the state affiliate of the American Civil Liberties Union, which was founded in 1920 for identical purposes, and is composed of more than 1,750,000 members and supporters nationwide.

5. In this matter, the ACLU-NJ seeks to file an *amicus curiae* brief concerning constitutional free speech and voting rights guarantees—areas of law in which the ACLU-NJ has substantial expertise.

6. The ACLU-NJ has participated in a wide variety of cases, directly representing parties or in an *amicus curiae* capacity, involving election law and voting rights issues. *See, e.g.*, *Correa v. Grossi*, 458 N.J. Super. 571 (App. Div. 2019); *Save Camden Pub. Sch. v. Camden City Bd. of Educ.*, 454 N.J. Super. 478 (App. Div. 2018); *Rutgers Univ. Student Assembly v. Middlesex Cnty. Bd. of Elections*, 446 N.J. Super. 221 (App. Div. 2016); *Tumpson v. Farina*, 218 N.J. 450 (2014); *In re State Bd. of Educ.'s Denial of Petition to Adopt Reguls. Implementing*

*N.J. High Sch. Voter Registration Law*, 422 N.J. Super. 521 (App. Div. 2011); *In re November 2, 2010 Gen. Election for Off. of Mayor in Borough of S. Amboy, Middlesex Cnty.*, 423 N.J. Super. 190 (App. Div. 2011); *N.J. State Conference-NAACP v. Harvey*, 381 N.J. Super. 155 (App. Div. 2005); *Petition of Byron*, 170 N.J. Super. 410 (App. Div. 1979).

7. The ACLU-NJ is also a frequent litigant and friend of the court in cases involving freedom of expression and the First Amendment. *See, e.g., ACLU of N.J. v. Grewal*, No. 3:19-cv-17807 (D.N.J. Mar. 11, 2020); *W.J.A. v. D.A.*, 210 N.J. 229 (2012); *State v. DeAngelo*, 197 N.J. 478 (2009); *Salzano v. North Jersey Media Group*, 201 N.J. 500 (2008); *In re Att'y Gen.'s "Directive on Exit Polling: Media & Non-Partisan Pub. Int. Grps.,"* 200 N.J. 283 (2009); *Tarus v. Borough of Pine Hill*, 189 N.J. 497 (2007); *Comm. for a Better Twin Rivers v. Twin Rivers Homeowners Ass'n*, 192 N.J. 344 (2007).

8. The ACLU-NJ has a track record of helping to inform the resolution of cases before this Court as *amicus curiae.* For example, the Court's published opinion in *County of Ocean v. Grewal* includes several references to the ACLU-NJ's *amicus* brief and the issues elucidated therein. 475 F. Supp. 3d 355, 363 n. 5, 365 n. 6, 381 (D.N.J. 2020), *aff'd sub nom. Ocean Cnty. Bd. of Commissioners v. Attorney Gen. of State of New Jersey*, 8 F.4th 176 (3d Cir. 2021); *see also Holland v. Rosen*, 277 F. Supp. 3d 707, 724 (D.N.J. 2017), *aff'd*, 895 F.3d 272 (3d Cir.

2018); *Islamic Soc'y of Basking Ridge v. Twp. of Bernards*, 226 F. Supp. 3d 320, 340 (D.N.J. 2016); *O.T. ex rel. Turton v. Frenchtown Elementary Sch. Dist. Bd of Educ.*, 465 F. Supp. 2d 369, 371 (D.N.J. 2006); *Kreimer v. Bureau of Police for Town of Morristown*, 765 F. Supp. 181, 183 (D.N.J. 1991), *rev'd,* 958 F.2d 1242 (3d Cir. 1992).

9. District courts have discretion to allow third parties to engage in legal actions as *amicus curiae*. *See United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) ("The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court.").

10. The District of New Jersey typically grants motions for leave when: (1) *amicus* has a special interest in the specific case; (2) the interest is not fully represented by the existing parties; (3) the information provided by *amicus* is both timely and useful; and (4) *amicus* is not partial to a specific outcome in the case. *Id.* at 592.

11. In satisfaction of the first prong, the ACLU-NJ has a special interest in the present case. *Amicus* is an advocacy organization dedicated to defending democracy, advancing voting rights, and protecting free speech. The ACLU-NJ regularly litigates and engages in policy advocacy on these subjects.

12. Second, the parties do not fully represent the interests of the ACLU-NJ and the voters whose rights the ACLU-NJ's brief seeks to clarify. The plaintiffs primarily advance the partisan interests of candidates and campaigns.

13. Third, a*micus*'s submission is timely, as it conforms to the deadline for *amicus curiae* briefs set during the February 29, 2024 telephonic case manage conference before Judge Quaraishi in this matter. The submission will also be useful to the Court in resolving the Plaintiffs' Motion for Preliminary Injunction. It reflects the ACLU-NJ's unique subject-matter expertise and explores legal concepts not fully developed in the parties' briefing.

14. Finally, the ACLU-NJ is sufficiently impartial to serve as an effective and reliable friend of the court. "While the partiality of an *amicus* is a factor to be considered by a court in deciding whether to allow participation, there is no rule that amici must be totally disinterested." *Id.* at 592. "Parties with . . . policy interests have been regularly allowed to appear as *amici* in our courts." *Id.* The ACLU-NJ's sole interest in this matter is the vindication of constitutional rights. Notably, the ACLU-NJ is a nonpartisan organization and does not, through its *amicus* brief, endorse any candidate or campaign.

15. I respectfully submit that the participation of the ACLU-NJ will assist the Court in the resolution of significant issues of public importance implicated by this case.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

                                            Respectfully Submitted,

Dated: March 12, 2024      By:    */s/ Liza Weisberg*
                                                Liza Weisberg