UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANDY KIM**, *in his personal capacity as a candidate* for U.S. Senate, ***et al.***,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>**CHRISTINE GIORDANO HANLON**, *in her capacity as Monmouth County Clerk*, ***et al.***,<br><br>　　　　　　　Defendants. | No. 24-cv-01098-ZNQ-TJB<br><br>Zahid N. Quraishi, U.S.D.J.<br>Tonianne J. Bongiovanni, U.S.M.J. |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY ELECTION LAW CLINIC AT HARVARD LAW SCHOOL FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Proposed Amicus Curiae Election Law Clinic at Harvard Law School submits this Memorandum in support of its motion for leave to appear as Amicus Curiae in this matter.

### INTEREST OF THE *AMICUS CURIAE*

ELC is a nonpartisan clinical program committed to protecting free and fair elections through litigation and legal advocacy. ELC is the first in-house clinic at a United States law school that focuses entirely on election law. The purpose of ELC

1

is to train the next generation of election lawyers through litigation and advocacy and to bring novel ideas to election law practice.

As such, ELC has a demonstrated interest in the proper application of election law doctrines that protect the fundamental right to vote. Since its founding in 2021, ELC has sought to safeguard fair and free elections through litigation challenging voter suppression and intimidation, racial and partisan gerrymandering, minority vote dilution, campaign finance abuses, and an inaccurate and biased census. Recently, the ELC has successfully represented parties in right to vote litigation, *see, e.g.*, *Mont. Democratic Party v. Jacobsen*, 518 P.3d 58 (Mont. 2022), redistricting challenges, *see, e.g.*, *Jacksonville Branch of the NAACP v. City of Jacksonville*, 2023 WL 119425 (11th Cir. Jan. 6, 2023); *Clarke v. Wis. Elections Comm'n*, 410 Wis.2d 1 (Wis. 2023), and violations of the Voting Rights Act, *see, e.g.*, *Nairne v. Ardoin*, 2024 WL 492688 (D. La. Feb. 8, 2024).

To further its mission of protecting voting rights, ELC has filed briefs as *amicus curiae* in several state and federal courts. Recently, the United States Supreme Court relied heavily on an *amicus curiae* brief filed by the Election Law Clinic in its 2023 decision in *Allen v. Milligan*. *See, e.g.*, 143 S. Ct. 1487, 1509 (2023) (citing Brief for Professors Jowei Chen et al. in Support of Appellees/Respondents, 143 S. Ct. 1487 (2022) (Nos. 21-1086, 21-1087)). Other *amicus briefs* filed by ELC include the Brief of Scholars of Congressional

Accountability as *Amici Curiae* in Support of Neither Party, *West Virginia v. EPA*, 142 S. Ct. 2587 (2022) (Nos. 20-1530, 20-1531, 20-1778, and 20-1780) and the Non-Party Brief in Support of No Party of William Whitford et al., *Johnson v. Wis. Elections Comm'n*, 399 Wis.3d 623 (Wis. 2021) (No. 2021AP001450).

As *amicus curiae*, ELC offers substantial experience and expertise in election law on behalf of the plaintiffs in this case challenging New Jersey electoral systems that jeopardize the right to vote in free and fair elections.

## ARGUMENT

The Third Circuit has established that courts should grant a motion for leave to file an amicus brief when such motion shows that (1) the movant has an "adequate interest" and (2) the accompanying brief is "desirable" and "relevant to the disposition of the case." *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 131 (3d Cir. 2002). The Third Circuit further explained that these requirements following from the Federal Rule of Appellate Procedure 29 should be "broadly interpreted" so as to grant leave to file *amicus curiae* briefs unless "it is obvious" that they do not comply with such guidelines. *Id.* at 133. Under this broad interpretation, *amicus curiae* need not be totally impartial but may "make[] a strong but responsible presentation in support of a party." *Id.* at 131. Additionally, *amicus curiae* briefs are desirable "[e]ven when a party is very well represented" so long as they "provide important assistance to the court." *Id.* at 132. Desirable assistance includes but is not

3

limited to (1) providing "background or factual references that merit judicial notice," (2) contributing "particular expertise not possessed by any party to the case," or (3) explaining "the impact a potential holding might have." *Id.* (quoting Luther T. Munford, *When Does the Curiae Need an Amicus?*, 1 J. APP. PRAC. & PROCESSES 279 (1999)). When assessing the desirability of the brief, the Third Circuit has cautioned that "it is preferable to err on the side of granting leave," because "if a good brief is rejected, the merits panel will be deprived of a resource that might have been of assistance." *Id.* at 133.

Federal district courts in New Jersey follow these guidelines that the Third Circuit established for analyzing motions for leave to file an *amicus curiae* brief. *See, e.g.*, *C.P. v. N.J. Dep't of Educ.*, 2019 WL 6907490, at *2–3 (D.N.J. Dec. 19, 2019) (applying the Third Circuit test and granting motion for leave to file an *amicus curiae* brief); *W.F. v. Roman Catholic Diocese of Paterson*, 2021 WL 2500616 (D.N.J. June 7, 2021) (same); Acra *Turf Club, LLC v. Zanzuccki*, 2014 WL 5465870, at *5–6 (D.N.J. Oct. 28, 2014) (same).

Under this standard, the Court should grant ELC's motion for leave to file an *amicus curiae* brief in support of plaintiffs' motion for a preliminary injunction to bar use of New Jersey's county line primary ballots that impose unconstitutional burdens on voting rights. As *amicus curiae*, ELC has a strong interest in ensuring that New Jersey voters have the right to vote for candidates fairly and freely, and its

proposed brief provides desirable assistance to the court in the form of election law expertise that is relevant to determining the constitutionality of New Jersey's voting practices. The proposed brief provides a useful explanation of judicial precedent that foregrounds the issue of unconstitutional voting burdens that is at the heart of the challenge to New Jersey's voting policies. In particular, the brief clarifies that cases over the decades applying the *Anderson-Burdick* test for analyzing voting burdens support a finding that New Jersey's county line primary ballots unconstitutionally burden voters' rights. In the brief's discussion of these matters, ELC brings its unique expertise as a prominent clinic in the election law space that has advocated for and continues to support voting rights in cases across the country and before the Supreme Court.

## CONCLUSION

For these reasons, the Court should grant leave to file the accompanying *amicus curiae* brief in support of plaintiffs.

Dated: March 12, 2024

Respectfully submitted,

| *s/ Nicholas O. Stephanopoulos* | *s/ Ronald K. Chen* |
|---|---|
| Nicholas O. Stephanopoulos | Ronald K. Chen |
| *Pro hac vice motion pending* | NJ Attorney No. 027191983 |
| ELECTION LAW CLINIC AT | RUTGERS CONSTITUTIONAL RIGHTS |
| HARVARD LAW SCHOOL | CLINIC |
| 6 Everett Street, Ste. 4105 | Center for Law & Justice |
| Cambridge, MA 02138 | 123 Washington St. |
| Tel: (617) 998-1010 | Newark, NJ 07102 |
| nsteph@law.harvard.edu | Tel: (973) 353-5378 |
| | ronchen@law.rutgers.edu |

*Counsel for Amicus Curiae*