**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDY KIM, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>CHRISTINE GIORDANO HANLON, in her capacity as Monmouth County Clerk, et al.,<br><br>        Defendants. | Civil Action No. 24-cv-1098-ZNQ-TJB |

## APPLICATION TO FILE OVERLENGTH BRIEF

Pursuant to Local Rule 7.2(b), Plaintiffs respectfully move for leave to file an overlength reply brief in further support of their motion for a preliminary injunction. As grounds for this application, Plaintiffs state:

1. The plaintiffs filed a Verified Complaint on February 26, 2024, with accompanying papers stating why they were entitled to a preliminary injunction, against nineteen separate county clerks for their expected conduct in designing and issuing New Jersey primary ballots for the June 2024 primary election. The allegations focused on violations of various rights conferred by the First and Fourteenth Amendment, and violated the Elections Clause of the United States Constitution.

2. On March 6 and 7, 2024, Defendants filed their opposition briefs. Rather than attempting to consolidate and refine argument, Defendants filed approximately eleven briefs, with some near or above the limit for pages. These include the Monmouth County Clerk (DE61, 54 pages); the Essex County Clerk, et al. (DE63-1, 40 pages); the Mercer County Clerk (DE51, 40 pages); the Bergen County Clerk (DE50, 23 pages). Accompanying these briefs were

declarations and other papers submitted by on behalf of election officials, voting system vendors, and a printer. There was a wide array of factual and legal argument in these briefs.

3. In response to this mass of paper, Plaintiffs could theoretically file eleven briefs, each of 15 pages in length. However, such an approach would not be helpful or efficient for the Court or the parties. In any event, Plaintiffs require more than 15 pages to fully reply to the extensive briefing in order to properly and clearly present these issues to the Court.

4. Plaintiffs' team have responded as efficiently as possible to those briefs that share arguments in common with other briefs, but nevertheless still had to devote space to responding to nuances in the factual and legal arguments. Despite best efforts to shorten the brief, after much effort, we were only successful at reducing the brief to 40 pages.

5. Given the scope and complexity of this lawsuit, Plaintiffs respectfully request that the Court grant leave to file a 40 page reply brief in further support of their motion for a preliminary injunction.

Respectfully submitted,

| WEISSMAN & MINTZ | BROMBERG LAW, LLC |
|---|---|
| Co-counsel for Plaintiffs | Co-counsel for Plaintiffs |
| By: /s/ Brett M. Pugach | By: /s/ Yael Bromberg |
| By: /s/ Flavio L. Komuves | |

Date: March 12, 2024