UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANDY KIM**, in his personal capacity as a candidate for U.S. Senate, **et al.**,<br><br>Plaintiff,<br><br>v.<br><br>**CHRISTINE GIORDANO HANLON**, in her official capacity as Monmouth County Clerk, **et al.**,<br><br>Defendants | No. 24-cv-01098-ZNQ-TJB<br><br>Zahid N. Quraishi, U.S.D.J.<br>Tonianne J. Bongiovanni, U.S.M.J.<br><br>**CERTIFICATION OF JON ROMBERG IN SUPPORT OF MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF BY NEW JERSEY LAW PROFESSORS RELATED TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND IN SUPPORT OF NEITHER PARTY** |

I, Jon Romberg, hereby certify:

1. I am an attorney admitted to practice law in the United States District Court for the District of New Jersey. I submit this Certification in support of the motion of New Jersey Law Professors to participate as *amici curiae* and file a brief in this matter related to Plaintiffs' Motion for a Preliminary Injunction and in support of neither party.

2. *Amici curiae* are New Jersey law professors who are committed to upholding the values of the Constitution of the United States as they apply to New Jersey elections. *Amici* are all longtime observers of New Jersey's political system and are intimately familiar with the "county line" ballot bracketing system. *Amici* have served in various capacities in New Jersey state government, run for public office in New Jersey, and written scholarly articles about how the

Constitution constrains state action. *Amici* are particularly interested in aiding the court's understanding of the Elections Clause of the United States Constitution, *see* U.S. Const, Art. I, § 4, cl. 1, and explaining how it applies to the facts of this case.

3. Paula A. Franzese is Peter W. Rodino Professor of Law at Seton Hall Law School, where she has taught since 1986. She has served in many state government roles, including as chair of the New Jersey State Ethics Commission, chair of the State Commission on Professionalism, vice-chair of the State Election Law Enforcement Commission, and special ethics counsel to Governor Richard J. Codey. Earlier, Franzese clerked for Justice Alan B. Handler of the New Jersey Supreme Court.

4. Eugene D. Mazo is Associate Professor of Law and Political Science at Duquesne University. Mazo is a nationally recognized scholar of election law. He previously taught at both Rutgers Law School and at Seton Hall Law School. In 2020, Mazo was a candidate for U.S. Congress in the Tenth Congressional District. Professor Mazo's books related to election law include *The Best Candidate: Presidential Nomination in Polarized Times* (with Michael R. Dimino, 2020); *Democracy by the People: Reforming Campaign Finance in America* (with Timohy K. Kuher, 2018); and *Election Law Stories* (with Joshua A. Douglas, 2016). His next volume, *The Oxford Handbook of American Election Law*, is forthcoming in 2024.

5. Jon Romberg is Associate Professor of Law at Seton Hall Law School, where he has taught since 1995. He directs the Impact Litigation Clinic at Seton Hall, which represents indigent litigants on issues involving constitutional protections and other civil rights and liberties. Prior to joining Seton Hall, Romberg served as a John J. Gibbons Fellow in Public Interest and Constitutional Law. He previously taught in the Constitutional Litigation Clinic at Rutgers

Law School. Professor Romberg clerked for Warren J. Ferguson on the U.S. Court of Appeals for the Ninth Circuit.

6. *Amici* take no position today on whether this court should grant the preliminary injunction requested by the plaintiffs. Rather, they write to provide the court with information about the scope of New Jersey's power to regulate federal elections under the Elections Clause of the Constitution. As *amici* explain, the county line violates the Elections Clause because it allows New Jersey to regulate the "Manner" by which the state elects its federal officials in a way the Constitution outright forbids. Additionally, *amici* write to clarify for this court that, under federal election law, a political party's associational rights do not extend to the ballot.

7. An *amicus curiae* is not a party to the litigation, but rather assists the court in a particular matter of importance in a case. The Third Circuit has advised that "permitting persons to appear . . . as friends of the court . . . may be advisable where third parties can contribute to the court's understanding" of the matter in question. *See Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987). At the trial level, district courts have discretion to allow third parties to engage in legal actions as *amicus curiae*. *See United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002) ("The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court.").

8. The District of New Jersey has previously granted motions for leave when: (1) *amicus* has a special interest in the specific case; (2) the interest is not fully represented by the existing parties; (3) the information provided by *amicus* is both timely and useful; and (4) *amicus* is not partial to a specific outcome in the case. *See, e.g., Alkaabi*, 223 F. Supp. 2d at 592 n.16.

9. Participation of *amici* is particularly appropriate "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by

insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *NAACP v. Town of Harrison*, 940 F.2d 792, 808 (3d Cir. 1991).

10. Here, *amici* are scholars and teachers of the Constitution who are extremely knowledgeable about how the county line ballot system works and are aware of its empirical effects. They have read both the literature on the county line and followed the litigation challenging it closely, including the three county line cases currently before this court: Kim v. Hanlon, 3:24-cv-01098 (D.N.J. Feb. 27, 2024); Conforti v. Hanlon, 3:20-CV-08267 (D.N.J., July 6, 2020); and Mazo v. Durkin, 3:20-CV-08336 (D.N.J., July 6, 2020).

11. *Amici* take no position on whether this court should grant the preliminary injunction requested by the *Kim* plaintiffs. Rather, they write to provide the court with information about the scope of New Jersey's power to regulate federal elections under the Elections Clause of the Constitution and to explain how county line ballot system may violate that provision if happen to dictate the results of elections for New Jersey's federal candidates for office. Additionally, *amici* write to clarify for this court how, under federal election law, a political party's associational rights do not extend to the ballot itself.

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

/s/ Jon Romberg
_____
Jon Romberg

Atty No. 037351993
Seton Hall Law School
Center for Social Justice
833 McCarter Hwy.
Newark, NJ 07102
(973) 642-8700
jon.romberg@shu.edu
Counsel of Record for *amici curiae*