

Genova Burns LLC
494 Broad Street, Newark, NJ 07102
**Tel:** 973.533.0777 **Fax:** 973.533.1112
**Web:** www.genovaburns.com

Angelo J. Genova, Esq.
Partner
Member: NY, NJ & PA Bar
agenova@genovaburns.com
Direct: 973-535-7100

March 14, 2024

**VIA ELECTRONIC FILING**

Honorable Zahid N. Quraishi, U.S.D.J
United States District Court
Clarkson S. Fisher Building
402 East State Street
Trenton, New Jersey 08608

>       **Re:    Kim, et al. v. Hanlon, et al.,**
>             **Civil Action No.: 3:24-cv-1098(ZNQ)(TJB)**

Dear Judge Quraishi:

    The Court having granted the request of Movants[1] to participate in this matter as amici curiae without the benefit of defendants' position objecting to same, we write to request that the Court revisit its Order now with the benefit of this submission and to object to the entry of that Order. *See* ECF 78, 79, 84. 85, 90, 109, and 112.

    There is no rule governing the appearance of amicus curiae in the district court. *Pro. Drug Co. Inc. v. Wyeth Inc.*, No. CIV.A. 11-5479 JAP, 2012 WL 4794587, at *1 (D.N.J. Oct. 3, 2012). Accordingly, the district court is guided by the Third Circuit's interpretation of Federal Rule of Appellate Procedure 29, which applies to amici appearing in the circuit courts. *Pro. Drug Co. Inc.*, 2012 WL 4794587, at *1. As may be implied by the lack of applicable rules at the district court level, amicus curiae generally appear before appellate courts, and it has been held that "[a]t the trial level, where issues of fact as well as law predominate, the aid of amicus curiae may be less appropriate than at the appellate level where such participation has become standard procedure."

---

[1] The American Civil Liberties Union of New Jersey, the Election Law Clinic at Harvard Law School, the Asian American Legal Defense and Education Fund, AAPI New Jersey, Asian Americans Advancing Justice, New Jersey Policy Perspective, New Jersey Alliance for Immigrant Justice, Salvation and Social Justice, the League of Women Voters of New Jersey, Joe Cohn, Staci Berger, James Solomon, Valerie Vainieri Huttle, Ravi Bhalla, and New Jersey Law Professors Eugene Mazo, Paula Franzese, Jon Romberg are collectively referred to as "Movants" herein.



Page 2

*Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993) (citing *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985), aff'd, 782 F.2d 1033 (3d Cir. 1986), and aff'd sub nom. Appeal of Yip, 782 F.2d 1033 (3d Cir. 1986)).

When deciding whether to permit the appearance of amicus curiae, courts consider whether 1) the movant has a special interest in the case, 2) that interest is not competently represented by parties to the case, 3) the proffered information is timely and useful, and 4) the movant is not partial to a particular outcome in the case. *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002). Amici are not required to be completely disinterested or impartial to appear; however, their degree of partiality is a relevant factor to consider. *Alkaabi*, 223 F. Supp. 2d at 592. Permission to appear as amici should be denied when movants' interests are already represented by the parties or when they fail to provide unique information that has not already been addressed by the parties. *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). As Judge Posner described in *Ryan v. Commodity Futures Trading Comm'n*, allowing litigants' allies to duplicate arguments, "in effect merely extending the length of the litigant's brief," is an abuse of the privilege to appear as amicus curiae. 125 F.3d at 1063. A movant appearing as amicus curiae is, by definition, a friend of the court, not a friend of a party. *Id.* As will be explained below, none of the Movants should have been granted leave to appear under these standards.

I.       The American Civil Liberties Union of New Jersey

The American Civil Liberties Union of New Jersey ("ACLU-NJ") claims to be an impartial friend of the court because it is a non-partisan organization which does not endorse any candidate running in New Jersey's upcoming primary election. *See* Certification of Liza Weisberg ("Weisberg Cert."), ¶ 14. ACLU-NJ misunderstands the requirement for impartiality in this matter; the issue is not whether ACLU-NJ endorses a candidate for office, but whether ACLU-NJ's submission merely advances plaintiffs' arguments such that it "extend[s] the length of [their] brief." *Ryan*, 125 F.3d at 1063. ACLU-NJ's true status as a friend of the plaintiffs is clear from its submission, which cites repeatedly to plaintiffs' experts and publications from ***plaintiffs' own counsel***. *See* Brief of Amicus Curiae American Civil Liberties Union of New Jersey ("ACLU-NJ Br."), pp. 4, 5, 6, 7, 8.

Beyond reflecting ACLU-NJ's partiality, ACLU-NJ's reliance on plaintiffs' experts and opinions of plaintiffs' counsel resulted in a submission devoid of unique information not already presented by the litigants in this matter. *See Liberty Lincoln Mercury, Inc.*, 149 F.R.D. at 83 (rejecting applications from amici curiae that were repetitious of parties' submissions). While repeating the policy arguments raised by plaintiffs' counsel and experts, ACLU-NJ also fails to contribute to the issue presently before this Court, which is whether plaintiffs have met their burden



Page 3

in their request for a preliminary mandatory injunction. *See id.* (noting that information provided by prospective amici curiae were irrelevant to the issues before the court, namely class certification and consolidation).

