UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
402 EAST STATE STREET, ROOM 4000
TRENTON, NJ 08608

March 14, 2024

## LETTER ORDER

Re:   Andy Kim, *et al.* v. Christine Giordano Hanlon, *et al.*,
      Civil Action No. 24-1098-ZNQ-TJB

Dear Counsel:

This matter comes before the Court upon a Motion to Intervene filed by the Camden County Democratic Committee ("CCDC"). ("Motion", ECF No. 41.) In support of its Motion, CCDC filed a brief.[1] ("Moving Br.", ECF No. 41-1.) Plaintiffs Andy Kim, Carolyn Rush, Sarah Schoengood, and their respective campaign committees (collectively, "Plaintiffs") have opposed the Motion. ("Opp.", ECF No. 77.) CCDC filed a reply. ("Reply", ECF No. 82.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, the Court **GRANTS** the Motion.

Intervention is governed by Federal Rule of Civil Procedure 24. The Rule affords two routes: "intervention of right" under Rule 24(a) or "permissive intervention" under Rule 24(b). Permissive intervention under Rule 24(b), as the name suggests, affords a court with some discretion as to whether to join the would-be party: "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The decision of whether to grant or deny intervention under Rule 24(b)(1)(B) is discretionary. *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992).

In exercising its discretion, the Court finds for the reasons below that CCDC has satisfied the elements of permissive intervention under Rule 24(b)(1)(B). First, the Court finds, as CCDC itself notes, that CCDC has defenses that share common questions of law and fact regarding the constitutionality of New Jersey's primary election system, as well as its administration and application of New Jersey's election laws. (Moving Br. at 16.) For their part, Plaintiffs oppose CDC's intervention on the bases that, given the current phase of the litigation, intervention "will unduly delay and potentially even prejudice adjudication" of this matter. (Opp. at 6.) Plaintiffs' premise their objections largely on what they view

---

[1] As part of its Motion, and in compliance with the technical requirements of Rule 24(c), CCDC also submitted a proposed Answer to the Verified Complaint. (ECF No. 41-3.) The Court, however, has since stayed the deadline to respond to the Verified Complaint pending its decision on the Motion for Preliminary Injunction. (ECF No. 74.) Accordingly, CCDC is instructed to defer filing its proposed Answer until that stay is lifted and a new deadline is set.

as inconsistent positions adopted by the CCDC. (Opp. at 2–5.) They propose that CCDC instead be heard as *amicus curiae*. (*Id*. at 5.)

The Court rejects Plaintiffs' concerns regarding undue delay and prejudice. The Court is mindful that it is on the verge of conducting a hearing on a motion for a preliminary injunction and that time is therefore of the essence. Still, no proceedings of substance on the merits have taken place in this case such that joining CCDC risks any meaningful delay by duplicating prior efforts. *See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (critical inquiry is to what extent proceedings of substance on the merits have occurred). Moreover, to the extent that CCDC's positions might be shown to be inconsistent, as Plaintiffs insist, the Court finds that the better remedy is to join CCDC to afford Plaintiffs the forum and opportunity to challenge those positions. Insofar as the Court grants CCDC permissive intervention, it does not consider alternative arguments regarding intervention of right.

For the foregoing reasons, the Court hereby **GRANTS** the Motion to Intervene filed by the CCDC [ECF No. 41]. CCDC is instructed to immediately join the parties' efforts to meet and confer regarding a proposed schedule for the approaching hearing scheduled on March 18, 2024.

**IT IS SO ORDERED.**

    s/ Zahid N. Quraishi
    **ZAHID N. QURAISHI**
    **UNITED STATES DISTRICT JUDGE**