**WEISSMAN & MINTZ** LLC
ATTORNEYS AT LAW

STEVEN P. WEISSMAN
ANNMARIE PINARSKI
WILLIAM G. SCHIMMEL
IRA W. MINTZ
FLAVIO L. KOMUVES
JASON L. JONES
JUSTIN SCHWAM
PATRICIA A. VILLANUEVA

Of Counsel
ROSEMARIE CIPPARULO
BRETT M. PUGACH
ADAM M. GORDON
YAEL BROMBERG

Counsel
DAVID A. MINTZ*

* ADMITTED TO PRACTICE ONLY IN NEW YORK

220 DAVIDSON AVENUE
SUITE 410
SOMERSET, NEW JERSEY 08873
(732) 563-4565
FAX (732) 560-9779
www.weissmanmintz.com

90 BROAD STREET
SUITE 254
NEW YORK, NEW YORK 10004
(212) 509-0918

JOEL N. WEISSMAN (1957-1998)
MARK ROSENBAUM (1955-2002)



March 14, 2024

VIA ELECTRONIC FILING
Hon. Zahid N. Quraishi, U.S.D.J.
United State District Court of the District of New Jersey
Clarkson S. Fisher Building
402 East State Street
Trenton, NJ 08608

> **All discovery as to third-party amici curiae is hereby STAYED pending the Court's decision on the Motion for Preliminary Injunction. Until further order of the Court, amici need not respond. The stay is without prejudice to the parties' right to renew the issue of seeking discovery from amici before the magistrate judge at a later time.**
>
> **So Ordered this 14th day of March 2024.**
>
> **ZAHID N. QURAISHI**
> **UNITED STATES DISTRICT JUDGE**

RE:   Kim, et al. v. Hanlon, et al.
      Civil Action No.: 24-1098 (ZNQ) (TJB)

Dear Judge Quraishi:

Plaintiffs must regrettably write this letter to object to and ask for the Court's intervention regarding ongoing discovery abuses by Defendants' counsel.

This evening, shortly after the close of business, counsel for the Passaic County Clerk (with the apparent support of certain other defense counsel) sent a letter to all the attorneys for the *amici curiae* demanding "communications or a privilege log regarding communications between your clients, putative experts and/or counsel on the one hand, and the plaintiffs, their representatives, their counsel or any of their proposed experts on the other hand, or among each other regarding or related in any way to this action" without limitation on time or scope other than to say that communications "on or before February 26, 2024" are "of particular importance." No formal subpoena accompanied the letter, though that is not the basis of our objection.

Recall that in their March 13, 2024 letter (DE98) these same parties asked the Court, in Item #3, to allow for discovery from Plaintiffs on communications involving amici,

limited to those communications that occurred before the filing of the Complaint. The Court, while finding communications that "relate to the timing of Plaintiffs' preliminary injunction filing" subject to listing in a privilege log, did not include amicus communication, if any, in the ambit of that order. In an end run around that disposition, counsel is now contacting the amici themselves with an immediate demand to produce similar information or to meet and confer about it this evening.

By presenting information and legal analysis about the impact of a court decision on parties not before the Court, amici play a vital role in the legal system. To allow the harassment of these amici and their lawyers –generally, nonprofit groups committed to the advancement of democracy and civil rights, and in many instances, *pro bono* counsel – and demanding them to respond on less than a days' notice to produce any documents at all, much less the wide swath of what was demanded here, is an affront to Rule 26(b)(1). All discovery is subject to the limitation that it be "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." This demand is not relevant, proportional, or appropriate.

To be clear, the undersigned is not aware of the existence of any responsive documents for the period before this litigation was filed. However, what Defendants demand is unheard of. The proposition that any *amici* or the lawyers who represent them, should ever be subjected to discovery demands, even on normal time frames, as the price of their offering their legal assistance to the Court, is clearly unlawful, threatens to chill and undermine these groups' legal advocacy, and will deter robust participation by such advocates.

This persecution of the *amici* does not just impinge on their rights, but also interferes with Plaintiffs' continuing efforts to prepare the witness and exhibit list, due tomorrow, and generally prepare for Monday's evidentiary hearing.

For these reasons, we ask that the Court direct these demands to *amici* and their counsel be immediately withdrawn.

Respectfully submitted,

/s/ Brett M. Pugach, Esq.
/s/ Yael Bromberg, Esq.
/s/ Flavio L. Komuves, Esq.

cc:   All counsel of record (via ECF)