

Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777  Fax: 973.814.4045
Web: www.genovaburns.com
Affiliated with Genova Burns LLP

Rajiv D. Parikh, Esq.
Partner
Member of NJ and NY Bars
rparikh@genovaburns.com
Direct: 973-535-4446

March 15, 2024

**VIA ELECTRONIC FILING**

Honorable Zahid N. Quraishi, U.S.D.J
United States District Court
Clarkson S. Fisher Building
402 East State Street
Trenton, New Jersey 08608

      **Re:**    **Kim, et al. v. Hanlon, et al.,**
              **Docket No.: 24-1098 (ZNQ)(TJB)**

Dear Judge Quraishi:

We write to seek the Court assistance with respect to the Court's March 14, 2024 text order [Docket Entry No. 126], and to ensure that there is a response to Plaintiffs' inaccurate and incomplete letter [Docket Entry No. 129] regarding discovery into their communications with proposed expert witnesses and amici.

      **1.**    **Plaintiffs have not fully complied with the Court's March 14 Text Order**

First, in response to our one-page letter to Judge Bongiovanni identifying a discovery dispute that the parties were unable to resolve and Plaintiffs' self-serving six-page response, the Court required that Plaintiffs "1) immediately produce one or more appropriate privilege logs, and 2) produce one or more witnesses prepared to testify at the hearing scheduled for 03/18/2024 on the topic of the timing of Plaintiffs' decision to seek a preliminary injunction." Thereafter, Plaintiffs started a rolling production of privilege logs regarding counsel's communications with their proposed expert witnesses. The logs include "Date, time, From, To, Subject, and privilege" related columns. Plaintiffs provided the final log, identifying communications with Plaintiffs, at 10:31am today – which appear to show conversations regarding this matter going back to November 2023.

While the logs have a "subject", they omit a recitation of the "re:" line of the subject communications. Defendants believe the "re:" line or "title" of emails/calendar entries may be a source of important information regarding Plaintiffs' intentions and the timing of the present emergent application. We have requested that Plaintiffs provide this information, but they have



Honorable Zahid N. Quraishi, U.S.D.J
March 15, 2024
Page 2

ignored these requests for the past day with literally no response. Our most recent request was made at 10:42 am and stated:

> Hi Yael:
>
> We have asked repeatedly about "Re:" lines for emails/calendar invites etc… and believe that should be included in the privilege log. Will you be producing this or not?
>
> In addition, the Court's order does not limit the privilege log to only 10 communications. Are you willing to provide more or is this an issue that we should take up with the Court?
>
> Thanks,
>
> Raj

As noted in the above correspondence, Plaintiffs have also limited the entries to the first 10 communications on the log. While this was initially a suggested limitation by Defendants in lieu of a production of records, the Court's text order [Docket Entry No. 126] has no such limitation. Based on the surprise that communications started 4 months ago, we respectfully request that the Court require Plaintiffs to provide the first 100 communications on these logs.

Finally, we have not received any notation that there are no communications between Plaintiffs themselves and the proposed experts. We have made this request to Plaintiffs as well and await their response.

As the Court has surmised, having basic information regarding Plaintiffs' intentions to file this action in November 2023 and yet sitting on their rights for months is directly relevant to a legal basis for modification of the status quo sought through Plaintiffs' preliminary injunction motion. Thus, we respectfully request that the Court compel Plaintiffs to provide the requested information immediately, so that Defendants will have sufficient time to review same in advance of the other deadlines set by the Court – including the deadline to identify witnesses due later today.

## 2. Plaintiffs' letter regarding amici discovery is inaccurate and unnecessary

While the Court addressed Plaintiffs' correspondence regarding amici related 'discovery' prior to Defendants having any opportunity to respond, we want to quickly summarize the communications here and advise the Court on subsequent discussions among counsel.



Honorable Zahid N. Quraishi, U.S.D.J
March 15, 2024
Page 3

    First, Plaintiffs' counsel first emailed the undersigned with objections to our request for pre-filing communications with amici at 6:19 p.m., immediately before Plaintiffs' letter was filed with the Court. Clearly counsel ignored not only the obligation to meet and confer, but the offer in our initial correspondence regarding same. Nonetheless, we responded via email at 6:43 p.m. and then again at 6:51 p.m. Around 8:00 p.m. I contacted Mr. Komuves to discuss this issue. During that call I was advised that there likely are no pre-filing communications between Plaintiffs and/or their counsel and any amici regarding this matter.

    I asked Mr. Komuves to simply send that representation to me in writing – something that was offered in our original request to amici counsel. In the end, it appears that all of Plaintiffs' consternation and feigned outrage was not only unwarranted but also unnecessary. Thus, why defendants reserve all rights with respect to this issue, we thank the Court for the opportunity to clarify the record and advise that this 'issue' may not actually be an issue at all. Mr. Komuves provided a representation at 10:05 a.m. While we need some additional clarification regarding the language in this representation, this matter appears to be moot.

    Respectfully,

**GENOVA BURNS LLC**

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

RDP:dmc

c:    All counsel of record

17463858v2 (1154.215)