UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDY KIM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, et. al.,<br><br>Defendants.<br>- and -<br><br>DALE A. CROSS, in his official capacity as Salem County Clerk, et al.,<br><br>as Interested Parties. | Civil Action No.: 24-1098 (ZNQ)(TJB)<br><br>**JOINT PROPOSED HEARING AGENDA** |

Pursuant to the Court's Scheduling Order (Docket Entry No. 34), the parties through counsel hereby submit the following proposed hearing agenda and objections:

**I.  OPENING STATEMENTS**

    a. *Plaintiffs' Position:* Plaintiffs propose 5-10 minutes for an opening statement.

    b. *Defendants' Position:* Defendants do not believe opening statements are necessary for an evidentiary hearing. To the extent the Court permits Plaintiffs to present an opening statement, Defendants reserve the ability to do so as well.

**II.  TESTIMONY/EVIDENCE**

    a. **General Issues**
        i. Sequestration of non-party witnesses
            1. *Defendants' Position:* Defendants believe that non-party witnesses should be sequestered.
            2. *Plaintiffs' Position:* Plaintiffs are considering this request.

      ii. All parties reserve objections to the introduction or admission of any exhibit.
      iii. All parties reserve their ability to change the order of presentation of witnesses.
      iv. All parties are allotting 30-45 minutes for direct examination of each witness unless otherwise specified.

**b. Plaintiffs**

Plaintiffs intend on calling the witnesses identified below. Defendants object to the characterization of any witness as an "expert" until so qualified by the Court.

    i. Mr. Ryan Macias   (via Zoom)

      Anticipated Exhibits:
- Expert Declaration (DE115-1)
- Ballots in Exhs. A-H of Komuves Cert. (DE95-1)
- Perez Declaration (DE95, Exh. C)

    ii. Julia Sass-Rubin, Ph.D.

      Anticipated Exhibits:
- Verified complaint (DE 1)
- Expert report (DE1-3)
- NJ ballots in Exhibit A to complaint or other demonstrative evidence (DE 1-1)

    iii. Samuel Wang, Ph.D.

      Anticipated Exhibits:
- Expert report (DE 1-4)
- Supplemental expert reply (DE 95, Ex. B)

    iv. Josh Pasek, Ph.D.

      Anticipated Exhibits:
- Expert report (DE 1-2)
- Supplemental expert reply (DE 95, Ex. A.)

    v. Rep. Andy Kim

2

        Anticipated Exhibits:
- Verified complaint (DE 1)
- Tracker of endorsements (Exhibit forthcoming)

vi. Sarah Schoengood   (Direct testimony anticipated to be 15 mins)

        Anticipated Exhibits:
- Verified complaint (DE 1)

vii. Carolyn Rush  (Direct testimony anticipated to be 15 mins)

        Anticipated Exhibits:
- Verified complaint (DE 1)

viii. Andrew Appel, Ph.D.

        Anticipated Exhibits:
- Expert report
- Supplemental expert reply
- Selected New Jersey ballots showing multiple races now presented to voters in office-block presentation (e.g., Ballots in Exhs. A-H of Komuves Cert. (DE95-1); Ballots in Exhibit A to Verified Complaint (DE1)).

c. **Defendants**

Defendants may choose to NOT to call any listed witnesses as Plaintiffs' presentation may make them unnecessary. Defendants also reserve the ability to call any of Plaintiffs' proposed witnesses on direct if needed. Subject to same, Defendants intend on calling the following witnesses:

i. Hon. Christine Hanlon – Monmouth County Clerk
    Anticipated Exhibits:
- Sample Ballots
  *Plaintiffs' position:* Hanlon's counsel declined to produce these exhibits until before the hearing.
  *Defendants' position:* Defendants have conferred with counsel for Plaintiffs and advised that they will provide copies of this exhibit (the Sample Ballots) in advance of the hearing. Accordingly, Defendants object this statement being in the

      pretrial submission, but Plaintiffs nonetheless insisted on its inclusion.

   ii. Hon. John Schmidt – Camden County Clerk's Office

   iii. 30(b)(6) witness from plaintiff Andy Kim for New Jersey
       a. Defendants will supplement this submission once Plaintiffs have identified a specific witness to testify.

   iv. 30(b)(6) witness from plaintiff Sarah for New Jersey
       a. Defendants will supplement this submission once Plaintiffs have identified a specific witness to testify.

   v. 30(b)(6) witness from plaintiff Carolyn Rush for Congress
       a. Defendants will supplement this submission once Plaintiffs have identified a specific witness to testify.

   vi. Dave Passante – Royal Printing

   vii. Mike Porch – Camden County Clerk's Office

  **d. Rebuttal**

*Plaintiffs' Position:* Plaintiffs have a right to present rebuttal testimony depending on the proofs that are admitted during the Defendants' testimony, especially since the exact nature of those proofs is unknown as it comes in part from witnesses who have not previously supplied a declaration and from exhibits not known to Plaintiffs.

*Defendants' Position*: Conceptually Defendants do not understand what Plaintiffs are proposing with their general identification of a 'rebuttal'. Defendants do not believe it appropriate to have a 'rebuttal' in an evidentiary hearing. In practice, Defendants believe that Plaintiffs can attempt to enter any evidence or argue weight of Defendants' evidence through direct testimony and cross-examination. Should Plaintiffs be permitted to keep their case open and then seek to 'rebut' through any witnesses or by seeking to admit new exhibits, then each Defendant would want the same opportunity and this evidentiary hearing on an emergent motion could continue for days. As such, Defendants object to any such proposed rebuttal.

    **e. Closings**

*Plaintiffs' Position:* Defendants should close and then Plaintiffs.

*Defendants' Position:* This is not a trial, but an evidentiary hearing. Given the number of Defendants named, we respectfully submit that it would aid judicial efficiency to have Plaintiffs proceed with a closing first, so that Defendants may streamline their closing arguments, minimize repetition, and so that individual Defendants may waive presenting closing arguments.

### III.   PRE-HEARING MOTIONS

*Plaintiffs' Position:* Plaintiffs do not believe pre-hearing motions are appropriate, given the nature of the March 18 proceedings, their inability to respond to same in writing in advance of the proceeding, and the Court's limitation on motions issued during the scheduling conference.

*Defendants' Position:* Any pre-hearing motions shall be filed on or before March 15, 2024. Defendants' believe that motions related to evidence are appropriate in advance of an evidentiary hearing and intend on filing same today. Defendants have offered to Plaintiffs that responses to any such motions may be filed by March 17, 2024.