# BROMBERG LAW LLC

YAEL BROMBERG, ESQ., PRINCIPAL*  
T: (212) 859-5083 | F: (201) 586-0427  
ybromberg@bromberglawllc.com

43 West 43rd Street, Suite 32  
New York, NY 10036-7424

P.O. Box 1131  
Glen Rock, NJ 07452-1131

March 16, 2024

VIA ELECTRONIC FILING  
Hon. Zahid N. Quraishi, U.S.D.J.  
United States District Court of the District of New Jersey  
Clarkson S. Fisher Building  
402 East State Street  
Trenton, NJ 08608

      Re:    Kim, et al. v. Hanlon, et al.  
               Civil Action No.: 24-1098(ZNQ)(TJB)

Dear Judge Quraishi,

Plaintiffs write to apprise the court with an update regarding this matter.

This afternoon, shortly after 1pm, Plaintiffs sent about **58 pages of court-ordered privilege logs with approximately 25-35 entries per page**, which list substantially all of counsel's email communications with Plaintiffs and experts concerning this litigation for the period ending 2/25/24 (date before filing).

Plaintiffs' Firms use a variant of Gmail for their email purposes. We explained to defendants that based on the limitations of Gmail, the timelines ordered by the Court, and the absence of forensic assistance that would allow the customary exporting of information about sender, recipient(s), date, subject, etc., and which would deduplicate otherwise identical email items, or assist with the creation comparable logs for text messages, we effectively had two choices.  One was to <u>manually</u> create privilege logs, with the usual customary detail, for each of the 2,000+/- email entries on these lists (plus text messages), which would be literally impossible to complete before the commencement of the hearing, even if our team worked continuously on the matters and ignored the Court's orders to prepare the testimony for a hearing in a concise an expedited way. (See DE141; see also DE138 (parties instructed to "focus their efforts on preparing for the approaching hearing")).

The alternative that we pursued, after notifying Mr. Parikh and Mr. Natale in a video call at 9:30pm last night, was to work extensively into last night and into this morning, and manually collect screenshots that reveal the sender/recipient, subject line, and date. To be clear, these logs were generated by searching the emails of each of the attorneys, separately, for communications that contained the individual email addresses of Ms. Pfieffer, Mr. Dion, Rep. Kim, Ms.

* Licensed to practice in New Jersey, New York, and the District of Columbia

BROMBERG LAW LLC

YAEL BROMBERG, ESQ., PRINCIPAL*
T: (212) 859-5083 | F: (201) 586-0427
ybromberg@bromberglawllc.com

43 West 43rd Street, Suite 32
New York, NY 10036-7424

P.O. Box 1131
Glen Rock, NJ 07452-1131

Schoengood, Ms. Rush, Dr. Appel, Dr. Wang, Dr. Rubin, and Dr. Pasek, as a sender, any recipient, or found in the body of the email. **Defendants accordingly now have a record of practically every email communication with clients and experts related to this matter through the date of filing (and even some wholly internal ones, which are beyond the Court's order).** We also further went over and explained these parameters in a meet-and-confer with a much larger group of counsel that began at 10:00 this morning, where all counsel reserved their rights to present objections to this decision to the Court.

The Court's order regarding the production of these logs was based on the Court's "find[ing] that the timing of Plaintiffs' decision to seek relief may be relevant to their motion for a preliminary injunction." (DE126). It is our position that given the impossibility of literal compliance, we have substantially complied with the Court's directive and that these materials well exceed what Defendants could possibly need to present any arguments on the basis of "timing."

There are about 19 counsel for defendants, and three for Plaintiffs. Considering what Defendants have in their possession, Plaintiffs cannot further engage in running battles with Defendants which are having the effect and/or intent of interfering with our preparation for the hearing.

Understanding that all parties reserve their objections, we plan to spend the remaining time before the hearing preparing for it. Given what Defendants have been voluntarily given by Plaintiffs, coupled with Plaintiffs' substantial compliance with the Court's order over logs, Defendants cannot seriously claim that they remain prejudiced. The basis of defense counsel's argument is that Plaintiffs sat on their rights. However meritless this position may be, Defendants now have all they need to pursue it. Rather than spend their time identifying and producing a testifying expert that can rebut plaintiffs' showing that New Jersey's primary ballot design laws and practices unconstitutionally benefit some candidates, or substantiate their own position that New Jersey's voting machines cannot produce an office-block display to voters, defense counsel continues to spin its wheels focusing on abusive discovery tactics.

We accordingly urge the Court to call an end to the disputes over the ever-changing scope and extent of Defendants' discovery requests, at least until Monday's hearing.

Respectfully submitted,

/s/ Yael Bromberg, Esq.
BROMBERG LAW LLC

/s/ Brett Pugach, Esq.
/s/ Flavio Komuves, Ez.
WEISSMAN & MINTZ LLC

*Counsel for Plaintiffs*

\* Licensed to practice in New Jersey, New York, and the District of Columbia