

Mark R. Natale, Esquire
mnatale@malamutlaw.com
Phone (856) 424-1808
Fax (856) 424-2032

March 14, 2024

<u>Via ECF</u>
The Honorable Zahid N. Quraishi, USMJ
U.S. District Court, District of New Jersey
402 East State Street
Trenton, NJ 08608

  **Re:** **Kim v. Hanlon, et al.**
     **3:24-cv-01098-ZNQ-TJB**

Dear Judge Quraishi:

  I represent Defendant Burlington County Clerk in the above referenced matter. I am writing this response in reply to the Plaintiffs' most recent letter to the judge regarding their court ordered discovery production.

  A quick sequence of events is necessary. The court ordered the Plaintiffs to produce the privilege log in question. Following the court's order, Plaintiffs' counsel reached out to one of Defendant's attorneys to explain that logistically, meeting the courts order would not be possible. Later that evening, myself, Mr. Parikh, Mr. Komuves, and Mr. Pugach met and conferred about the issues. Then, there was an additional meet and confer session this morning on the same issues.

  Surprisingly, Plaintiffs counsel decided to ignore several aspects of the meet and confer, not satisfy the court order, refused to meet and confer with us further, and wrote to the court to say it will be ignoring our requests for court-ordered documents.

  I want to bring to the court's attention one aspect that highlights how prejudicial and alarming this conduct is. While we did receive an alternative to the e-mail privilege log provided by the court, we have received nothing involving text messages. We were told that the amount of text messages made this difficult, an argument that is essentially "there is too much evidence that falls within the scope of the court's order to possibly comply with the order." These text messages were a topic of our meet and confer call last night. I specifically brainstormed ways to alleviate the volume for the Plaintiffs while still getting us the information the court has already deemed highly relevant for Monday's hearing. At no point did Plaintiff's counsel state they were

Cherry Hill | Hoboken | Philadelphia

Main Office: 457 Haddonfield Road, Suite 500, Cherry Hill, NJ 08002
☎ 866-4MALAMUT | 📠 856 424 2032
www.MalamutLaw.com

simply ignoring text messages.  Instead, they just unilaterally decided not to comply with that component of the court order and refused to even meet and confer about the issue further.

As the court ruled, communications prior to the institution of this action are highly relevant.  The record already shows that rather than a soon-to-be injured party rushing to the courthouse to prevent irreparable harm, this action was a highly orchestrated and deliberative effort that was finally launched months after the potential alleged injury was identified.  The fact that this was filed in the eleventh hour before an election no longer looks like an unavoidable problem or accidental consequence. Instead, it looks like an intentional effort to limit the information available to Defendants to litigate this action.

The court should consider that many of the same parties here are also parties in the nearly identical *Conforti* action, brought by the same counsel for the Plaintiffs. There is a wealth of information that would be in the Defendants possession if discovery in that matter occurred pursuant to the case management order. Instead, discovery in that matter was delayed repeatedly, at the request of the Plaintiffs counsel.  The most recent request in the *Conforti* action to delay discovery was made on February 13, 2024. We now know this was months after this action was planned, and only days before it was filed. I don't think it's a coincidence that at that date, Plaintiffs counsel asked that discovery in the Conforti action be due on April 12, 2024, beyond the date they have asked for a decision in this motion. The effect of this request (which was consented to by an unknowing group of Defense counsel) was that the shared *Conforti/Kim* Defendants didn't receive the discovery during this action, and thus can't use it in Defense. A cynic would think this was all by design.  While that isn't the same discovery at issue here, it set the tone for a strategy of intentionally limiting the county clerks' ability to defense this action.

After making sure the *Conforti* Defendants did not have any relevant discovery in their possession, Plaintiffs counsel filed this action on a date that required a truncated schedule and prevented meaningful discovery. They fought Defendants on the highly relevant discovery that is the subject of this correspondence, until the court ordered it twice. Now, despite the court order and multiple meet and confer calls by all counsel, we are met with a unilateral decision to just ignore the order. It is getting less cynical to think this intentional delay is all a premediated attempt to steamroll county governments to drastically change their election process weeks before an election and without access to relevant evidence to defend these speculative claims.

I am respectfully requesting the court address this blatant disregard to their order and the meet and confer requirements of the federal rules.

Thank you for your kind consideration of this matter.

Respectfully Submitted,

/s/ Mark R. Natale, Esq.