

**GORDON J. GOLUM, ESQ.**

T: 732.855.6056
F: 732.726.6523
ggolum@wilentz.com

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
732.636.8000

March 16, 2024

<u>*VIA ELECTRONIC FILING*</u>
Hon. Zahid N. Quraishi, U.S.D.J.
United States District Court of the District of New Jersey
Clarkson S. Fisher Building
402 East State Street Trenton, NJ 08608

      Re: *Kim, et al. v. Hanlon, et al.*
         *Civil Action No.: 24-1098 (ZNQ)(TJB)*

Dear Judge Quraishi,

  This firm represents defendant Somerset County Clerk, Steve Peter ("Mr. Peter"), in the above-referenced matter. We write in response to Plaintiffs' letter concerning their failure to comply with this Court's orders requiring them to "immediately produce one or more appropriate privilege logs" that "include appropriate descriptive subject lines" by 1:00 P.M. today. ECF Nos. 126 and 138. Counsel for Defendants has requested a meet and confer on this issue, and Plaintiffs have not responded.

  Plaintiffs claim it would be "literally impossible" to comply with the Court's orders, notwithstanding that the expedited schedule is the result of their own undue delay in bringing this action, which Plaintiffs alone had control over. ECF No. 143. This is precisely the issue to which the Court has acknowledged the privilege logs may be relevant. *See id.*

  Specifically, Plaintiffs' purported privilege logs are deficient because they fail to include appropriate descriptive subject lines or identify who was copied on each communication. As a result, Defendants are not capable of determining whether the communications listed are relevant, whether the communication is in fact privileged or whether any claimed privilege was waived, whether they redacted a witness, and what steps Plaintiffs were taking regarding their contemplated litigation, who they were corordinating with and when. Many of the screenshots Plaintiffs produced as their purported privilege log appear to be cut-off PDF pages that do not indicate whether the blank space is the result of a redaction. Moreover, there is nothing in the logs regarding text messages.



The Honorable Zahid Quraishi, U.S.D.J.<br>
March 16, 2024<br>
Page 2

  This is all directly relevant to arguments raised by most or all Defendants that the timing of Plaintiffs' decision to file this lawsuit on an emergency basis was prejudicial and undermines their claims of irreperable harm.  This is particularly true in November and December, when Plaintiffs apparently started to plan their emergent action.

  Defendants are unfairly prejudiced as a result of Plaintiffs' failure to comply with the Courts' discovery orders and undue delay. Accordingly, we respectfully submit that the Court should compel Plaintiffs to produce appropriate privilege logs with appropriate descriptive subject lines fully compliant with this Court's orders no later than 1:00 P.M. tomorrow.

  Should Plaintiffs fail to do so, we respectfully request that Court exercise its "inherent power" to strike or disregard any claim by Plaintiffs that they could not have filed this action significantly sooner and find that their failure to do so has resulted in unfair prejudice to Defendants.  *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017)("Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious administration of cases.").

Respectfully submitted,<br><br>
*/s/ Gordon J. Golum*<br>
GORDON J. GOLUM

CC:  All counsel (via ECF)