


Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777 Fax: 973.533.1112
Web: www.genovaburns.com

Angelo J. Genova, Esq.
Partner
Member: NY, NJ & PA Bar
agenova@genovaburns.com
Direct: 973-535-7100

March 22, 2024

**VIA ELECTRONIC FILING**

Honorable Zahid N. Quraishi, U.S.D.J
United States District Court
Clarkson S. Fisher Building
402 East State Street
Trenton, New Jersey 08608

**Re: Kim, et al. v. Hanlon, et al.,**
**Civil Action No.: 3:24-cv-1098(ZNQ)(TJB)**

Dear Judge Quraishi:

This firm is counsel to defendants Chirstopher J. Durkin, Joanne Rajoppi, and Daniel Ireland-Imhof (collectively, "Defendants") in the above referenced action. We write to address the issue of the bond Plaintiffs must post in the event Your Honor grants their motion for a preliminary injunction. As described below, while one of our clients has been able to quantify some of the expenses her county would incur under such circumstances, the full extent of such costs cannot be predicted with any degree of certainty until the precise terms of any Order are known. We therefore respectfully request that the Court defer setting the amount of bond Plaintiffs must post until a time certain after it has ruled on Plaintiffs' preliminary injunction motion.

The plain language of Fed. R. Civ. P. 65(c) requires Plaintiffs to post a bond in the event their motion is granted, providing: "The court may issue a preliminary injunction or a temporary restraining order ***only*** if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." (Emphasis added). While the Third Circuit has held that district courts can, under the appropriate circumstances, waive the bond requirement in "public interest" cases, *Temple Univ. v. White*, 941 F.2d 201, 220 (3d Cir. 1991), such circumstances do not exist here. Specifically, unlike in *Temple Univ.*, there is no indication that Plaintiffs would be financially unable to post the bond






mandated by Rule 65(c) given that one of the plaintiffs, Andy Kim, is one of two front running candidates for the New Jersey Democratic Party senatorial nomination. 941 F.2d at 220 (affirming district court's waiver of bond requirement where "it appears improbable that, had the district court required [the movant] to post a bond, the [movant] would have been able to do so"). Indeed, it is debatable whether Plaintiffs, and especially Mr. Kim, filed their motion in the "public interest" or to advance their own electoral fortunes.

At this time, Defendants are unable to definitively calculate the entirety of the excess costs their respective counties will face should the Court grant Plaintiffs the extraordinary relief they seek. This is in large part the result of the fact that Plaintiffs themselves seemed to have come to recognize that part of the relief they originally sought in their Notice of Motion that primary ballots be "organized by office sought (commonly known as a 'office-block ballot,') ***rather than by column or row***" (Dkt. # 5 at C) (emphasis added), could not be configured to the ES&S voting machines in use in many New Jersey counties, as one of their own experts, Ryan Macias, has implicitly conceded. (*See* Dkt # 115-1 at ¶ 48) ("The remedial actions the plaintiff is seeking uses the same ballot layout formats; it is solely reducing the number of columns in the ballot layout…whereby all candidates that would be listed in other columns… would be aggregated below the candidate(s) already listed in the respective column.").

One of our clients, Union County Clerk Joanne Rajoppi, has been able to obtain estimates from the two printing companies Union County uses to implement changes to the primary ballot format as best she and those printers can predict what those changes might be. These two estimates total $53,439.95. (*See* Certification of Joanne Rajoppi ("Rajoppi Cert.") ¶¶ 3-4, Exs. A&B).

By contrast, Ms. Rajoppi, despite her efforts, has not been able to obtain an estimate for excess costs that ES&S, the supplier of voting machines for Union County, would pass on in the event the primary ballot format must be changed immediately. ES&S's position, as articulated to Ms. Rajoppi and other county clerks who have submitted similar inquiries, is that without understanding the specific requirements of any Court ordered ballot changes, it is unable to provide an estimate as to excess costs. (*See* Rajoppi Cert. ¶ 6, Ex. C). Indeed, an ES&S representative informed Ms. Rajoppi, in writing, that until the Court's ruling on Plaintiffs' motion, "this matter is being handled by our legal department and we are not permitted to engage in conversation or provide opinions or guesses." (*Id.* Ex. C).

As Ms. Rajoppi has made clear, however, if ES&S is unable to timely reconfigure the voting machines used in Union County to meet certain statutorily imposed deadlines, the primary election will need to be conducted entirely on a vote by mail basis. (Rajoppi Cert. ¶ 8). Ms.






Rajoppi has further stated that a conservative estimate of the cost of conducting the primary on such a basis is $1,180,000, which was what the last all vote by mail primary cost Union County in 2020 due to the COVID-19 pandemic. (*Id.* ¶ 9). As described above, ES&S has stated that it will not be in a position to provide sufficient information to allow Ms. Rajoppi to determine whether this course of action will be necessary at least until the Court rules on Plaintiffs' motion.

Lastly, we stress that this submission is only being made on behalf of the three County Clerk defendants our firm represents. Should other County Clerk defendants make their own submissions, the estimates contained therein should be added to the total bond amount the Court ultimately sets.

Respectfully submitted,

**GENOVA BURNS LLC**

/s/ *Angelo J. Genova*
ANGELO J. GENOVA

AJG/DAL:tc

cc: All counsel (by electronic filing)