UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>ZAHID N. QURAISHI<br>UNITED STATES DISTRICT JUDGE | U.S. COURTHOUSE<br>402 EAST STATE STREET, ROOM 4000<br>TRENTON, NJ 08608 |

April 1, 2024

## LETTER ORDER

Re:  Andy Kim, *et al.* v. Christine Giordano Hanson, *et al.*
     Civil Action No. 24-1098-ZNQ-TJB

Dear Counsel:

Before the Court are Emergency Motions to Stay this Court's Order (ECF No. 195) pending appeal to the Third Circuit. (ECF Nos. 198, 204, 205, 217.) Plaintiffs filed an opposition. (ECF No. 214.)

"[T]he standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary injunction." *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Hum. Servs.*, Civ. No. 13-1144, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Preliminary injunctive relief is warranted where a party demonstrates: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). Accordingly, the same four factors that this Court previously analyzed in considering Plaintiffs' Motion for Preliminary Injunction are at issue here.

Where a party moves for a stay pending appeal of a decision concerning a preliminary injunction, and merely re-raises the same arguments the court already considered in issuing or denying the underlying preliminary injunction, the court will often re-incorporate its earlier reasoning to deny the stay pending appeal. *See, e.g.*, *Nat'l Shooting Sports Found. v. Platkin*, Civ. No. 22-6646, 2023 WL 2344635, at *1 (D.N.J. Mar. 3, 2023) (denying a defendant's motion for a stay as doing so would "arguably be tantamount to a reconsideration and reversal of the Court's [prior] decision."); *Robinson v. Murphy*, Civ. No. 20-5420, 2020 WL 13891018, at *2 (D.N.J. Oct. 28, 2020) (denying a motion to stay pending appeal and incorporating the same reasons set out in the court's prior opinions and order "as the facts before it remain largely the same at this juncture."); *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, Civ. No. 00-5361, 2001 WL 493266, at *1 (D.N.J. Jan. 17, 2001) ("[Defendant] offers no new circumstances to support its application for a stay pending appeal. Therefore, granting [Defendant's] motion for stay would effectively be a reconsideration and reversal of the Court's [earlier] decision.").

For the same reasons expressed in its Opinion, which are fully incorporated herein, the Court concludes that Defendants have not demonstrated that a stay pending appeal is warranted. Specifically,

Defendants do not raise any new facts or law suggesting their appeal is likely to succeed on the merits.[1] The Court declines to retread the same ground a second time.

    For these reasons, Defendants' Emergency Motions to Stay (ECF Nos. 198, 204, 205, 217) are hereby DENIED.

**IT IS SO ORDERED.**

**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[1] Defendants raise purported "confusion" regarding the scope of the Court's Order, but the Court has already resolved that issue. If anything, the record appears to have shifted further against Defendants' positions, insofar as Defendant Clerks for Burlington and Hudson County have filed letters indicating that they are withdrawing their appeals and will comply with the Court's Order. (ECF Nos. 208, 209.)