UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDY KIM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, *et al.*,<br><br>Defendants. | Case No. 3:24-CV-1098-ZNQ-TJB<br><br>Civil Action<br><br>COURT ORDER APPROVING SETTLEMENT AND DISMISSAL AS TO DEFENDANT WARREN COUNTY CLERK |

Pursuant to Fed. R. Civ. P. 41(a)(2), Defendant Holley Mackey ("Warren County Clerk"), (1) agrees she will no longer contest Plaintiffs' claims in this litigation (No. 3:24-cv-1098)[1]; and (2) agrees:

1. Warren County Clerk will not prepare, disseminate, use, display, or count any primary election ballot, in any form, whether on paper or electronic, that:

    a. Is designed by columns or rows, rather than by office sought;

    b. Positions candidates on the primary election ballot automatically based upon a ballot draw among candidates for a different office;

    c. Places candidates such that there is an incongruous separation from other candidates running for the same office;

---

1. As compared to the other county clerk defendants, Warren County Clerk did not participate in the stay proceedings and did not join in the notice of appeal.

  d. Places candidates underneath another candidate running for the same office, where the rest of the candidates are listed horizontally, or to the side of another candidate running for the same office, where the rest of the candidates are listed vertically; and

  e. Brackets candidates together on the ballot such that candidates for different offices are featured on the same column (or row) of the ballot;

2. Warren County Clerk agrees that it will not conduct draws for primary ballot positions that do not include a separate drawing for every office and candidate, and where every candidate running for the same office has an equal chance at the first ballot position.

3. Warren County Clerk agrees that it will use a single primary election ballot for all voters, whether mail-in, at a polling site, or otherwise, that is organized by office sought (commonly known as "office-block ballot,") rather than by column or row, and which implements for each office on the ballot, a randomized ballot order system (e.g. random draw) which affords each candidate for the same office an equal chance at obtaining the first ballot position.

4. The Plaintiffs and Warren County Clerk agree to be subject to the jurisdiction of this Court for the purpose of ensuring compliance, and/or seeking guidance on any potential conflicting court orders relating to ballot design, and/or interpretation or application of Section 7 of this agreement.

5. Warren County Clerk will honor any directives of the court as it relates to ballot design;

6. Pursuant to 42 U.S.C. § 1988 and the New Jersey Civil Rights Act, the parties have agreed to an award of counsel fees and costs in favor of Plaintiffs, and payable to Weissman &

Mintz by the Warren County Clerk of $29,500, to be paid within thirty (30) days of the date this court order goes into effect;

7. Warren County Clerk is relieved from its obligations under this agreement if:

    a. A subsequent court order from a court of competent jurisdiction rules that, this order notwithstanding, the Warren County Clerk does not have the discretion to enter into this agreement and / or ignore bracketing[2] requests of political parties. The Warren County Clerk is obligated to provide any court hearing a case related to the same subject matter of this litigation with a copy of this Order.

    b. A subsequent court order from a court of competent jurisdiction rules that, this order notwithstanding, failing to honor bracketing requests of political parties will result in a constitutional violation. The Warren County Clerk is obligated to provide any court hearing a case related to the same subject matter of this litigation with a copy of this Order.

    c. The New Jersey legislature passes new legislation that supersedes, amends, or replaces the statutory provisions that are the subject of this litigation, such that compliance with such new legislation and terms of this order would be impossible. However, if such new legislation is subject to an injunction or otherwise ruled invalid, then Warren County Clerk will comply with this Order.

    d. If any dispute arises by or among the parties of this agreement regarding its interpretation/application, this Court retains jurisdiction to decide the dispute.

---

2. Nothing in this agreement prevents the Clerk from honoring requests for a common slogan among multiple candidates seeking the same or different offices. By "bracketing," this order refers to positioning candidates together in a non-office block format, or any other form of presenting candidate names or grouping candidate names which prevents a separate, equal, and randomized draw and/or presentation of each candidate for each office.

8. If any of the conditions of section 7 of this agreement are met, and this agreement is invalidated, then Defendant Warren County Clerk will not renew efforts to intervene in this litigation.

Based on the foregoing, it is stipulated and agreed between Plaintiffs and the Warren County Clerk, and subject to the Court's approval below, that this matter is dismissed with prejudice and without costs (subject to Section 6 hereof) as against the Warren County Clerk only, and no other party.

/s/*Flavio Komuves*
WEISSMAN & MINTZ
By: Flavio L. Komuves
Dated:

BROMBERG LAW LLC
By: Yael Bromberg
Dated: 10/2/2024

By: Brett M. Pugach
Dated: 10/2/24

BELL, SHIVAS & BELL, P.C.
By: Joseph J. Bell
Dated: 10/2/24

The Court has reviewed and approves the foregoing stipulation, **ORDERS** the parties hereto to comply with its terms, and retain jurisdiction to enforce its terms. It is so **ORDERED**.

this 3rd day of October, 2024.

The Honorable Zahid N. Quraishi, U.S.D.J.

4