UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDY KIM, *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, *et al.*, <br><br>Defendants. | Case No. 3:24-CV-1098-ZNQ-TJB <br><br>Civil Action <br><br>ORDER APPROVING SETTLEMENT AND DISMISSAL AS TO DEFENDANTS CUMBERLAND COUNTY CLERK AND GLOUCESTER COUNTY CLERK |

Pursuant to Fed. R. Civ. P. 41(a)(2), Celeste M. Riley ("Cumberland County Clerk") and James N. Hogan ("Gloucester County Clerk") (collectively, "the Cumberland and Gloucester County Clerks"), (1) agree they will no longer contest Plaintiffs' claims in this litigation (No. 3:24-cv-1098); and (2) agree:

1. The Cumberland and Gloucester County Clerks will not prepare, disseminate, use, display, or count any primary election ballot, in any form, whether on paper or electronic, that:

    a. Is designed by columns or rows, rather than by office sought;

    b. Positions candidates on the primary election ballot automatically based upon a ballot draw among candidates for a different office;

    c. Places candidates such that there is an incongruous separation from other candidates running for the same office;

    d. Places candidates underneath another candidate running for the same office, where the rest of the candidates are listed horizontally, or to the side of another candidate running for the same office, where the rest of the candidates are listed vertically; and

    e. Brackets candidates together on the ballot such that candidates for different offices are featured on the same column (or row) of the ballot;

2. The Cumberland and Gloucester County Clerks agree that they will not conduct draws for primary ballot positions that do not include a separate drawing for every office and candidate, and where every candidate running for the same office has an equal chance at the first ballot position.

3. The Cumberland and Gloucester County Clerks agree that they will use a single primary election ballot for all voters, whether mail-in, at a polling site, or otherwise, that is organized by office sought (commonly known as "office-block ballot,") rather than by column or row, and which implements for each office on the ballot, a randomized ballot order system (e.g. random draw) which affords each candidate for the same office an equal chance at obtaining the first ballot position.

4. The Plaintiffs and the Cumberland and Gloucester County Clerks agree to be subject to the jurisdiction of this Court for the purpose of ensuring compliance, and/or seeking guidance on any potential conflicting court orders relating to ballot design, and/or interpretation or application of Section 7 of this agreement.

5. The Cumberland and Gloucester County Clerks will honor any directives of the court as it relates to ballot design;

6. Pursuant to 42 U.S.C. § 1988 and the New Jersey Civil Rights Act, the parties have agreed that they will each separately pay an award of counsel fees and costs in favor of Plaintiffs, and payable to Weissman & Mintz by the Cumberland County Clerk and the Gloucester County Clerk, respectively, of $32,532.90 each, to be paid within thirty (30) days of the date this court order goes into effect;

7. The Cumberland and Gloucester County Clerks are relieved from their obligations under this agreement if:

    a. A subsequent court order from a court of competent jurisdiction rules that, this order notwithstanding, the Cumberland and Gloucester County Clerks do not have the discretion to enter into this agreement and / or ignore bracketing[1] requests of political parties. The Cumberland and Gloucester County Clerks are obligated to provide any court hearing a case related to the same subject matter of this litigation with a copy of this Order.

    b. A subsequent court order from a court of competent jurisdiction rules that, this order notwithstanding, failing to honor bracketing requests of political parties will result in a constitutional violation. The Cumberland and Gloucester County Clerks are obligated to provide any court hearing a case related to the same subject matter of this litigation with a copy of this Order.

    c. The New Jersey legislature passes new legislation that supersedes, amends, or replaces the statutory provisions that are the subject of this litigation, such that

---

1. Nothing in this agreement prevents the Clerks from honoring requests for a common slogan among multiple candidates seeking the same or different offices. By "bracketing," this order refers to positioning candidates together in a non-office block format, or any other form of presenting candidate names or grouping candidate names which prevents a separate, equal, and randomized draw and/or presentation of each candidate for each office.

      compliance with such new legislation and terms of this order would be impossible. However, if such new legislation is subject to an injunction or otherwise ruled invalid, then the Cumberland and Gloucester County Clerks will comply with this Order.

    d. If any dispute arises by or among the parties of this agreement regarding its interpretation/application, this Court retains jurisdiction to decide the dispute.

8. If any of the conditions of section 7 of this agreement are met, and this agreement is invalidated, then Defendants the Cumberland and Gloucester County Clerks will not renew efforts to intervene in this litigation.

9. Nothing in this agreement shall be deemed as an admission by the Cumberland and Gloucester County Clerks of a violation of any law or the constitutional rights of any party or person by virtue of their performance or exercise of their official duties in applying the statutes and laws challenged by Plaintiffs in the litigation being settled by this agreement.

Based on the foregoing, it is stipulated and agreed between Plaintiffs and the Cumberland and Gloucester County Clerks, and subject to the Court's approval below, that this matter is dismissed with prejudice and without costs (subject to Section 6 hereof) as against the Cumberland and Gloucester County Clerks only, and no other party.

WEISSMAN & MINTZ
By: Flavio L. Komuves
Dated:

BROMBERG LAW LLC
By: Yael Bromberg
Dated:

By: Brett M. Pugach
Dated: 10/24/24

CARBONE & FAASSE
By: John M. Carbone
On behalf of the Cumberland and Gloucester County Clerks
Dated: 10/24/2024

The Court has reviewed and approves the foregoing stipulation, **ORDERS** the parties hereto to comply with its terms, and retains jurisdiction to enforce its terms. It is so **ORDERED**, this 24th day of October 2024.

The Honorable Zahid N. Quraishi, U.S.D.J.