**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDY KIM, in his personal capacity as a candidate for U.S. Senate, ANDY KIM FOR NEW JERSEY, SARAH SCHOENGOOD, SARAH FOR NEW JERSEY, CAROLYN RUSH and CAROLYN RUSH FOR CONGRESS;<br><br>Plaintiffs,<br>v.<br><br>CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, et al.,<br><br>Defendants.<br><br>- and -<br><br>DALE A. CROSS, in his official capacity as Salem County Clerk, et al.<br><br>As Interested Parties. | Civ. Action. No.: 3:24-cv-1098 (ZNQ)(TJB)<br><br>**RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS** |

**DEFENDANT JOANNE RAJOPPI'S RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS AND COUNTERSTAMENT OF MATERIAL FACTS**

Defendant Joanne Rajoppi ("Defendant"), in her official capacity as Clerk of Union County, by and through her undersigned attorneys, respectfully submits the following response to Plaintiffs' Andy Kim, Andy Kim for New Jersey, Sarah Schoengood, Sarah for New Jersey, Carolyn Rush, and Carolyn Rush for Congress (collectively, "Plaintiffs") Statement of Undisputed Material Facts.

1

A. **As to Abandonment of Defense of Constitutional of Challenged Statutes**

    1.    Not disputed in part; denied in part. Defendant has not defended the ballot design statute at issue in this matter. Defendant also does not intend to defend the ballot design statute at issue in this matter. (Certification of Joanne Rajoppi, ECF 295-2, ¶¶ 5, 7-8.

B. **As to Parties in Kim**

    2.    Not disputed.

    3.    Not disputed.

    4.    Not disputed.

    5.    Not disputed.

    6.    Not disputed.

    7.    Not disputed.

    8.    Not disputed in part; denied in part. Not disputed except to the extent that Plaintiffs state that Defendant County Clerks had "a healthy amount of individual discretion in connection with, among other things, the designing, preparation, and printing of all ballots, the issuance of mail-in ballots, and conducting a drawing for ballot position for various elections held in their respective counties." Certification of Joanne Rajoppi ("Rajoppi Cert.") (Dkt. 295-3) ¶¶ 2-3, Certification of John S. Hogan ("Hogan Cert.") (Dkt. 295-2) ¶¶ 3-5.

    9.    Not disputed.

    10.    Not disputed that Defendant was served with the Verified Complaint in this matter. Whether service was "proper[]" is a legal conclusion to which no response is required.

    11.    Not disputed.

C. **As to Parties in Conforti**

    12.    As Defendant is not a party to the *Conforti* action, no response is required.

13. As Defendant is not a party to the *Conforti* action, no response is required.

14. As Defendant is not a party to the *Conforti* action, no response is required.

15. As Defendant is not a party to the *Conforti* action, no response is required.

16. As Defendant is not a party to the *Conforti* action, no response is required.

17. As Defendant is not a party to the *Conforti* action, no response is required.

18. As Defendant is not a party to the *Conforti* action, no response is required.

19. As Defendant is not a party to the *Conforti* action, no response is required.

20. As Defendant is not a party to the *Conforti* action, no response is required.

21. As Defendant is not a party to the *Conforti* action, no response is required.

22. As Defendant is not a party to the *Conforti* action, no response is required.

23. As Defendant is not a party to the *Conforti* action, no response is required.

**D. As to Mechanics of Bracketing Structure on Primary Election Ballot**

24. Not disputed.

25. Not disputed in part; denied in part. Not disputed that at the time Plaintiffs filed their Verified Complaint, New Jersey was the only state in the nation that organized its primary election ballots using a bracketing structure. As of March 6, 2025, legislation in New Jersey changed to require an office block structure. Rajoppi Cert. ¶ 9, Hogan Cert. ¶ 13.

26. Not disputed as to the state of the law at the time that Plaintiffs filed their Verified Complaint.

27. Not disputed as to the state of the law at the time that Plaintiffs filed their Verified Complaint.

28. Not disputed as to the state of the law at the time that Plaintiffs filed their Verified Complaint.

29. Not disputed as to the state of the law at the time that Plaintiffs filed their Verified Complaint.

30. Not disputed as to the state of the law at the time that Plaintiffs filed their Verified Complaint.

31. Disputed to the extent that the assertion of fact as to the acts and intentions of the "county party leadership" are supported only by Plaintiffs' allegations, for which there has been no discovery.

