UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDY KIM, in his personal capacity as a candidate for U.S. Senate, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, et al.,<br><br>Defendants. | Case No.: 3:24-cv-01098-ZNQ-TJB |
| CHRISTINE CONFORTI, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, et al.,<br><br>Defendants. | Case No.: 3:20-cv-08267-ZNQ-TJB |

**PLAINTIFFS' RESPONSE TO CAMDEN COUNTY DEMOCRAT COMMITTEE'S COUNTERSTATEMENT OF MATERIAL FACTS AND STATEMENT OF ADDITIONAL MATERIAL FACTS**

Plaintiffs respond to the Counterstatement of Material Facts of Intervenor Camden County Democrat Committee ("CCDC"), as follows:

**The *Conforti* Matter**

1. On January 25, 2021, Plaintiffs, Christine Conforti; Arati Kreibich; Mico Lucide; Joseph Marchica; Kevin McMillan; Zinova Spezakis; and New Jersey Working Families Alliance, Inc., ("NJWF") (collectively, "*Conforti* Plaintiffs"), filed their First Amended Complaint against Defendants, Christine Giordano Hanlon, in her official capacity as Monmouth County Clerk; Scott M. Colabella, in his official capacity as Ocean County Clerk; Paula Sollami Covello, in her official capacity as Mercer County Clerk; John S. Hogan, in his official capacity as Bergen County Clerk; Edward P. McGettigan, in his official capacity as Atlantic County Clerk; and E. Junior Maldonado, in his official capacity as Hudson County Clerk. *See Conforti* Docket, ECF No. 33.

ANSWER: Admit.

2. Plaintiffs Conforti and Kreibich were federal candidates for the July 7, 2020 Democratic Primary Election. *See Conforti* Docket, ECF No. 33, at ¶¶ 19, 24.

ANSWER: Admit.

3. Plaintiff Lucide was a candidate running for County Clerk in Atlantic County in the June 8, 2021 Democratic Primary Election and a "future" candidate who intends to run for Atlantic County Clerk in 2026. *See Conforti* Docket, ECF No. 33, at ¶¶ 28, 32.

ANSWER: Admit.

4. Plaintiff Marchica was a candidate running for party office on the County Committee in Mercer County from Hamilton Township's 27th Election District in connection with the July 7, 2020 Democratic Primary and, at the time of the filing of the First Amended Complaint, he intended to run again in 2022. *See Conforti* Docket, ECF No. 33, at ¶¶ 33, 36.

ANSWER: Admit. Further responding, Mr. Marchica also ran for the office of Mercer County Committee in the 2022 and 2024 primaries. (Decl. of Antoinette Miles, dated April 21, 2025 ("Miles Decl."), ¶ 4).

5. Plaintiff McMillan was an incumbent Township Committeeperson in Neptune Township and sought reelection to the Neptune Township Committee in connection with the July 7, 2022 Democratic Primary Election. *See Conforti* Docket, ECF No. 33, at ¶ 37.

ANSWER: Admit. Further responding, Mr. McMillan also ran for the office of Neptune Township Committee in the 2024 primary and general elections. (Miles Decl., ¶ 5).

5. At the time of the filing of the First Amended Complaint, he was "contemplating running for office again in the future[.]" *See Conforti* Docket, ECF No. 33, at ¶ 42.

ANSWER: Admit.

6. Plaintiff Spezakis was a federal candidate in the July 7, 2020 Democratic Primary Election and, at the time of the First Amended Complaint, intended to run for the same congressional seat in the June 7, 2022 Democratic Primary Election. *See Conforti* Docket, ECF No. 33, at ¶¶ 44, 47.

ANSWER: Admit.

7. Plaintiff NJWF "organizes campaigns to advance progressive policies and works to elect candidates who share its values and policy priorities." *See Conforti* Docket, ECF No. 33, at ¶ 48.

ANSWER: Admit. Responding further, between 2022 and 2025, at least 22 NJWF members and 34 NJWF endorsees for public or party office in one or more primary or general elections. (Miles Decl., ¶ 6).

8. The *Conforti* Plaintiffs assert various claims and alleged constitutional violations concerning New Jersey's primary election system. *See Conforti* Docket, ECF No. 33.

ANSWER: Admit. The full scope of the *Conforti* Plaintiffs' claims and allegations can be found in the document cited above (*Conforti* Docket, ECF No. 33), as a whole.

