UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDY KIM, in his personal capacity as a candidate for U.S. Senate, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, et al., <br><br> Defendants. | Case No.: 3:24-cv-01098-ZNQ-TJB |
| CHRISTINE CONFORTI, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, et al., <br><br> Defendants. | Case No.: 3:20-cv-08267-ZNQ-TJB |

## DECLARATION OF YAEL BROMBERG

YAEL BROMBERG, of full age, declares as follows:

1.    I am an attorney at law admitted to practice in all courts of the state of

New Jersey, including the United States District Court. I am one of the counsel of

record in the above-captioned matters, and am also counsel of record in *South Jersey Progressive Democrats v. Lampitt*, Docket No. CAM-L-1141-25 (the "*Lampitt* case"). The statements herein are based on the public filings and proceedings in the *Lampitt* case, and on the provisions of what has been referred to as the "New Ballot Law" or "NBL," *i.e.*, the recent legislation that amends New Jersey law on primary ballot design, codified at P.L. 2025, c.32.

2.      Section 2(a)(4) of the NBL provides that in listing candidates' names on a primary ballot, "the oval or space for the voter to mark a vote shall be to the left or to the right of the name of <u>each candidate</u>, and each candidate's name shall appear flush next to and aligned with the oval or space[.]" (emphasis added).

3.      In the 2025 primary, Camden County Democrats are electing members of the County Committee. Successful election to that office brings with it membership in Intervenor Camden County Democrat Committee.

4.      In designing the 2025 ballot, the Camden County Clerk failed to comply with section 2(a)(4) of the NBL. Specifically, for candidates for Democratic County Committee, the Clerk listed all candidates running for that office under a particular slate *en bloc* with a single oval for the entire slate, rather than an oval or space next to "each candidate" as required by law.

5.      In the interest of not burdening the Court with a voluminous filing, I attach hereto in further support of the foregoing:

Exhibit A, the Verified Complaint in the *Lampitt* case without its exhibits; and

Exhibit B, the printer's proof for two 2025 Democratic primary ballots in Camden County – one for the City of Camden and the other for the Township of Cherry Hill – illustrating ballots showing a bloc of candidates with a single oval to vote for all of them, contrary to section 2(a)(4) of the NBL.

6.    In the *Lampitt* matter, the Plaintiffs secured an agreement with the Defendant there to place an oval next to each candidate's name in one municipality (Collingswood) where the number of candidates to be elected was not large, only 18 candidates. However, in another municipality with a slate that was four times the size of Collingswood's (Cherry Hill, with 74 candidates), the parties did not reach agreement. The matter was dismissed without prejudice by agreement of the Plaintiffs and Defendant County Clerk, so that the parties can continue discussing and resolving the Clerk's noncompliance with the NBL in future County Committee elections in all municipalities in Camden County in light of the technological ability of the voting machines in Camden County to allow for compliance.

7.     Attached hereto as Exhibit C is the anticipated ballot for Tenafly, Bergen County for the 2025 Democratic Primary, which was obtained from https://www.bergencountyclerk.gov/_Content/pdf/voting/sample-ballots/2025/Tenafly.pdf. In this ballot, particularly, the General Assembly and County Commissioner races, what is illustrated is the fact that the Bergen Clerk implemented "in-office bracketing," that is, the ability of two or more candidates pursuing the same office to be drawn together and listed adjacent to one another. Note that this Court's preliminary injunction barred "ballot draws that do not include a separate drawing for every office *and where every candidate running for the same office does not have an equal chance at the first ballot position." Kim* ECF No. 195, Section 3(b) (emphasis added). The NBL's allowance of in-office bracketing and a joint draw is inconsistent with the spirit and intent of this Court's rulings that every candidate had to be drawn separately with an equal chance of obtaining first position, and the Court's general findings regarding fair and equal representation on the ballot.

I declare that the foregoing is true and correct. Executed this 23rd day of April, 2025.

_____

YAEL BROMBERG

# EXHIBIT A

**BROMBERG LAW LLC**
Yael Bromberg, Esq. (036412011)
PO Box 1131
Glen Rock, NJ
Phone: (212) 859-5083
Fax: (201) 586-0427
ybromberg@bromberglawllc.com

*Attorney for Plaintiffs Kate Delany, Susan Druckenbrod, David Stahl, Rena Margulis, and South Jersey Progressive Democrats*

<table>
<tr><td>

SOUTH JERSEY PROGRESSIVE DEMOCRATS, KATE DELANY, SUSAN DRUCKENBROD, DAVID STAHL, RENA MARGULIS

Plaintiffs,

v.

PAMELA R. LAMPITT, in her capacity as Clerk of the County of Camden,

Defendant.

and

TAHESHA WAY as an interested party in her capacity as Secretary of State.

Interested Party

</td><td>

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION:
CAMDEN COUNTY

Docket No.:

<u>**VERIFIED COMPLAINT ACCOMPANYING ORDER TO SHOW CAUSE SEEKING TEMPORARY RESTRAINTS**</u>

</td></tr>
</table>

Plaintiffs South Jersey Progressive Democrats ("SJPD"), Kate Delany, Susan Druckenbrod, David Stahl, and Rena Margulis (collectively "Plaintiffs"), bring this suit challenging a violation of state law in connection with the fundamental right to vote, equal protection, and associational rights, against the Clerk of the County of Camden, in her official capacity ("County Clerk") and the Secretary of State as an interested party in her capacity as chief election official for the State of New Jersey (collectively "Defendants").

This lawsuit is not complicated. A new ballot design law, P.L. 2025, c.32 (hereinafter, "NBL") (Y.Bromberg Certification, Exhibit B, NBL) was signed into law one month ago on March 6, 2025 with near unanimous approval in the Senate and in the Assembly, including by every member of the Camden delegation, with no reservation offered with regard to the express mandate of the NBL for an oval affixed for each candidate. The law plainly requires that the voter may indicate his or her choice next to the name of _each_ candidate for each office with an oval or other appropriate mark, and that the ovals be flushed next to the name of each such candidate, and consistent within and across office blocks. Despite the crystal-clear clarity of the law, the Camden County Clerk's Office has recently indicated to candidates and the public that it apparently does not intend to honor the oval-mandate of the NBL, and that the County Clerk intends to design the ballot such that voters cannot elect members for county committee individually. The plain statutory violation also implicates related constitutional rights.

## PARTIES

1.   While the Plaintiff-candidates seeking office are uniquely qualified, their stories are not unique in Camden County where the Defendant Clerk apparently refuses to uniformly allow for the election of individual candidates to county committee. In some municipalities within the County, candidates for such positions have historically been individually elected, while in other municipalities within the county, they have not been. (Exh. F., demonstrating internal consistencies in prior Camden County ballots predating passage of the NBL, and further demonstrating that Camden County ballots allow for voters to select an option on the second page of a ballot.) Nonetheless, the NBL mandates that an "oval or space for the voter to mark a vote shall be to the left or to the right of the name of _each candidate, and each candidate's name shall appear flush next to and aligned with the oval_ or space in a _consistent manner_ which does not create any visual distinction between candidate names." (Exh. B, NBL, New Section 2(a)(1) (emphasis added.) Accordingly, the NBL amended N.J.S.A. 19:23-25 such that voters are to be instructed on the

2

ballot to indicate their selection "on the oval or space next to the name of such person." Note the singular reference. (Exh. B, NBL, Section 6.) The NBL further requires that the candidates be arranged on the ballot such that "[i]immediately next to the name of *each* candidate for office and position shall be printed an oval or space in which the voter shall indicate the voter's choice." (*Id.*, emphasis added.) While the County Clerk for Camden County has yet to provide a printer's proof of the ballot by the statutory deadline, she has affirmed, via her Deputy County Clerk, her intention to not list an individual oval next to each candidate. This case is very simple, and concerns the basic ability for voters to select, and candidates to run, with, essentially, a bubble selection for voter choice to elect each candidate for each office, as expressly required by the NBL.

2.   Plaintiff Kate Delany serves as the head of South Jersey Progressive Democrats and was the elected municipal chair of the Collingswood Democrats from 2019 to 2021. She is a registered voter and is running for the office of county committee in the 2025 Democratic Party Primary in Collingswood, NJ in order to effect change within the Democratic Party in Camden County, and specifically to make sure that the party is active and open to all interested Democrats, and to encourage issues that matter most to the Democrats of the county. She has been the head of South Jersey Progressive Democrats since 2019 and actively organizes with grassroots activists across the region on issues of environmentalism, workers' rights, public education, social justice, and good government reforms. During her tenure as President, South Jersey Progressive Democrats was active on both issue and electoral campaigns, as well as democracy work. She previously served as a board member of the Good Government Coalition of New Jersey and was active on the campaign for fair ballots in New Jersey. Via South Jersey Progressive Democrats, she is a coalition member of Camden for Clean Air, a grassroots group comprised of members from the city and suburbs working together to advance environmental justice in Camden County. She works as a political organizer for an environmental nonprofit that is focused on opposing the expansion of fossil fuels in New Jersey as well as working to protect safe, affordable public water for all.