   II.  <u>The Election Law Clinic at Harvard Law School</u>

   In its submission, the Election Law Clinic at Harvard Law School (the "Election Law Clinic") focuses on election law challenges in other states unrelated to New Jersey's bracketing system. While briefly addressing New Jersey's primary elections, the Election Law Clinic claims "the empirical evidence that" New Jersey's bracketing system "dramatically benefits candidates appearing on the line is overwhelming." *See* Amicus Curiae Brief in Support of Plaintiffs' Motion for Preliminary Injunction ("ELC Br."), p. 13. This overwhelming empirical evidence that the Election Law Clinic refers to is picked exclusively from plaintiffs' complaint and expert reports, only one of which includes a purported study done for the purpose of this litigation. ELC Br., pp. 1, 10, 14. Because the Election Law Clinic does not provide any information related to ballot design in New Jersey except that which plaintiffs proffered, its submission as amicus curiae provides no relevant unique considerations. *See Liberty Lincoln Mercury, Inc.*, 149 F.R.D. at 83; *Ryan*, 125 F.3d at 1063.

   III.  <u>Asian American Legal Defense and Education Fund, AAPI New Jersey, and Asian Americans Advancing Justice</u>

   The brief provided by the Asian American Legal Defense and Education Fund, AAPI New Jersey, and Asian Americans Advancing Justice fails to address or add information relevant to the issue presently before this Court, which is whether plaintiffs have met their burden to succeed on a motion for a preliminary mandatory injunction. Instead, the brief simply provides more space to advance an argument already addressed by plaintiffs, which is that New Jersey's ballot design entrenches "insider" candidates while disadvantaging "outsider" candidates. Brief in Support of Motion for Asian American Legal Defense and Education Fund…("Asian American Legal Defense and Education Fund Br."), p. 2; *see Liberty Lincoln Mercury, Inc.*, 149 F.R.D. at 83; *Ryan*, 125 F.3d at 1063.

   IV.  <u>League of Women Voters of New Jersey, Salvation and Social Justice, New Jersey Alliance of Immigrant Justice, and New Jersey Policy Perspective</u>

   The League of Women Voters of New Jersey, Salvation and Social Justice, New Jersey Alliance of Immigrant Justice, and New Jersey Policy Perspective provided yet another brief to



Page 4

the Court that repeats and repackages arguments and information already extensively briefed by plaintiffs. Indeed, plaintiffs' materials, including their brief, Complaint, and expert reports are cited or quoted on at least twenty-one pages of the forty-page brief. Accordingly, this motion for leave to appear as amici curiae should have been rejected for failure to provide unique information that was not already competently addressed by plaintiffs. *See Liberty Lincoln Mercury, Inc.*, 149 F.R.D. at 83; *Ryan*, 125 F.3d at 1063.

V.      Joe Cohn, Staci Berger, James Solomon, Valerie Vainieri Huttle, and Ravi Bhalla

Joe Cohn, Staci Berger, James Solomon, Valerie Vainieri Huttle, and Ravi Bhalla (collectively, "Candidates") are a group of individuals who have all "run, contemplated running, and/or are currently running for office in Democratic Party primaries across the State of New Jersey." Amicus Curiae Brief of Joe Cohn…("Candidates Br."), p. 1. As present or past candidates for public office in New Jersey, the Candidates provide only further examples of personal grievances attributed to primary ballot design that are already addressed or raised by plaintiffs, all of whom are also current candidates in New Jersey's upcoming primary election. The Candidates' submission does not provide any more unique information that has not already been competently presented to the Court, nor do they address the present matter of the preliminary injunction application. *See Liberty Lincoln Mercury, Inc.*, 149 F.R.D. at 83. Moreover, appearing as amici curiae is not the appropriate method for current candidates to become parties to this litigation.

VI.      New Jersey Law Professors

Similar to the other amici in this matter, Jon Romberg, Eugene Mazo, and Paula Franzese (collectively, "New Jersey Law Professors") provided this Court with a submission that does not address the considerations relevant to plaintiffs' motion for a preliminary mandatory injunction, and therefore fails to provide presently useful information. *See Liberty Lincoln Mercury, Inc.*, 149 F.R.D. at 83. Moreover, the New Jersey Law Professors have more than a special interest in this matter – they are impermissibly partial towards the cause advanced by plaintiffs, as Eugene Mazo has initiated a lawsuit nearly identical to the one brought by plaintiffs. *Pro. Drug Co. Inc.,* 2012 WL 4794587, at *2 (rejecting an applicant's motion to appear as amicus curiae as they were "a litigant in past and present proceedings in which similar issues have arisen or may arise" and were therefore "significantly partial to a particular outcome in this case."); *see Mazo v. Durkin*, 3:20-cv-08336 (ZNQ)(TJB).

For the reasons described above, defendants Christopher Durkin, Joanne Rajoppi, and Danielle Ireland-Imhof respectfully ask that this Court revisit its Order granting Movants' motions for leave to appear as amici curiae.



Page 5

Very truly yours,

**GENOVA BURNS LLC**

*Angelo J. Genova*
ANGELO J. GENOVA

AJG/KS/DAL