32. Not disputed.

33. Disputed to the extent that the assertions of fact are supported only by Plaintiffs' allegations, for which there has been no discovery.

34. Disputed to the extent that the characterization of "Ballot Siberia" is not an assertion of fact and is otherwise supported by Plaintiffs' allegations, for which there has been no discovery.

35. Disputed to the extent that the assertions of fact are supported only by Plaintiffs' allegations, for which there has been no discovery.

36. Disputed to the extent that the assertions of fact are supported only by Plaintiffs' allegations, for which there has been no discovery.  Defendant states further that she is without knowledge or information as to the actions of other County clerks, and that Defendant has at all times followed the law in designing primary ballots.  Rajoppi Cert. ¶¶ 2-3, 8-9.

E. **As to Impact of Bracketing Structure on Plaintiffs**

37. Not disputed that Plaintiff Kim claimed that certain aspects of the New Jersey's statutorily mandated ballot design in effect at the time he filed his lawsuit violated his

constitutional right to association. Defendant is not defending that ballot design statute, which, in any event, has been superseded by new legislation. Rajoppi Cert. ¶ 9, Hogan Cert. ¶ 13.

38. Not disputed that, but for the grant of a preliminary injunction, Plaintiff Kim would have appeared on the so-called "county line" in all counties where it was offered except Camden County, and that Plaintiff Kim claimed that certain aspects of the New Jersey's statutorily mandated ballot design in effect at the time he filed his lawsuit violated his constitutional right to association. Defendant is not defending that ballot design statute, which, in any event, has been superseded by new legislation. Rajoppi Cert. ¶ 9, Hogan Cert. ¶ 13.

39. Not disputed that Plaintiff Kim testified that he did not want to associate with certain Democratic primary election candidates who appeared on the so-called "county line" in certain counties.

40. Plaintiff Schoengood was not a candidate in a Congressional district that included Union County, and therefore no response from Defendant is required. To the extent a response is required, not disputed that Plaintiff Schoengood alleged that she was not going to appear on the so-called "county line" within her congressional district, and that she did not want to "bracket" with any candidate for U.S. Senate other than Plaintiff Kim.

41. Plaintiff Schoengood was not a candidate in a Congressional district that included Union County, and therefore no response from Defendant is required. To the extent a response is required, not disputed that Plaintiff Schoengood alleged that she was not going to appear on the so-called "county line" within her congressional district, and that she did not want to "bracket" with any candidate for U.S. Senate other than Plaintiff Kim, and therefore alleged that she would not have been "bracketed" with other candidates but for the issuance of a preliminary injunction in this action.

42. Plaintiff Schoengood was not a candidate in a Congressional district that included Union County, and therefore no response from Defendant is required. To the extent a response is required, disputed to the extent that the allegations are assertions of opinion that are supported only by Plaintiffs' allegations, for which there has been no discovery.

43. Plaintiff Rush was not a candidate in a Congressional district that included Union County, and therefore no response from Defendant is required. To the extent a response is required, not disputed that Plaintiff Rush alleged that she was not going to be featured on the so-called "county line" in some counties in her congressional district, but would be featured on the so-called "county line" in other counties in her congressional district.

44. Plaintiff Rush was not a candidate in a Congressional district that included Union County, and therefore no response from Defendant is required. To the extent a response is required, not disputed that Plaintiff Rush's position on the ballot of the 2024 primary election would have been determined pursuant to *N.J.S.A.* 19:49-2, but for the issuance of a preliminary injunction. Whether Plaintiff Rush would have been subject to a "significant ballot and electoral disadvantage" is an assertion of opinion that is supported only by her own allegations.

45. Plaintiff Rush was not a candidate in a Congressional district that included Union County, and therefore no response from Defendant is required. To the extent a response is required, not disputed that Plaintiff Rush's position on the ballot of the 2024 primary election would have been determined pursuant to *N.J.S.A.* 19:49-2, but for the issuance of a preliminary injunction. Whether that positioning would have left "the appearance that" Plaintiff Rush was associated with other candidates is an assertion of opinion that is supported only by her own allegations.