9. The *Conforti* Plaintiffs claim that "New Jersey primary election ballots are configured to stack the deck for certain candidates at the expense of others, thereby undermining the integrity of elections and hindering our democracy." *See Conforti* Docket, ECF No. 33 at ¶ 1.

ANSWER: Admit.

10. *Conforti* Plaintiffs seek a declaration that New Jersey's primary election bracketing and ballot placement system is unconstitutional, and seek injunctive relief "to ensure that the primacy effect/positional bias and weight of the

line do not continue to advantage bracketed candidates over other candidates running for the same office . . . ." *See* ECF No. 33, at ¶¶ 12, 13.

ANSWER: Admit that the quoted provisions list some, but not all, of the contentions made by the *Conforti* plaintiffs. *See generally Conforti* ECF No. 33 generally and particularly, the Prayer for Relief therein.

11. On July 21, 2022, CCDC filed a Motion to Intervene. *See Conforti* Docket, ECF No. 126.

ANSWER: Admit.

12. On March 31, 2023, the district court granted CCDC's Motion to Intervene and found that CCDC satisfied the elements of permissive intervention. *See Conforti* Docket, ECF No. 164.

ANSWER: Admit. Further responding, the order merely found that *at that time*, CCDC satisfied the elements of permissive intervention. *Id.*

**The *Kim* Matter**

13. On February 26, 2024, Plaintiffs, Andy Kim, in his personal capacity as candidate for U.S. Senate; Andy Kim for New Jersey; Sarah Schoengood; Sarah for New Jersey; Carolyn Rush; and Carolyn Rush for Congress (collectively, "*Kim*

Plaintiffs"), filed a Verified Complaint against Defendants, the County Clerks, in their official capacities in 19 of the 21 counties in New Jersey, excluding Salem and Sussex Counties. *See Kim* Docket, ECF No. 1.

    ANSWER: Admit.

14. The *Kim* Plaintiffs' Verified Complaint asserts various claims challenging the constitutionality of New Jersey's primary election bracketing system and ballot position and placement system. *Id.* at ¶¶ 1-15, 168-227.

    ANSWER: Admit.

15. The *Kim* Plaintiffs seek a judgment that New Jersey's primary election bracketing and ballot placement system is unconstitutional. *Id.* at ¶ 16.

    ANSWER: Admit that the cited aspects of the complaint list some, but not all, of the relief sought by the *Kim* plaintiffs. *See generally Kim* ECF No. 1 generally and particularly, the Prayer for Relief therein.

16. Specifically, *Kim* Plaintiffs seek a judgment that the following practices and the statutes that enable them violate the United States Constitution with respect to primary elections in New Jersey: (1) ballots designed by columns or rows, rather than by office sought; (2) ballot draws that do not include a separate

7

drawing for every office and where every candidate running for the same office does not have an equal chance at the first ballot position; (3) positioning candidates on the ballot automatically based upon a ballot draw among candidates for a different office; (4) placement of candidates such that there is an incongruous separation from other candidates running for the same office; (5) placement of candidates underneath another candidate running for the same office, where the rest of the candidates are listed horizontally, or to the side of another candidate running for the same office, where the rest of the candidates are listed vertically; and (6) bracketing candidates together on the ballot such that candidates for different offices are featured on the same column (or row) of the ballot. *Id.*, Prayer for Relief, paragraph (a).

ANSWER: Admit that the cited aspects of the complaint list some, but not all, of the relief sought by the *Kim* plaintiffs. *See generally Kim* ECF No. 1 generally and particularly, the Prayer for Relief therein.

17. The *Kim* Plaintiffs also seek, among other things, judgment awarding *Kim* Plaintiffs all reasonable attorneys' fees, costs, and disbursements incurred in connection with bringing this action pursuant to 42 U.S.C. § 1988, and other applicable laws. *Id.*, Prayer for Relief, paragraph (d).

ANSWER: Admit that the cited aspects of the complaint list some, but not all, of the relief sought by the *Kim* plaintiffs. Further responding, Plaintiffs' complaint seeks an award of counsel fees, costs, and disbursements incurred in connection with bringing the action pursuant to 42 U.S.C. 1988, and other applicable laws, as described in the Prayer for Relief therein. (*Kim* ECF No. 1, Prayer for Relief).

18.    Contemporaneous with the filing of the Verified Complaint, the *Kim* Plaintiffs filed a Motion for Preliminary Injunction, seeking to enjoin Defendant Clerks from preparing or using any ballot design in the then-upcoming 2024 primary election that, in *Kim* Plaintiffs' view, is unconstitutional and require Defendant Clerks to use for all voters an office-block ballot rather than a ballot organized by column or row. *See Kim* Docket, ECF No. 5, at 1-2.