3

3.    Plaintiff Susan Druckenbrod is running for the office of county committee in the 2025 Democratic Party Primary in Cherry Hill, NJ. She is a founding member of Cherry Hill Progressive Democrats in 2017, which then expanded to South Jersey Progressive Democrats in 2019. She is a registered voter and is currently running for county committee in Cherry Hill explicitly to represent her district, which presently has no representation, to the larger committee. She works with South Jersey Progressive Democrats to lead and organize across the seven-county region. She is a board member with her faith's legislative advocacy ministry, the Unitarian Universalist Faith Action NJ. Professionally, Susan is an English as a Second Language teacher, having taught to students from all over the world, representing forty countries, who now call South Jersey their home.

4.    Plaintiff David Stahl is a registered voter and is running for the office of county committee in the 2025 Democratic Party Primary in Cherry Hill, NJ. He joined South Jersey Progressive Democrats nearly a decade ago to get involved locally with Democratic politics. He joined the organization after endeavoring to get involved directly with the county political party and receiving no responses. He then began increasing his involvement with South Jersey Progressive Democrats by joining a slate of candidates to run as a committee member in 2019. He grew up in Gloucester County, obtained a B.A. in Theater, and then a Master's (MS) in Business Analytics, both from Temple University. He has lived in Cherry Hill since 2015.

5.    Plaintiff Rena Margulis is a registered voter and is running for the office of county committee in the 2025 Democratic Party Primary in Cherry Hill, NJ. She has been a resident of Cherry Hill since 2002 and is a founding member of South Jersey Progressive Democrats. In 2017, she was part of the organizing effort in Cherry Hill to run candidates for the office of county committee. She has also previously run for the office of County Clerk. She has been very vocal and involved in organizing a fair ballot in New Jersey and is a regular attendee of the Camden County Board of Elections meetings.

4

6.   Plaintiff South Jersey Progressive Democrats (SJPD) was and is the primary independent Democratic Party organization in South New Jersey. SJPD is comprised of progressive Democratic party voters, candidates and representatives across South Jersey. SJPD believes in social, political and economic justice, including environmental justice, and supports candidates for county committee and various other local, county and state offices to ensure that party and elected officials reflect the values of fairness, equality, and justice for all, and open and transparent government.

7.   Defendant Pamela R. Lampitt is the Clerk of the County of Camden, who is vested with certain statutory duties and obligations including the designing and printing of sample ballots, machine ballots, and mail-in ballot materials, the issuance of mail-in ballots, and conducting a drawing for ballot positions for county elections held in Camden County.

8.   Interested Party Secretary of State Tahesha Way is designated the "chief State election official" pursuant to N.J.S.A. § 19:31-6a, and is listed here as an interested party.

## JURISDICTION AND VENUE

9.   The Superior Court has jurisdiction over this election matter pertaining to ballots with respect to the Democratic Primary Election to be held on June 10, 2025.

10.   Venue is proper in Camden County under R. 4:3-2(a)(2) because, although the law at issue was adopted in Mercer County and is overseen statewide by the Secretary of State as chief election official pursuant to N.J.S.A. § 19:31-6a from offices in Mercer County, the pertinent action of ballot design and its production arises in Camden County.

## BACKGROUND

11.   Primary elections for the Democratic and Republican parties are scheduled to take place throughout the State on June 10, 2025 to determine, among other things, the composition of county party committee membership. (See Exh. C, 2025 NJ Election Calendar.)

12.   County clerks, in carrying out their duties, are subject to certain restrictions and obligations, as set forth in the NBL, such that "[a]ll primary election ballots used in this State shall

5

comply with [specific] design standards" including "(1) the oval or space for the voter to mark a vote shall be to the left or to the right of the name of each candidate, and each candidate's name shall appear flush next to and aligned with the oval or space in a consistent manner which does not create any visual distinction between candidates." (Exh. B, NBL) (New Section 2(a)(1).)

13.     The NBL further requires that "all office blocks appearing on one ballot shall be designed according to the same standards of design, consistent with the provisions of this section" and prescribes related duties for county clerks. (Exh B, NBL) (New Section 2(a)(4).)

14.     The NBL further specifies text to be printed on the ballot to "instructing the voter how to indicate the voter's choice for each office and position, and for how many persons to vote for each office and position: To vote for any person whose name is printed on this ballot mark a cross x, plus +, check, or an otherwise appropriate mark on the oval or space next to the name of such person." (Exh B, NBL) (N.J.S.A. 19:23-25, as amended by NBL.)

15.     The NBL further amends N.J.S.A. 19:23-25 in specifying the design of each office block, such that "Immediately next to the name of each candidate for office and position shall be printed an oval or space in which the voter shall indicate the voter's choice." (Exh B, NBL, N.J.S.A. 19:23-25, as amended by NBL.)

16.     The NBL was developed following extensive public hearings, passed both houses, and was signed into law by Governor Murphy on March 6, 2025.

17.     Pursuant to N.J.S.A. 19:23-24, county clerks are to conduct public draws for candidate placement on the ballots at 3pm on April 3, 2025. (Exh C, NJ Election Calendar.)

18.     During the ballot drawing on April 3, 2025, the Camden County Deputy Clerk acknowledged that the NBL requires the placement of an individual oval next to each candidate's name, but did not feel that the Clerk's office needed to comply with this requirement. (Y.Bromberg Certification, ¶ 9, Recording of Camden Ballot Draw.)

19.      Pursuant to <u>N.J.S.A.</u> 19:14-1, April 4, 2025 marks the deadline for the preparation of official primary election ballots for printing. Accordingly, <u>N.J.S.A.</u> 19:14-1 further directs that "[e]very county clerk shall have ready for the printer" on this day "a copy of the contents of official ballots as hereinafter required to be printed for use at such [primary] election. The county clerk shall also on or before that time place another copy of such contents on file in the county clerk's office and keep the same open to public inspection until the sample ballots hereinafter provided to be printed shall have to be distributed."

20.      Pursuant to <u>N.J.S.A.</u> 19:13-12, April 5, 2025 marks the deadline for filing in Superior Court to protect a primary election candidate's right. Because April 5 falls on a Saturday, the Court Rules direct that the deadline is the end of the day on Monday April 7, 2025, N.J. Rules of Court 1:3-1, although it should be noted that the election-related deadlines are generally interpreted liberally by New Jersey courts for the purposes of ensuring the conduct of fair elections.

21.      The deadline to file in Superior Court is scheduled after the deadline for the clerks to offer printer's proofs for review for public inspection, so that a candidate may accordingly pursue judicial relief to protect or enforce his or her rights.

22.      Nonetheless, on April 4, 2025, the County Clerk did not provide a copy of the printer proof of the ballot for public inspection. (Y.Bromberg Certification, ¶ 10.) Moreover, the Deputy County Clerk repeated his position on behalf of the Clerk's Office, which he first articulated the day prior during the ballot draw, that individual ovals would not be placed alongside each candidate for each office on Camden County ballots.

23.      At some point, the Clerk's Office did post online information of county candidate lists for office. *See* Camden County Candidates List – 2025 Primary, *available at*: https://www.camdencounty.com/wp-content/elections/primary2025/2025_Primary_Candidates_List.pdf (accessed on April 6, 2025, and on file) (incorporated hereto as Exh. D.)

<u>2025 Cherry Hill, NJ Ballots</u>

24.      The 2025 Camden County Candidates List provides that the election for members of county committee in Cherry Hill, NJ will be a "Vote for Seventy-Four" race, meaning that there are seventy-four (74) open positions for office to be presented to voters across Cherry Hill. There are seventy-seven (77) candidates for this position: three (3) of which were drawn first for the ballot, under the slogan South Jersey Progressive Democrats: Plaintiffs Druckenbrod, Stahl, and Margulis. The remaining seventy-four (74) candidates are affiliated with the Camden County Democrat Committee, Inc. (See Exh. D, 2025 Camden County Candidates List.)

25.      If voters are not able to individually select candidates of their choice for county committee, as is currently represented as the position of the Camden County Clerk's Office, then in a "Vote for Seventy-Four" race, they will have to choose to vote for a grouping of three (3) candidates, *and therefore undervote and be disenfranchised as to the ability to vote for the remaining seventy-one (71) open seats*, *and will not be able to vote for more than three candidates notwithstanding that there are seventy-four candidates running for office*, or vote for a grouping of seventy-four (74) candidates. Voters may therefore not choose to vote for the slate of three (3), no matter how much they want to vote for the SJPD or those Plaintiff-Candidates, simply to avoid disenfranchisement of (71) open seats on the ballot. (See Exh. E, Certifications by voters of Cherry Hill and Collingswood describing the harms associated with being robbed of the right to individually select their representatives on the local level.)