46.     Plaintiffs Rush and Schoengood were not candidates in Congressional districts that included Union County, and therefore no response as to those Plaintiffs is required. To the extent a response is required, undisputed that Plaintiffs Kim, Rush and Schoengood alleged that they did not want to associate with certain other primary candidates, and that Plaintiff Kim provided testimony to that effect.

47.     Not disputed.

48.     Not disputed that Plaintiff Kim so testified.

49.     Not disputed that Plaintiff Kim so testified.

50.     Not disputed that Plaintiff Kim so testified.

51.     Plaintiffs Rush and Schoengood were not candidates in Congressional districts that included Union County, and therefore no response as to those Plaintiffs is required. To the extent a response is required, undisputed that Plaintiffs Kim, Rush and Schoengood alleged that existing legislatively mandated ballot design in effect at the time would have placed them at an electoral disadvantage.

52.     Plaintiff Schoengood was not a candidate in a Congressional district that included Union County, and therefore no response from Defendant is required. To the extent a response is required, not disputed that Plaintiff Schoengood alleged she would not have been on the "first position" of the primary election ballot pursuant to the ballot design legislation in effect at the time.

53.     Defendant is not a party to the *Conforti* action, and therefore no response as to the allegations in that action from Defendant is required. Not disputed that Plaintiffs in this action allege that they would have faced certain electoral disadvantages as a result of the ballot design legislation in effect at the time.

**F. As to Expert Reports Demonstrating Burdens of Bracketing Structure**

54. Not disputed that Plaintiffs' Complaint and preliminary injunction motion attached certain expert reports. Disputed to the extent it is asserted what those reports "demonstrate[d]" as those experts were not subject to discovery.

55. Not disputed.

56. Not disputed that Dr. Pasek formulated certain opinions as to the so-called "primacy effect." Disputed to the extent that the allegation asserts that Dr. Pasek's opinions have been established as true as Dr. Pasek has not been subject to discovery.

57. Not disputed that Dr. Pasek purported to perform the study described in paragraph 57 and that Dr. Pasek formed certain conclusions therefrom. Disputed to the extent it is alleged that Dr. Pasek's opinions have been established as true as Dr. Pasek has not been subject to discovery.

58. Not disputed that Dr. Pasek purported to perform the study described in paragraph 58 and that Dr. Pasek formed certain conclusions therefrom. Disputed to the extent that it is alleged that Dr. Pasek's opinions have been established as true as Dr. Pasek has not been subject to discovery.

59. Not disputed that Dr. Pasek purported to perform the study described in paragraph 59 and that Dr. Pasek formed certain conclusions therefrom. Disputed to the extent that it is alleged Dr. Pasek's opinions have been established as true as Dr. Pasek has not been subject to discovery.

60. Not disputed that Dr. Pasek purported to perform the study described in paragraph 60 and that Dr. Pasek formed certain conclusions therefrom. Disputed to the extent that it is alleged that Dr. Pasek's opinions have been established as true as Dr. Pasek has not been subject to discovery.

61. Not disputed that Dr. Pasek purported to perform the study described in paragraph 61 and that Dr. Pasek formed certain conclusions therefrom. Disputed to the extent it is alleged that Dr. Pasek's opinions have been established as true as Dr. Pasek has not been subject to discovery.

62. Not disputed.

63. Not disputed that Dr. Rubin purported to perform the analysis described in paragraph 63. Disputed to the extent that it is alleged Dr. Rubin's analysis has been established as true as Dr. Rubin has not been subject to discovery.

64. Not disputed.

65. Not disputed that Dr. Wang purported to perform the analysis contained described in paragraph 65. Disputed to the extent that it is alleged Dr. Wang's analysis has been established as true as Dr. Wang has not been subject to discovery.

66. Not disputed that Dr. Wang purported to perform the analysis contained described in paragraph 66. Disputed to the extent it is alleged that Dr. Wang's analysis has been established as true as Dr. Wang has not been subject to discovery.

67. Not disputed that Dr. Wang purported to perform the analysis contained described in paragraph 67. Disputed to the extent it is alleged that Dr. Wang's analysis has been established as true as Dr. Wang has not been subject to discovery.