ANSWER: Admit. The accompanying Order to Show Cause offers further specification of the relief sought. See Kim Docket, ECF No. 5-2.

19.    The *Kim* Plaintiffs also sought to enjoin Defendant Clerks from conducting draws for ballot positions that do not include a separate drawing for every office and candidate, and where every candidate running for the same office has an equal chance at the first ballot position. *Id.* at 2.

ANSWER: Admit. The accompanying Order to Show Cause offers further specification of the relief sought. See Kim Docket, ECF No. 5-2.

20. On March 4, 2024, CCDC filed a Motion to Intervene pursuant to Fed. R. Civ. P. 24 and an Opposition to *Kim* Plaintiffs' Request for Injunctive Relief. *See Kim* Docket, ECF No. 41.

ANSWER: Admit.

21. CCDC, a statutory non-profit regular Democratic Party Organization for Camden County, intervened to protect its First Amendment rights and opposed the request for injunctive relief. *See Kim* Docket, ECF No. 41-1, at 4, 7-16.

ANSWER: Denied as written. The CCDC's position was and remains broader than what is claimed in this statement. In particular, CCDC argued that even though Plaintiffs' complaint, if successful, would (a) leave undisturbed CCDC's rights to endorse candidates and to communicate that endorsement; and (b) leave undisturbed their right to a slogan stating that endorsement next to endorsees' names on the ballot, it would still yield an unconstitutional abridgment of their rights. (See *Kim* ECF No. 44-1, pp. 8-10). At this time, these rights remain secured. Thus, CCDC's position, as evidenced by its ongoing choice to continue to litigate this matter despite subsequent events including that the County Clerk of

Camden has entered into a court-enforced settlement agreement to ensure office block ballot design, actually goes well beyond their description of their objectives as stated above. Further, their endorsement and slogan rights described above remain secured by P.L. 2025, c.32.

22. On March 14, 2024, this Court granted CCDC's motion to intervene, finding that CCDC satisfied the elements of permissive intervention under Fed. R. Civ. P. 24(b)(1)(B), and that CCDC "has defenses that share common questions of law and fact regarding the constitutionality of New Jersey's primary election system, as well as its administration and application of New Jersey's election laws." *See Kim* Docket, ECF No. 121, at 1.

ANSWER: Admitted that the statement accurately quotes a part of the cited order of this Court. *See Kim* Docket, ECF No. 121. Further responding, the order merely found that *at that time*, CCDC satisfied the elements of permissive intervention. *Id.*

23. On March 18, 2024, pursuant to Fed. R. Civ. P. 65, this Court conducted an evidentiary hearing on *Kim* Plaintiffs' Motion for Preliminary Injunction. *See Kim* Docket, ECF No. 159; ECF No. 194, at 2.

ANSWER: Admit.

24. This Court ultimately granted the *Kim* Plaintiffs' Motion for Preliminary Injunction. *See Kim* Docket, ECF Nos. 194, 195.

ANSWER: Admit.

25. The CCDC appealed, and the Third Circuit ultimately upheld the district court's order granting the preliminary injunction. *See Kim* Docket, ECF No. 201; *See Kim, et al. v. Hanlon, et al.*, Case No.: 24-1594 [hereinafter "Third Circuit Docket"], Doc. Nos. 88, 89.

ANSWER: Admit and further noting that the Third Circuit opinion was unanimous and published, and that no panel or *en banc* reconsideration of the decision, or review in a higher court, was pursued.

26. On May 9, 2024, the certified judgment of the Third Circuit was entered in lieu of a formal mandate. *See Kim* Docket, ECF No. 233.

ANSWER: Admit.

27. On remand, the parties have engaged in good-faith discussions to resolve these matters, and various county clerks have entered into settlements with

Plaintiffs in both the *Conforti* and *Kim* matters. *See, e.g.*, *Kim* Docket, ECF No. 265.

ANSWER: The description of the negotiations as "good-faith" is a legal conclusion, not an alleged undisputed material fact, and as such no response is required or made. Otherwise admitted, with the clarification that 5 of the 6 clerk defendants in *Conforti*, the one clerk intervenor in *Conforti*, 17 of the 19 clerk defendants in *Kim*, and 6 of the 7 county political parties that intervened in one or both cases, entered into settlements with Plaintiffs that were approved and embodied in Orders signed by this Court. (As illustrative examples of these settlements, *see generally Kim* docket, ECF Nos. 237, 238, 240, 247, 258; *Conforti* docket, ECF Nos. 203, 207).