26.      As a critical threshold matter, it is likely that significant voter confusion will result in Cherry Hill, NJ, including potential overvotes, where every other option on the ballot offers an individual bubble selection for each candidate (as required by the NBL, and as customary and required in New Jersey elections), but where the Cherry Hill county committee race *instructs voters to "Vote for Seventy-Four" although they apparently will only be allowed to make <u>two</u> actual selections on the ballot.* It is unreasonable to expect voters to count out seventy-four (74)

candidates; they could accidentally miscount if they are voting by hand; voters cannot just assume that one slate has enough candidates for every open seat.

27.    This effectively means that Cherry Hill voters cannot vote for the individual candidates who they may personally know from local community events,  and are forced to choose between one grouping or another, rather than individual selections independent of groupings and across groupings in furtherance of their choice of proportional representation among tickets. (See Exh E, Certification by Cherry Hill voter describing concerns of the clerk's "apparent resistance to offering voters an opportunity to independently select their preferred candidates" in furtherance of a ballot design "to limit and almost force a line-vote. It does not allow a voter to 'mix and match' their preferred candidates" or to exercise their full rights "to select my representatives of choice."). (See Exh E, Certification by Cherry Hill voters describing their prior ability as Merchantville voters in Camden County "to choose to vote for county committee candidates whom we knew and were aligned with our values by selecting candidates individually" but that they learned "as Cherry Hill voters" that they "must choose an entire slate of candidates, rather than our own 'collection' of individuals" whom they "feel worthy of our votes, based on what we know about each candidate.").

28.    By extension, it means that Cherry Hill candidates must campaign and communicate to voters that they effectively need to choose for one grouping or the other, and that voters do not have a direct choice in their proportional representation for county committee.

29.    It also means that if Cherry Hill voters select the first of the only two options presented to them, notwithstanding that the election is for a "Vote for Seventy-Four," and that such instruction is specified on the ballot in accordance to the NBL, the remaining open seventy-one (71) seats on the municipal committee will be subject to appointment, rather than a vote by the voters, thereby removing direct agency from the voters to select the individual candidates of their choosing, and to so elect for all seventy-four (74) open offices available.

30.      Furthermore, to the extent that voters are not confused about the instruction to "Vote for Seventy-Four" although there are only two actual selections on the ballot, the three (3) Cherry Hill Plaintiff-Candidates will be harmed due to voters being drawn to the selection of a fuller slate when a single bubble option is offered for comparatively more positions. To the extent that the voters are confused about the instruction, the three (3) Cherry Hill Plaintiff-Candidates will be harmed due to the likelihood of ballot overvotes and due to the lack of standardization of the ballot design for this unique office.

31.      As a result of ongoing ballot manipulation, South Jersey Progressive Democrats have understandably had difficulty recruiting candidates for office in Cherry Hill when doing so has proved to be a fruitless endeavor. For example, South Jersey Progressive Democrats in 2017 and 2019 ran full and almost full slates for county committee in Cherry Hill, on notorious county-line ballot designs which are no longer in use due to the use of a combination of potential phantom candidates, different slogans on a shared line, comparative lighter weight of the line, and obtaining far-flung ballot real estate such as in Column 7. (Exh G, Prior Cherry Hill ballots.) None of the SJPD candidates were elected into office in 2017 and 2019; it is worth noting that county committee races in Cherry Hill similarly offered only one oval for slate selection. There was no chance for individual candidates for county committee to be individually voted for, although individual county committee candidates in some other municipalities within Camden County *were* afforded individual ovals, and although voters are able to vote on a second page of the ballot. (Exh. F, Internal Inconsistencies among Prior Camden Ballots, and demonstrating the ability of voters to cast a vote on the second page of the ballot.)

<u>Collingswood, NJ 2025 Ballots.</u>

32.      The 2025 Camden County Candidates List provides that the election for members of county committee in Collingswood Borough, NJ will be a "Vote for Eighteen" race, meaning that there are eighteen (18) open positions for office to be presented to the voters across

Collingswood. There are nineteen (19) candidates for this position: one (1) who was drawn for first for the ballot, under the slogan South Jersey Progressive Democrats: Plaintiff Kate Delany, and eighteen (18) affiliated with the slogan Camden County Democrat Committee, Inc. (See Exh D, 2025 Camden County Candidates List.)

33.     If voters are not able to individually select candidates of their choice for county committee, then in a "Vote for Eighteen" race, they will have to choose to vote for a grouping of one (1) candidate, *and therefore undervote and be disenfranchised as to the ability to vote for the remaining seventeen (17) open seats, and will not be able to vote for more than one candidate notwithstanding that there are eighteen candidates running for office*, or vote a grouping of eighteen (18) candidates. Voters may therefore not choose to vote for the slate of (1), no matter how much they want to vote for Plaintiff Kate Delany or SJPD, simply to avoid disenfranchisement of seventeen (17) open seats on the ballot.

34.     As a critical threshold matter, it is likely that significant voter confusion will result in Collingswood, NJ, including potential overvotes, where every other option on the ballot offers an individual bubble selection for each candidate (as required by the NBL, and as customary and required in New Jersey elections), but where the county committee race *instructs voters to "Vote for Eighteen" although they apparently will only be allowed to make <u>two</u> actual selections on the ballot.* It is unreasonable to expect voters to count out eighteen (18) candidates; they could accidentally miscount if they are voting by hand; voters cannot just assume that one slate has enough candidates for every open seat.

35.     This effectively means that Collingswood voters cannot vote for the individual candidates who they may personally know from local community events,  and are forced to choose between one grouping or another, rather than individual selections independent of groupings and even across groupings in furtherance of their choice of proportional representation among tickets. (See Exh E, Certification by Collingswood voter describing that "county committee races are

11

unique because they are so local and it's possible to have personal relationships with multiple candidates, or meet many candidates during the campaign," resulting in a voter "knowing multiple candidates who align with your values," and that preventing voters to "choose individual candidates for the position of county committee based on these shared values" interferes with voters' "ability to choose candidates based on their political values and my own research, which is a key part of participating in a democracy.") (See Exh. E, Certification by Collingswood voter describing stating that "it sounds obvious, but being able to vote for candidates who may or may not have been endorsed by the county party, aren't running together, and may not even like each other is, if not the essence of democracy, an example of it. Denying voters the option of voting for individual candidates rather than a block of candidates, some of whom they may like but some of whom they won't, defeats the purpose of voting: that you can choose ALL the candidates you like, not just some of them.").

36.     By extension, it means that Collingswood candidates must campaign and communicate to voters that they effectively need to choose for one grouping or the other, and that voters do not have a direct choice in their proportional representation for county committee.

37.     It also means that if Collingswood voters select the first of the only two options presented to them, notwithstanding that the election is for a "Vote for Eighteen," and that such instruction is specified on the ballot in accordance with the NBL, the remaining open seventeen (17) seats on the municipal committee will be subject to appointment, rather than a vote by the voters, thereby removing direct agency from the voters to select the individual candidates of their choosing, and to so elect for all eighteen (18) open offices available.

38.     Furthermore, to the extent that voters are not confused about the instruction to "Vote for Eighteen" although there are only two actual selections on the ballot, the Collingswood Plaintiff-Candidate will be harmed due to voters being drawn to the selection of a fuller slate when a single bubble option is offered for comparatively more positions. To the extent that the voters

are confused about the instruction, the Collingswood Plaintiff-Candidates will be harmed due to the likelihood of ballot overvotes and due to the lack of standardization of the ballot design for this unique office.

39.    As a result of ongoing ballot manipulation, South Jersey Progressive Democrats have understandably had difficulty recruiting candidates for office in Collingswood when doing so has proved to be a fruitless endeavor. For example, in 2021, Plaintiff Delany ran as an incumbent-candidate for county committee, on a slate of sixteen (16) candidates, who were mostly comprised of incumbent-candidates. No one on this 2021 SJPD slate was elected to office due to ballot manipulation that has been endemic in Camden County and in New Jersey such as the comparative weight of the line and Ballot Siberia. (Exh G, Prior Collingswood ballots.)  In 2023, a smaller slate of SJPD ran for county committee, discouraged by ongoing, notorious ballot manipulation. Again, no one on this 2023 SJPD slate was elected to office. It is worth noting that in 2021 and 2023, county committee races in Collingswood similarly offered only one oval for slate selection; there was no chance for individual candidates to be individually voted for, although individual county committee candidates in some other municipalities within Camden County *were* afforded individual ovals, and although prior Camden County ballots demonstrate the ability for voters to cast a vote on the second page of the ballot. (Exh. F, Internal Inconsistencies among Prior Camden Ballots.)

***

40.    Candidates for office are not required to, nor should they be required to, associate with and run a full slate of candidates in order to be fairly treated on the ballot and have an equal opportunity to be elected into office, particularly in connection with the ability to represent their local neighborhood and local neighborhood interests. The rights of the Plaintiff-Candidates have accordingly been infringed.

41.     Voters are not required to, nor should they be required to, be limited in their right of association and election of candidates listed on the ballots, even if those candidates are associated with different slogans. The rights of the Plaintiff-Candidates have accordingly been infringed, as candidates themselves whose supporters want to vote for them free of infringement, and as voters themselves insofar as they want to cast a vote for their own slate of three (3) or one (1), respectfully, and for certain candidates among their seventy-one (71) or seventeen (17), respectfully, remaining choices for candidate-selection, notwithstanding that those neighbors may be associated with a different slogan.