68. Not disputed.

69. Not disputed, except to state that no discovery has been conducted since the issuance of the preliminary injunction and Defendant-Intervenor Camden County Democratic Committee has indicated that it intends to challenge Plaintiff's experts if this action is not dismissed. Dkt. 297-1.

### G. As to Alleged State Interests

70. Disputed to the extent that it is alleged that Defendant is defending the ballot design legislation in effect at the time of the filing of the Verified Complaint. Rajoppi Cert. ¶ 8.

71. Not disputed.

72. Not disputed.

73. Not disputed that Plaintiffs and their experts allege that the so-called "Bracketing Structure" in effect at the time the Verified Complaint was filed pursuant to New Jersey State statutes led to voter confusion and disenfranchisement. Disputed to the extent that it is asserted that these allegations and opinions have been established as fact as there has been no discovery since the issuance of the preliminary injunction.

74. No response from Defendant is required as to paragraph 74 as they pertain to the *Conforti* action to which Defendant is not a party. To the extent a response is required, not disputed that the Plaintiff in *Conforti* made those allegations.

### H. As to Elections Clause

75. Not disputed that Plaintiffs and their experts allege that the so-called "Bracketing Structure" in effect at the time the Verified Complaint was filed pursuant to New Jersey State statutes favored certain primary candidates over others. Disputed to the extent that it is asserted that these allegations and opinions have been established as fact as there has been no discovery since the issuance of the preliminary injunction.

76. Not disputed that Plaintiffs and their experts allege that the so-called "Bracketing Structure" in effect at the time the Verified Complaint was filed pursuant to New Jersey State statutes influenced primary election outcomes. Disputed to the extent that it is asserted that these

allegations and opinions have been established as fact as there has been no discovery since the issuance of the preliminary injunction.

## I. As to New Jersey Attorney General

77. Not disputed.

78. Not disputed.

## STATEMENT OF MATERIAL FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Defendant, by and through her undersigned attorneys, respectfully submits the following statement of material facts in opposition to Plaintiffs' motion for summary judgment.

1. The preliminary injunction in this matter applied solely to the Democratic party's primary in 2024. Dkt 194, 195, 207.

2. On March 6, 2025, Governor Murphy signed legislation passed by the New Jersey Legislature with respect to the ballot design for primary elections held in the State. *See* Hogan Cert. ¶ 14.

3. The new law requires that primary election ballots be arranged in an office block format, with the office blocks to be arranged in order beginning with the highest federal offices under consideration and ending with political party offices. *See* Assembly Select Committee on Ballot Design Statement to Assembly, No. 5116.[1]

4. The legislation provides for the placement of a slogan or endorsement next to or below the name of a candidate and permits candidates for the same office with multiple open seats to associate in the same office block. *Id.* The legislation specifically prohibits a design that separates a candidate from other candidates running for the same office. *Id.*

---

[1] Available at https://www.njleg.state.nj.us/bill-search/2024/A5116/bill-text?f=A5500&n=5116_S1.

11

5.      Both the Union County Clerk and Bergen County Clerk have indicated that they intend to comply with the new legislation in designing ballots for primary elections in their respective counties. *See* Rajoppi Cert. ¶ 9, Hogan Cert. ¶ 14.

6.      Since the issuance of the preliminary injunction, no discovery has been exchanged between Plaintiffs and any of the County Clerks or the CCDC. *See* Dkt. 297-1.

7.      The Court has not held a case management conference or issued a case management order setting forth a discovery schedule. *See generally* Dkt 3:24-cv-1098.

8.      There has been no formal expert discovery pursuant to the procedures set forth in Fed. R. Civ. P. 26(a)(2). *Id.*

**GENOVA BURNS LLC**

Dated: March 24, 2025                By:  /s/ *Angelo J. Genova*
                                     Angelo J. Genova, Esq.
                                     Daniel A. Lebersfeld, Esq.
                                     494 Broad Street
                                     Newark, New Jersey 07120
                                     Tel: 973-533-0777
                                     agenova@genovaburns.com
                                     dlebersfeld@genovaburns.com
                                     *Attorneys for Defendant
                                     Joanne Rajoppi*