## KIM PLAINTIFFS' ADDITIONAL STATEMENT OF MATERIAL FACTS

1. Carolyn Rush, a plaintiff in the *Kim* matter, is currently running for the office of New Jersey Assembly, District 1, in the 2025 Democratic Party Primary. (Miles Decl., ¶ 3).

2. Plaintiff Marchica ran for the office of Mercer County Committee in the 2022 and 2024 Democratic Party primaries. (Miles Decl., ¶ 4).

3. Plaintiff McMillan ran for the office of Neptune Township Committee in the 2024 Democratic Party primary and general election. (Miles Decl., ¶ 5).

13

4. Between 2022 and 2025, 34 people ran for public or party office in one or more primary or general elections as NJWF endorsees. Of those 34, 22 of them were NJWF members at the time they sought office. (Miles Decl., ¶ 6). Fifteen of those individuals are pursuing office in the 2025 Democratic primary. (*Id.*).

5. After proceedings in this matter concluded in the Third Circuit Court of Appeals, *no* defendant or intervenor, including intervenor CCDC or the remaining defendants, the Bergen and Union County Clerks either (a) sought an Initial Conference pursuant to Fed. R. Civ. P. 16; or (b) sought a waiver from Plaintiffs' counsel or the Court from the provisions of Fed. R. Civ. P. 26(d)(1) that would otherwise bar Defendants and CCDC from taking discovery, including discovery of experts. *See generally Kim* docket.

6. Further, upon information and belief, no defendant or intervenor has identified and engaged a qualified expert whose report might have been relied upon in the present round of motion practice. Supporting this belief is the absence of any competing expert report filed on behalf of any of the remaining parties to the matter in the present round of motion practice.

7. On December 10, 2024, this Court entered an order that "any dispositive motions shall be filed by no later than 03/14/2025." (*Conforti* ECF No. 227). Despite this, the remaining parties still manifested no interest in taking

plaintiffs' experts' depositions or retaining an expert of their own, knowing the dispositive motion deadline was looming.

8. At least one county clerk, the Camden County Clerk, in the 2025 primary, failed to comply with P.L. 2025, c.32, section 2(a)(4) (the "New Ballot Law" or "NBL"), that mandated the design of primary ballots with an "oval or space for the voter to mark a vote . . . to the left or to the right of the name of each candidate." Instead, she designed the ballots with a single oval to support *en bloc* an entire slate of candidates - in some instances up to 74 individuals - running for party office. (Declaration of Yael Bromberg ("Bromberg Decl."), April 23, 2025, ¶¶ 4-6).

9. At least one NJWF member will be competing in a Camden race where the ballot fails to have an oval next to her name personally. (Bromberg Decl., Exh. B (Camden City Ballot); Miles Cert., ¶ 6).

10. Exhibit B to the Bromberg Declaration demonstrates the ballot prepared by the Camden County Clerk for use in Camden City and Cherry Hill Township that is contrary to the mandates of Section 2(a)(4) of the NBL. (Bromberg Decl., Exh. B).

11. Thus, at least one county clerk has demonstrated an inability or unwillingness to follow the mandates of the NBL. (Bromberg Decl., ¶¶ 4-6 & Exh, B).

12. Separately, the preliminary injunction in this matter, *Kim* ECF No. 195, section 3(b) states that: "Defendants are enjoined from conducting draws for ballot positions that do not include a *separate drawing* for *every* office *and candidate*." (emphasis added) *Id.*

13. Despite this, section 4(d) of the NBL, states that: "[i]f candidates have requested to be associated pursuant to subsection a. of this section, the associated *candidates* shall be drawn *together* for position on the ballot pursuant to R.S.19:23-24." *Id.*

14. An illustrative example of associated candidates pursuing the same office being drawn together, is reprinted as Exhibit C to the Bromberg Declaration, specifically in the General Assembly and County Committee races therein.

Respectfully submitted,

| WEISSMAN & MINTZ | BROMBERG LAW LLC |
|---|---|
| Attorneys for Plaintiffs | Attorneys for Plaintiffs |

By:   /s/ Flavio L. Komuves            /s/ Yael Bromberg

   /s/ Brett M. Pugach

Dated: April 23, 2025