42.     New Jersey state and federal law has recognized that candidates have the right to associate, and by extension, the right not to associate. In pertinent part, the District Court decisions which compelled the passage of the NBL recognized that the right not to associate applies to candidates forced to recruit and associate with a full slate of candidates in order to secure favorability and avoid penalization in ballot design, and that the ballot should be free from manipulation such that candidates are treated unequally. These principles apply by extension to the rights of voters to ensure the basic tenets of ballot fairness and clarity.

43.     Moreover, the NBL supports this principle by requiring ovals for each candidate for each office. After extensive public hearings in which the Defendant County Clerk, who was then-a member of the Assembly, and in which the entire Camden delegation participated without raising objection or any caveats or amendment, the NBL was passed to cure various problematic features of prior ballot design law in New Jersey, which voters and candidates across the state are now the beneficiaries of.

44.     The state legislature balanced the potential for voter confusion and ballot arrangements, and expressly provided new language, repeatedly throughout the NBL, to specify that every candidate gets a bubble for every office. No exceptions were provided by law. *Why did the legislature go out of its way to affirm this repeatedly in the NBL?* The NBL offers a ray of

14

sunshine for candidates and voters across New Jersey, including in Camden County, and provides **an unusually clear mandate** as to the assignment of an oval, standardized between and among offices, for each candidate and each office.

45.    <u>N.J.S.A.</u> 19:34-25 further mandates, as amended by the NBL, that specific voter instructions be printed on the ballot: "Below this rule [setting apart the heading of the ballot from the body of the ballot] *shall* be printed the following directions instructing the voter how to indicate *the voter's choice for each office and position*, and for how many persons to vote for each office and position: *To vote for any person whose name is printed upon this ballot* mark a cross x , plus + , check, or any otherwise appropriate mark *on the oval or space next to the name of such person*." (Exh B, New Ballot Law, Section 6) (emphasis added.)

46.    <u>N.J.S.A.</u> 19:34-25 further mandates that below the aforementioned instruction to the voter to be printed on the ballot, "shall be printed a heavy diagram rule below which shall be printed the government levels describing the offices to be voted for below which shall be separate office blocks headed by the titles of offices and positions for which candidates are to be voted for at the primary election, together with such directions to the voter as may be necessary. *"Vote for one," "Vote for two,"* or a greater number, as the case may be, *shall* be included with any other direction to the voters, and shall be printed in an obvious and conspicuous manner*." (Exh B, New Ballot Law, Section 6) (emphasis added.)

47.    <u>N.J.S.A.</u> 19:34-25 further mandates the ballot design such that "*immediately next to the name of each candidate for office* and position *shall* be printed *an oval or space in which the voters shall indicate the voter's choice*. A heavy diagram rule shall be used between each office block. The ballot shall be so arranged that all candidates seeking the same office are listed in one contiguous office block. No candidate shall be separated from other candidates seeking the same office on the ballot." (Exh B, New Ballot Law, Section 6) (emphasis added.)

48.     Should the Camden County Clerk proceed to design the ballot in such a manner which does not designate an individual office or space in which the voter shall indicate the voter's choice, doing so is in direct contradiction with multiple provisions of the NBL which expressly provide for this ballot design in the individual selection of candidates, as additionally embedded in the specific instructions to be printed on the ballot for the voters to understand how to vote. Doing so also directly conflicts with general ballot design mandates in the NBL including for consistency of formatting across the ballot, as delineated in New Section 2(a)(5)(emphasis added) which specifies that "all spacing, ruling, and delineation of candidates shall be *consistent and uniform* within each office block and across all office blocks included on each ballot, so as not to create a separation or visual distinction between the names of any candidates," and in such a manner as to avoid voter confusion, such as in New Section 2(a)(2) which specifies that "all text shall be written in plain, simple language, to the extent possible, and shall avoid overly technical language."

49.     Notably, the NBL does not extend any discretion to the County Clerk to withhold a separate oval or appropriate space for the selection of each candidate for each office, nor does it create any exceptions to the rule.

50.     Indeed, among the stated purposes of the NBL, the Legislature recognized that "As the most critical stage in the electoral process is the instant before the vote is cast, the design for the new primary election ballot seeks to: (1) ensure that voters can understand the ballot; (2) maintain a manageable ballot; (3) reduce voter confusion; (4) provide voters with information as to the policy positions and endorsements of the candidates running for office; and (5) allow voters to quickly find their preferred choice of candidate for a given office and cast their vote." (Exh B, NBL, New Section 1(j)).

51.     The Defendant County Clerk's proposed abandonment of an individual voter choice selection associated with each candidate for each office runs counter to the Legislature's

stated purpose to ensure an understandable, manageable ballot which reduces voter confusion and allows voters to quickly find their preferred choice of candidate for a given office and cast such vote.

52.     Further, the NBL provides that the "Secretary of State, in consultation with all county clerks, shall promulgate uniform guidelines for all county clerks to follow in order to comply with the requirements of this section." (Exh B, NBL, New Section 2.)

53.     April 19, 2025 marks the commencement of mailing of mail-in ballots for primary election. (See Exh C, 2025 Primary Election Timeline).

54.     May 29, 2025 marks the commencement of mailing sample ballots for the primary election. (See Exh C, 2025 Primary Election Timeline).

55.     The early voting period is June 3 – June 8, 2025. (See Exh C, 2025 Primary Election Timeline).

56.     Primary Election Day is June 10, 2025. (See Exh C, 2025 Primary Election Timeline).

57.     The roles and responsibilities of County Committee representatives include the endorsement of candidates for nomination to the voters, the ability to vote for and fill vacancies, and pursuant to the NBL, the selection of representatives to the State Committee of any political party. On a more practical level, County Committee representatives, particularly on the municipal-level, i.e., where they comprise the Municipal Committee, are elected to advance the localized interests of their neighbors, and invest in this relationship with their neighbor-constituents in a multitude of ways, for example, by holding public meetings to discuss matters of import and to hear from constituents, by facilitating voter registration drives, by hosting special topic forums on issues such as environmental action or housing or immigration or public benefits, and by keeping constituents informed of local, county, and state issues. Or, as Tocqueville described in "Democracy in America," a foundational document describing American exceptionalism: "*local*

17

*assemblies of citizens constitute the strength of free nations. Town-meetings are to liberty what*
*primary schools are to science; they bring it within the people's reach, they teach men how to use*
*and how to enjoy it. A nation may establish a system of free government, but without the spirit of*
*municipal institutions it cannot have the spirit of liberty.*"

### FIRST COUNT

**Violation of New Ballot Law and related constitutional protections in connection
with the fundamental right to vote, equal protection under law,
the freedoms of choice and association, and
the New Jersey Civil Rights Act**

58.     Plaintiffs repeat and reassert all the allegations set forth in the foregoing paragraphs
as if set forth herein at length.

59.     The NBL clearly directs that "all primary election ballots used in this State shall
comply with the following design standards: (1) *the oval or space for the voter to mark a vote* <u>*shall*</u>
be to the left or to the right of the name of *each candidate, and each candidate's name shall appear*
*next to and aligned with the oval or space in a consistent manner* which does not create any visual
distinction between candidate names; (2) all text shall be written in *plan, simple language*, to the
extent possible, and shall avoid overly technical language; . . . (4) *all office blocks appearing on*
*one ballot shall be designed according to the same standards of design*, consistent with the
provisions of this section; (5) all spacing, ruling and delineation of candidates shall be *consistent*
*and uniform within each office block and across all office blocks* included on each ballot, so as not
to create a separation or visual distinction between the names of any candidates." (Exh B, NBL,
New Section 2(a)) (emphasis added).

60.     The county clerk is further directed to design the ballot with specific text and
instruction to be placed on the ballot which specifies that the voter is informed to "indicate the
voter's choice for each office and position, and for how many persons to vote for each office and
position" and specifically that the instructions on the ballot read: "To vote for any person whose

18

name is printed upon this ballot mark a cross x , plus +, check, or an otherwise appropriate mark *on the oval or space next to the name of such person*" and that further in the body of the ballot, the voter be instructed in connection with the appropriate office block for county committee: "'Vote for one,' 'Vote for two,' or a greater number, as the case may be, *shall* be included with any other directions to the voters, and shall be printed in an obvious and conspicuous manner." (Exh B, NBL, Section 6, N.J.S.A. 19:23-25, as amended) (emphasis added).

61.     The NBL is replete with language specifying that an oval is to be included for each candidate for each office, and is replete with language referring to voter choice. The legislative findings supporting passage of the NBL reiterate the need to ensure an understandable, manageable ballot which reduces voter confusion and allows voters to quickly find their preferred choice of candidate for a given office and cast their vote, and reiterates the need for standardized, uniform, and user-friendly design principles.

62.     The County Clerk of Camden County lacks discretion to choose whether or not to place an oval or space next to the name of each candidate for each office.

63.     The failure to allow for an individual selection of each candidate for each office by affixing an oval or space next to the name of each candidate for each office is an obvious violation of the new ballot design law, P.L. 2025, c.32.

64.     The failure to implement this statutory requirement further violates the right to equal protection of the laws as enshrined in the New Jersey Constitution art. I, ¶ 1 and the Fourteenth Amendment of the U.S. Constitution; related freedom of speech and freedom of association rights similarly enshrined in the New Jersey Constitution Article I, Section 6 and the First Amendment of the U.S. Constitution; and the fundamental right to vote for a candidate for elective office of one's choosing as guaranteed by the New Jersey Constitution art. 2, § 1, ¶ 3 and the Fourteenth Amendment.

65.     These statutory and constitutional rights are each implemented by <u>N.J.S.A.</u> 10:6-2(c) of the New Jersey Civil Rights Act, in connection with the fundamental right to vote, the freedom of choice and association (including the right not to associate) in connection with same, and the right to equal treatment on the ballot.

66.     These statutory and constitutional provisions are intended to ensure election integrity and voter choice in connection with ballot design, and place clear obligations on the part of the Defendant County Clerk with respect to the design of the ballot as prescribed by the NBL.

67.     The statutory and constitutional provisions set forth above are intended to protect Plaintiffs' rights to run for office and be elected to same, to ensure equal treatment on the ballot, to ensure that voters have a clear and functional ballot which avoids confusion or ballot manipulation, such that elections are conducted in a fair and impartial manner and such that they *mean* something, and place clear obligations on the part of Defendant County Clerk to design a ballot ensuring that a voter may individually select candidates for office, ensuring that the ballot avoids voter confusion including the possibility of over-voting, and assigns equal weight to all votes for office.

68.     Plaintiffs' rights have been invaded by the Clerk's arbitrary and capricious actions.

69.     Plaintiffs' rights have been invaded by the Clerk's actions contrary to law.

70.     The Defendant County Clerk deprived Plaintiffs of their substantive rights.

71.     The Defendant County Clerk's deprivation of Plaintiffs' rights occurred "under color of law," as she was acting in her official capacity.

72.     Plaintiffs are entitled to damages and to reasonable attorney's fees and costs pursuant to <u>N.J.S.A.</u> 10:6-2(f) and <u>N.J.S.A.</u> 10:5-27.1.

**WHEREFORE**, Plaintiffs demand judgment as follows:

A.     On a temporary, preliminary, and permanent basis, compelling the County Clerk of Camden County to prepare all ballots with respect to the June 10, 2025 Primary Election in Cherry

20

Hill and in Collingswood that ensures an individual oval or space to allow voters to vote for each candidate for each office on the ballot, including the offices of county committee members, in a manner which complies with the NBL, the right to vote, the right to equal protection, and the right of association (and the right not to associate) under the Federal and State Constitutions, the New Jersey Civil Rights Act, and with Title 19's mandates for ballot design such that an individual oval or space is indicated alongside each candidate for each office, including for county committee, in a manner that is consistent within and across office blocks; and

B.      Preliminarily enjoining and restraining the Camden County Clerk from preparing, printing, or disseminating any provisional, emergency, sample, vote-by-mail, overseas, military, machine, paper, electronic, and/or any other form of ballot in connection with the June 10, 2025 Democratic Primary Election in the Borough of Collingswood and in Cherry Hill in such a manner that prevents an individual election for each candidate for each office with the placement of an oval or space in a consistent manner within and across offices on the ballot, until the issues raised in the Verified Complaint in this matter are fully adjudicated; and

C.      Compelling the County Clerk to prepare ballots with respect to all primary elections in Collingswood and Cherry Hill moving forward that feature an individual oval for each office for each candidate on the ballot, so as to treat candidates for office, including candidates for county committee, equally on the ballot, and so that the weight of such votes may be treated equally; and

D.      Ordering an expedited briefing schedule to ensure that the issues raised in this Verified Complaint in this matter are resolved prior to the important election deadlines set forth in Title 19, including, but not limited to, the April 19, 2025 deadline for the commencement of mailing of mail-in ballots; and

E.      Awarding Plaintiffs damages and all reasonable attorney's fees and costs in connection with this matter, pursuant to N.J.S.A. 10:6-2(f) and N.J.S.A. 10:5-27.1; and

F.      Granting such other relief as it may deem right and just upon the determination of this matter.

## SECOND COUNT

**Action in Lieu of Prerogative Writ Pursuant to R. 4:69-1 *et seq*.**

73.     Plaintiffs repeat and reassert all the allegations set forth in the foregoing paragraphs as if set forth herein at length.

74.     The Camden County Clerk erred in failing to place an individual oval or space allowing for the election of each candidate for each office, in violation of the NBL.

75.     The Camden County Clerk lacks discretion pursuant to the NBL to refuse to place an individual oval or space allowing for the election of each candidate for each office.

76.     The Clerk's actions are arbitrary and capricious.

77.     The clerk's actions are contrary to law.

**WHEREFORE**, Plaintiffs demand judgment as follows:

A.      On a temporary, preliminary, and permanent basis, compelling the County Clerk of Camden County to prepare all ballots with respect to the June 10, 2025 Primary Election in Cherry Hill and in Collingswood that ensures an individual oval or space to allow voters to vote for each candidate for each office on the ballot, including the offices of county committee members, in a manner which complies with the NBL, the right to vote, the right to equal protection, and the right of association (and the right not to associate) under the Federal and State Constitutions, the New Jersey Civil Rights Act, and with Title 19's mandates for ballot design such that an individual oval or space is indicated alongside each candidate for each office, including for county committee, in a manner that is consistent within and across office blocks; and

B.      Preliminarily enjoining and restraining the Camden County Clerk from preparing, printing, or disseminating any provisional, emergency, sample, vote-by-mail, overseas, military, machine, paper, electronic, and/or any other form of ballot in connection with the June 10, 2025

Democratic Primary Election in the Borough of Collingswood and in Cherry Hill in such a manner that prevents an individual election for each candidate for each office with the placement of an oval or space in a consistent manner within and across offices on the ballot, until the issues raised in the Verified Complaint in this matter are fully adjudicated; and

      C.     Compelling the County Clerk to prepare ballots with respect to all primary elections in Collingswood and Cherry Hill moving forward that feature an individual oval for each office for each candidate on the ballot, so as to treat candidates for office, including candidates for county committee, equally on the ballot, and so that the weight of such votes may be treated equally; and

      D.     Ordering an expedited briefing schedule to ensure that the issues raised in this Verified Complaint in this matter are resolved prior to the important election deadlines set forth in Title 19, including, but not limited to, the April 19, 2025 deadline for the commencement of mailing of mail-in ballots; and

      E.     Awarding Plaintiffs damages and all reasonable attorney's fees and costs in connection with this matter, pursuant to N.J.S.A. 10:6-2(f) and N.J.S.A. 10:5-27.1; and

      F.     Granting such other relief as it may deem right and just upon the determination of this matter.

          Respectfully submitted,

          **BROMBERG LAW LLC**
          *Attorney for Plaintiffs*

By:     _____

          Yael Bromberg, Esq.

Date:  April 8, 2025

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4 and R. 4:4-1(c), Yael Bromberg, Esq. is hereby designated as trial counsel on behalf of Plaintiffs in the within matter.

**BROMBERG LAW LLC**
*Attorney for Plaintiffs*

By:      /s/ Yael Bromberg
Yael Bromberg, Esq.

Date:   April 7, 2025

## RULE 4:5-1 CERTIFICATION

Pursuant to Rule 4:5-1, I certify that the within matter in controversy is subject to no other action pending in any Court or arbitration proceeding. United States District Court Judge Quraishi is currently presiding over ballot design litigations in connection with the county-line ballot design, those litigations do not directly concern issues pertaining the availability of an oval or space for demarcation for voter selection of each candidate for each office on the ballot, and they are nonetheless settled as to the Camden County Clerk. I further certify that the names of all parties who should be joined in this action are set forth in the Complaint and joined in the action. I am aware that if any of the foregoing statements are willfully false, I may be subject to punishment.

**BROMBERG LAW LLC**
*Attorney for Plaintiffs*

By:      /s/ Yael Bromberg
Yael Bromberg, Esq.

Date:   April 7, 2025

## **VERIFICATION**

I, Kate Delany, hereby certify as follows:

1. I am the Chair of the South Jersey Progressive Democrats, an entity plaintiff in the foregoing Verified Complaint accompanying an Order to Show Cause for Temporary Restraints.
2. I am additionally an individually listed plaintiff herein.
3. I have read the foregoing Verified Complaint and state the facts contained therein are true to my own knowledge, and the allegations set forth on information and believe, I believe to be true.

I am aware that should any of the foregoing be willfully false, I am subject to punishment

_____
Kate Delany

Dated: April 7, 2025

## **CERTIFICATION OF FASCIMILE SIGNATURE PURSUANT TO RULE 1:4-4(c)**

I hereby certify that the electronic scan/facsimile signature of Kate Delany contained within this Verified Complaint is a genuine signature, that the affiant acknowledged the genuineness of the signature, and that the document or a copy thereof, with the original signature affixed, will be filed with the Court if requested by the Court or a party.

**BROMBERG LAW LLC**
*Attorney for Plaintiffs*

By:      /s/ Yael Bromberg
         Yael Bromberg, Esq.

Date:   April 7, 2025

# EXHIBIT B

Cherry Hill Township
Camden County

**Dist 1**

# OFFICIAL DEMOCRAT PRIMARY ELECTION MAIL-IN BALLOT

### June 10, 2025 • 6th Legislative District

*Pamela R. Lampitt*

**Pamela R. Lampitt**
County Clerk
Secretario del Condado

**To protect your vote:**
IT IS AGAINST THE LAW FOR ANYONE EXCEPT YOU, THE VOTER, TO MARK OR INSPECT THIS BALLOT. However, a family member may assist you in doing so.

**Para proteger su voto:**
ES ILEGAL PARA CUALQUIERA OTRA PERSONA EXCEPTO USTED, EL VOTANTE, MARCAR O INSPECCIONAR ESTA PAPELETA. Sin embargo, un miembro de familia puede ayudarle a hacerlo.

### PAPELETA OFICIAL DEMOCRATA ELECCION PRIMARIA POR CORREO
10 de junio del 2025 • 6to Distrito Legislativo

## State Offices
*Oficinas del Estado*

### A Governor
*(Vote for One)*

**Gobernador**

| | |
|---|---|
| **A1** Sean Spiller | ○ |
| Camden County Democrats Protecting Our Democracy | |
| **A2** Steve Sweeney | ○ |
| Camden County Democrat Committee, Inc. | |
| **A3** Mikie Sherrill | ○ |
| Navy Pilot. Mom. Democrat For NJ. | |
| **A4** Steven Fulop | ○ |
| Democrats for Change | |
| **A5** Ras J. Baraka | ○ |
| Reimagine NJ | |
| **A6** Josh Gottheimer | ○ |
| Democrats of Camden County | |
| Write-in | ○ |
| Por Escrito | |

### B Members of the General Assembly
*(Vote For Two)*

**Miembros de la Asamblea General**
*(Vote por Dos)*

| | |
|---|---|
| **B1** Rebecca Holloway | ○ |
| Democrats for Change | |
| **B2** Kevin Ryan | ○ |
| Democrats for Change | |
| **B3** Louis D. Greenwald | ○ |
| Camden County Democrat Committee, Inc. | |
| **B4** Melinda Kane | ○ |
| Camden County Democrat Committee, Inc. | |
| Write-in | ○ |
| Por Escrito | |
| Write-in | ○ |
| Por Escrito | |

## County Offices
*Oficinas del Condado*

### C Surrogate
*(Vote For One)*

**Surrogate**
*(Vote por Uno)*

| | |
|---|---|
| **C1** Michelle Gentek-Mayer | ○ |
| Camden County Democrat Committee, Inc. | |
| Write-in | ○ |
| Por Escrito | |

### D Member of the Board of County Commissioners - Unexpired Term
*(Vote For One)*

**Miembros de la Junta de Comisionados del Condado - Término No Vencido**
*(Vote por Uno)*

| | |
|---|---|
| **D1** Jennifer Fleisher | ○ |
| Camden County Democrat Committee, Inc. | |
| Write-in | ○ |
| Por Escrito | |

### E Members of the Board of County Commissioners
*(Vote for Two)*

**Miembros de la Junta de Comisionados del Condado**
*(Vote por Dos)*

| | |
|---|---|
| **E1** Edward T. McDonnell | ○ |
| Camden County Democrat Committee, Inc. | |
| **E2** Colleen Bianco Bezich | ○ |
| Camden County Democrat Committee, Inc. | |
| Write-in | ○ |
| Por Escrito | |
| Write-in | ○ |
| Por Escrito | |

## Municipal Offices
*Oficinas Municipales*

### F Members of Council
*(Vote For Four)*

**Miembros del Concilio Municipal**
*(Vote por Cuatro)*

| | |
|---|---|
| **F1** William A. Carter, III | ○ |
| Camden County Democrat Committee, Inc. | |
| **F2** Sangeeta Doshi | ○ |
| Camden County Democrat Committee, Inc. | |
| **F3** Jill Hulnick | ○ |
| Camden County Democrat Committee, Inc. | |
| **F4** Rob Connor | ○ |
| Camden County Democrat Committee, Inc. | |
| Write-in | ○ |
| Por Escrito | |
| Write-in | ○ |
| Por Escrito | |
| Write-in | ○ |
| Por Escrito | |
| Write-in | ○ |
| Por Escrito | |

## G Members of County Committee
*(Vote for One)*

**Miembros del Comité del Condado**
*(Vote por Uno)*

### G1 South Jersey Progressive Democrats
○

| | |
|---|---|
| Susan Druckenbrod | Rena Margulis |
| David Stahl | |

### G2 Camden County Democrat Committee, Inc.
○

| | |
|---|---|
| Jennifer Apell | Alan B. Braslow |
| Rosy Arroyo | William A. Carter, III |
| Kira Bauerle | Scott Stearn |
| Jade M. Bechelli | Ryan Doran |
| Janet M. Chow | Gerald Faber |
| Jessica Curro | Lewis R. Friedner |
| Lauren Doran | Kenneth R. Golkin |
| Maheen Durrani | Gerald S. Greene |
| Mary Efstratiades | Mark P. Haltzman |
| Kate Bauerle | Molly K. Hung |
| Jennifer Fleisher | Qasim Hussain |
| Morgan Bauerle | Brad Israelsky |
| Danna T. Goldhaber | Jay Jones |
| Cynthia D. Gowdy | Theodore S. Kail |
| Meryl L. Greene | Samuel Kates |
| Sheila M. Griffith | Charles F. Lampitt |
| Mary E. Gunn | Michael A. Lieberman |
| Faith Hamilton | John J. Mulholland, Jr. |
| Roberta S. Israelsky | Nacovin Norman |
| Marilyn D. Kalitan | David J. Okin |
| Helene Katz | Jim Peeler, Jr. |
| Ilene M. Lampitt | Jonathan Rardin |
| Ann M. Madden Tufano | David Rardin |
| Lorraine Maitland | Anargiros Rentezelas |
| Debra Noll | Bruce S. Schwartz |
| Melanie Gaffin | Marshall Spevak |
| Bridget Palmer | Bruce T. Tretheway, Jr. |
| Anna Postiloff | Samuel J. Waltzer |
| Jill Roth-Gutman | Michael J. Watson |
| Ivy B. Rovner | Danny S. Wolf |
| Suzanne Winderman | Jim Lyons |
| Jade Arroyo | Miguel Manzano |
| Kerry Cleary | Rob Connor |
| Melissa Manzano | Dan DiRenzo, Jr. |
| Michele Golkow | Jon Cohen |
| Sangeeta Doshi | Zane Roskoph |
| Jill Hulnick | Kevin Cockfield |

**INSTRUCTIONS TO VOTERS**
Use ONLY a black or blue ink pen to mark your ballot. This ballot will not be read by a machine. For your vote to count, fill in oval completely.

Correct ○     Incorrect   

1. **To vote for candidates** on this ballot, completely fill in the oval to the right of the candidate for each selection. Do not vote for more candidates than are to be elected to any office.
2. **To vote for any person whose name is not printed on the ballot**, write the name of such person opposite the proper title of office in the column designated Write-in and fill in the one oval on right of this area. Do NOT use pre-printed stickers. IF NOT DONE PROPERLY YOUR WRITE-IN VOTE WILL BE VOID AND NOT COUNTED.
3. Do not mark this ballot in any manner than above provided for and make no erasures. If this ballot is torn, soiled, defaced or incorrectly marked, return it and obtain another.

**INSTRUCCIONES PARA LOS VOTANTES**
Utilice sólo un bolígrafo de tinta negra o azul para marcar su papeleta. Esta papeleta no será leída por la máquina. Para que su voto cuenta llene el círculo.

Correcto ○     Incorrecto   

1. **Para votar por los candidatos** en esta papeleta, llene completamente el óvalo de la derecha del candidato para cada selección. No vote por más candidatos de los que se van a ser elegidos para ese cargo.
2. **Para votar por cualquier persona que nombre no esta en la papeleta**, escriba el nombre de esa persona opuesto a la posición apropiada, en la columna designada como Por Escrito y llene el óvalo a la derecha de esta área. NO use calcomanías pre-impresas. Si no se hace esto correctamente su voto por esta persona será nulo y no contará. POR FAVOR PREGUNTE SI TIENE ALGUNA DUDA.
3. No marque esta papeleta de ninguna otra forma que no sea de la manera que se ha descrito en la parte superior y no haga ninguna tachadura o borrones. Si la papeleta se le ha desgarrado, esta sucia, borrosa o marcado incorrectamente, devuélvala y obtenga otra.

## DEM   VBM   Cherry Hill District 1





Camden City
Camden County

**Ward 1  Dist 1**

To protect your vote:
IT IS AGAINST THE LAW FOR ANYONE EXCEPT YOU, THE VOTER TO MARK OR INSPECT THIS BALLOT. However, a family member may assist you in doing so.

Para proteger su voto:
ES ILEGAL PARA CUALQUIERA OTRA PERSONA EXCEPTO USTED EL VOTANTE, MARCAR O INSPECCIONAR ESTA PAPELETA. Sin embargo, un miembro de familia puede ayudarle a hacerlo.

# OFFICIAL DEMOCRAT PRIMARY ELECTION BALLOT

June 10, 2025 • 5th Legislative District

PAPELETA OFICIAL DEMOCRATA ELECCION PRIMARIA

10 de Junio del 2025 • 5to Distrito Legislativo



**Pamela R. Lampitt**
County Clerk
Secretario del Condado

---

## A — State Offices
Oficinas del Estado

### Governor
(Vote For One)

Gobernador
(Vote por Uno)

| | | |
|---|---|---|
| A1 | Sean Spiller | Camden County Democrats Protecting Our Democracy | ○ |
| A2 | Steve Sweeney | Camden County Democratic Committee, Inc. | ○ |
| A3 | Mikie Sherrill | Navy Pilot, Mom, Democrat For NJ | ○ |
| A4 | Steven Fulop | Democrats for Change | ○ |
| A5 | Ras J. Baraka | Reimagine NJ | ○ |
| A6 | Josh Gottheimer | Democrat of Camden County | ○ |
| | Write-in | Por Escrito | ○ |

## B — Members of the General Assembly
(Vote For Two)

Miembros de la Asamblea General
(Voto por Dos)

| | | |
|---|---|---|
| B1 | William F. Moen, Jr. | Camden County Democratic Committee, Inc. | ○ |
| B2 | William W. Spearman | Camden County Democratic Committee, Inc. | ○ |
| | Write-in | Por Escrito | ○ |
| | Write-in | Por Escrito | ○ |

## C — County Offices
Oficinas del Condado

### Surrogate
(Vote For One)

Surrogate
(Vote por Uno)

| | | |
|---|---|---|
| C1 | Michelle Gentek-Mayer | Camden County Democratic Committee, Inc. | ○ |
| | Write-in | Por Escrito | ○ |

## D — Member of the Board of County Commissioners – Unexpired Term
(Vote For One)

Miembros de la Junta de Comisionados del Condado – Término No Vencido
(Voto por Uno)

| | | |
|---|---|---|
| D1 | Jennifer Fleisher | Camden County Democratic Committee, Inc. | ○ |
| | Write-in | Por Escrito | ○ |

---

## E — Members of the Board of County Commissioners
(Vote For Two)

Miembros de la Junta de Comisionados del Condado
(Voto por Dos)

| | | |
|---|---|---|
| E1 | Edward T. McDonnell | Camden County Democratic Committee, Inc. | ○ |
| E2 | Colleen Blanco Bezich | Camden County Democratic Committee, Inc. | ○ |
| | Write-in | Por Escrito | ○ |
| | Write-in | Por Escrito | ○ |

## Municipal Offices
Oficinas Municipales

### F — Mayor
(Vote For One)

Alcalde
(Vote por Uno)

| | | |
|---|---|---|
| F1 | Theo Spencer | Independent Democrat for Camden | ○ |
| F2 | Victor G. Carstarphen | Camden County Democratic Committee, Inc. | ○ |
| | Write-in | Por Escrito | ○ |

## G — Members of Council at-Large
(Vote For Three)

Miembros del Concilio Municipal por Acumulación
(Voto por Tres)

| | | |
|---|---|---|
| G1 | Sheila Davis | Community First Real Democrats For Camden | ○ |
| G2 | Tyann La'Shae Harris | Community First Real Democrats For Camden | ○ |
| G3 | Corinne Powers | Community First Real Democrats For Camden | ○ |
| G4 | Angel Fuentes | Camden County Democratic Committee, Inc. | ○ |
| G5 | Nohemi Soria-Perez | Camden County Democratic Committee, Inc. | ○ |
| G6 | Nurah Z. Muhammad | Camden County Democratic Committee, Inc. | ○ |
| | Write-in | Por Escrito | ○ |
| | Write-in | Por Escrito | ○ |
| | Write-in | Por Escrito | ○ |

---

## H — Members of County Committee At-Large
(Vote For One)

Miembros del Comité del Condado por Acumulación
(Voto por Uno)

### H1 — Camden County Democrat Committee, Inc.

Jeanette Alvarez
Kathryn Blackshear
Natalie Caldwell
Deletha Carstarphen
Latina Galvez
Tasha Gainey
Wanda Garcia
Tameeka Mason
Nurah Z. Muhammad
Deborah Person-Polk
Jannette Ramos
Sheila Roberts
Nohani Soria-Perez
Gwendolyn Sankett-Torres
Nyemah Gillespie
Lapora Burgess

Arthur Barclay
Kevin Balford
Victor G. Carstarphen
Chris Collins
Ramon Crispin-Alvarez
Derek Davis
Angel Fonseca
Darryl Nock
M'Marvdes Nelson
Scott Shepherd
Troy Still
Gilbert "Whip" Wilson
Luis Miranda
Guy Still
Felo Leyba-Martinez
David McKee

### H2 — Community First Real Democrats For Camden

Amirah Kane
CinQuetta Hunt
Caresa Green
Esther Marcado-Pitts
Tyann La'Shae Harris
Janelle Davis
Sheila Davis
Danielle Woodard
Susan Dishae
Brenda Thomas
Brigena Tatem
Lynette Turley
La'waysh Davis

Anthony Woya
Malcolm Boyd
Elton Cruella
Andrew Selby
Jose J. Ramos
Sean M. Brown
Bryan Morton
Keith Benson
Demetrius Robinson
Faheem Lea
Antonce Henshew
Keith Benson
Brian Byrd
Lyndell Reavey
Stacy Still
Jovann Torres

## I — Members of County Committee Ward 1
(Vote For One)

Miembros del Comité del Condado Ward 1
(Voto por Uno)

### I1 — Camden County Democrat Committee, Inc.

Derrick Gallashaw
Steven Lee
Bryan Stewart
Kevin Jenkins
Erin Johnson
Saliye Harvey
Ayana Baker
Perima Martinez

---

**INSTRUCTIONS TO VOTERS**

Use ONLY a black or blue ink pen to mark your ballot.
This ballot will be read by a machine. For your vote to count, fill in oval completely.



Correct ●    Incorrect ⊗ ◑ ◔

1. To vote for candidates on this ballot, completely fill in the oval to the right of the candidate for each office. Do not vote for more candidates than are to be elected for any office.
2. To vote for any person whose name is not printed on the ballot, write the name of such person opposite the proper title of office in the column designated Write-in and fill in the oval to the right of this area. Do NOT use pre-printed stickers. IF NOT DONE PROPERLY YOUR WRITE-IN VOTE WILL BE VOID AND NOT COUNTED.
3. Do not mark this ballot in any other manner than above provided for and make no erasures. If this ballot is torn, soiled, defaced or incorrectly marked, return it and obtain another.

**INSTRUCCIONES PARA LOS VOTANTES**



Correcto ●    Incorrecto ⊗ ◑ ◔

1. Para votar por los candidatos en esta papeleta, llene completamente el óvalo de la derecha del candidato para cada selección. No vote por más candidatos que los que van a ser elegidos para una cargo.
2. Para votar por cualquier persona que nombre no está en la papeleta, escriba el nombre de esa persona opuesto a la posición apropiada, en la columna designada como Por Escrito y llene el óvalo a la derecha de esta área. NO use calcomanías pre-impresas. Si no se hace esto correctamente su voto por esta persona será nulo y no contará. POR FAVOR PREGUNTE SI TIENE ALGUNA DUDA.
3. No marque esta papeleta de ninguna otra forma que no sea de la manera que se ha descrito en la parte superior y no haga ninguna tachadura o borradura. Esta papeleta se la ha desgarrado, está sucia, borrosa o marcada incorrectamente, devuélvala y obtenga otra.

**DEM    ED/EV    Camden Ward 1 District 1**

# EXHIBIT C

**THIS BALLOT CANNOT BE VOTED. IT IS A SAMPLE OF THE OFFICIAL PRIMARY ELECTION BALLOT USED IN THE VOTING MACHINES ON ELECTION DAY.**
**NO SE PUEDE VOTAR EN ESTA BALOTA. ESTA ES SÓLO UNA MUESTRA DE LA BALOTA OFICIAL DE LA ELECCIÓN PRIMARIA QUE SE USA EN LAS MÁQUINAS DE VOTACIÓN EL DÍA DE LAS ELECCIONES.**
이 투표용지로 투표 할 수 없습니다. 이것은 선거일 투표기계에 사용될 공식 예비선거 견본 투표용지입니다.

*John S. Hogan*
**JOHN S. HOGAN**
Bergen County Clerk
Secretario del Condado de Bergen
버겐 카운티 클럭
One Bergen County Plaza, Hackensack, NJ 07601

## OFFICIAL PRIMARY ELECTION SAMPLE BALLOT
### Bergen County, New Jersey - Tuesday, June 10, 2025
## MUESTRA OFICIAL DE LA BALOTA DE LA ELECCIÓN PRIMARIA
Condado de Bergen, Nueva Jersey - Martes, 10 de junio de 2025
## 공식 예비선거 견본 투표용지
버겐카운티, 뉴저지 - 2025년 6월 10일 화요일

**38th Legislative District**
38˚ Distrito Legislativo
주상하원 38선거구

## Borough of Glen Rock

### DEMOCRATIC / DEMÓCRATA / 민주당

| For Governor / Para Gobernador / 주지사 (VOTE FOR ONE / VOTE POR UNO / 한 명 선출) | For Members of the General Assembly / Para Miembros de la Asamblea General / 주하원의원 (VOTE FOR TWO / VOTE POR DOS / 두 명 선출) | For Members of the Board of County Commissioners / Para Miembros de la Junta de Concejales del Condado / 카운티 위원 (VOTE FOR THREE / VOTE POR TRES / 세 명 선출) | For Members of the Council / Para Miembros del Concejo / 의회 의원 (VOTE FOR TWO / VOTE POR DOS / 두 명 선출) |
|---|---|---|---|
| **1A** JOSH **GOTTHEIMER** DEMOCRATIC COMMITTEE OF BERGEN COUNTY | **1B** DAMALI **ROBINSON** DEMOCRATS FOR CHANGE | **1C** CHRIS **CHUNG** DEMOCRATS FOR CHANGE | **1D** JONATHAN **HEMDL** AN INDEPENDENT DEMOCRAT PUTTING RESIDENTS FIRST |
| **2A** RAS J. **BARAKA** REIMAGINE NJ | **2B** DONALD **BONOMO** DEMOCRATS FOR CHANGE | **2C** JOHN **VITALE** BERGEN COUNTY DEMOCRATS FOR CHANGE | **2D** SETH M. **ROSENSTEIN** GLEN ROCK DEMOCRATS FOR COUNCIL |
| **3A** STEVEN **FULOP** DEMOCRATS FOR CHANGE | **3B** LISA **SWAIN** DEMOCRATIC COMMITTEE OF BERGEN COUNTY | **3C** DOLORES **WITKO** BERGEN COUNTY DEMOCRATS FOR CHANGE | **3D** RACHEL C. **MADLEY** GLEN ROCK DEMOCRATS FOR COUNCIL |
| **4A** MIKIE **SHERRILL** NAVY PILOT. MOM. DEMOCRAT FOR NJ. | **4B** CHRIS **TULLY** DEMOCRATIC COMMITTEE OF BERGEN COUNTY | **4C** THOMAS J. **SULLIVAN** DEMOCRATIC COMMITTEE OF BERGEN COUNTY | (WRITE IN / ESCRIBA EL NOMBRE / 기입 후 선출) |
| **5A** SEAN **SPILLER** BERGEN COUNTY DEMOCRATS PROTECTING OUR DEMOCRACY | (WRITE IN / ESCRIBA EL NOMBRE / 기입 후 선출) | **5C** MARY **AMOROSO** DEMOCRATIC COMMITTEE OF BERGEN COUNTY | (WRITE IN / ESCRIBA EL NOMBRE / 기입 후 선출) |
| **6A** STEVE **SWEENEY** REGULAR DEMOCRATIC ORGANIZATION | (WRITE IN / ESCRIBA EL NOMBRE / 기입 후 선출) | **6C** GERMAINE M. **ORTIZ** DEMOCRATIC COMMITTEE OF BERGEN COUNTY | **For Member of the Council** (Unexpired 1 Year Term) Para Miembro del Concejo (Término No Expirado de 1 Año) 의회 의원 (1년 미 남은 임기) (VOTE FOR ONE / VOTE POR UNO / 한 명 선출) |
| (WRITE IN / ESCRIBA EL NOMBRE / 기입 후 선출) | | (WRITE IN / ESCRIBA EL NOMBRE / 기입 후 선출) | **1E** ELIZABETH A. **COLL** GLEN ROCK DEMOCRATS FOR COUNCIL |
| | | (WRITE IN / ESCRIBA EL NOMBRE / 기입 후 선출) | (WRITE IN / ESCRIBA EL NOMBRE / 기입 후 선출) |
| | | (WRITE IN / ESCRIBA EL NOMBRE / 기입 후 선출) | |




Form 25 - Glen Rock

### REPUBLICAN / REPUBLICANO / 공화당

| For Governor / Para Gobernador / 주지사 (VOTE FOR ONE / VOTE POR UNO / 한 명 선출) | For Members of the General Assembly / Para Miembros de la Asamblea General / 주하원의원 (VOTE FOR TWO / VOTE POR DOS / 두 명 선출) | For Members of the Board of County Commissioners / Para Miembros de la Junta de Concejales del Condado / 카운티 위원 (VOTE FOR THREE / VOTE POR TRES / 세 명 선출) | For Members of the Council / Para Miembros del Concejo / 의회 의원 (VOTE FOR TWO / VOTE POR DOS / 두 명 선출) |
|---|---|---|---|
| **1A** JON **BRAMNICK** BERGEN COUNTY FIRST REPUBLICAN | **1B** ROBERT **KAISER** BERGEN COUNTY REPUBLICAN ENDORSED CANDIDATES | **1C** LINDA T. **BARBA** BERGEN COUNTY REPUBLICANS | **1D** ROBERT E. **SAYDAH** BERGEN COUNTY REPUBLICAN ENDORSED CANDIDATES |
| **2A** MARIO M. **KRANJAC** MAKE NEW JERSEY GREAT AGAIN | **2B** BARRY **WILKES** BERGEN COUNTY REPUBLICAN ENDORSED CANDIDATES | **2C** ARMEN **AZARNIA** BERGEN COUNTY REPUBLICANS | **2D** ELIZABETH R. **CARR** BERGEN COUNTY REPUBLICAN ENDORSED CANDIDATES |
| **3A** BILL **SPADEA** COMMON SENSE REPUBLICAN | **3B** JERRY **TAYLOR** BERGEN COUNTY REPUBLICANS | **3C** JEFFREY "JAY" **COSTA Jr.** BERGEN COUNTY REPUBLICAN ENDORSED CANDIDATES | (WRITE IN / ESCRIBA EL NOMBRE / 기입 후 선출) |
| **4A** JUSTIN **BARBERA** ENOUGH IS ENOUGH UNCOMPROMISED | (WRITE IN / ESCRIBA EL NOMBRE / 기입 후 선출) | **4C** JOHN **DINICE** BERGEN COUNTY REPUBLICAN ENDORSED CANDIDATES | (WRITE IN / ESCRIBA EL NOMBRE / 기입 후 선출) |
| **5A** JACK **CIATTARELLI** BERGEN COUNTY REPUBLICAN ENDORSED CANDIDATES | (WRITE IN / ESCRIBA EL NOMBRE / 기입 후 선출) | **5C** ANDREA **SLOWIKOWSKI** BERGEN COUNTY REPUBLICAN ENDORSED CANDIDATES | **For Member of the Council** (Unexpired 1 Year Term) Para Miembro del Concejo (Término No Expirado de 1 Año) 의회 의원 (1년 미 남은 임기) (VOTE FOR ONE / VOTE POR UNO / 한 명 선출) |
| (WRITE IN / ESCRIBA EL NOMBRE / 기입 후 선출) | | (WRITE IN / ESCRIBA EL NOMBRE / 기입 후 선출) | **1E** MAUREEN **COUGHLIN** BERGEN COUNTY REPUBLICAN ENDORSED CANDIDATES |
| | | (WRITE IN / ESCRIBA EL NOMBRE / 기입 후 선출) | (WRITE IN / ESCRIBA EL NOMBRE / 기입 후 선출) |
| | | (WRITE IN / ESCRIBA EL NOMBRE / 기입 후 선출) | |




Form 25 - Glen Rock

"ADDITIONAL VOTER INFORMATION WILL BE AVAILABLE IN ALL POLLING LOCATIONS."
"INFORMACIÓN ADICIONAL PARA LOS ELECTORES ESTARÁN DISPONIBLE EN TODAS LAS URNAS ELECTORALES."
"추가적인 유권자 정보는 모든 투표소에서 제공될 것입니다."

**PLEASE SEE REVERSE SIDE OF BALLOT FOR VOTING INSTRUCTIONS**
**POR FAVOR VEA EL LADO REVERSO PARA INSTRUCCIONES DE VOTAR**
투표 방법은 이 용지 뒷면에 있습니다


PRINTED ON RECYCLED PAPER TO PROTECT THE ENVIRONMENT

## YOU CANNOT VOTE ON THIS SAMPLE BALLOT
### USTED NO PUEDE VOTAR EN ESTA BALOTA DE MUESTRA / 이 견본 투표용지에 투표 할 수 없습니다