**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAMBERS OF<br>**ZAHID N. QURAISHI**<br>**UNITED STATES DISTRICT JUDGE** | U.S. COURTHOUSE<br>402 EAST STATE STREET, ROOM 4000<br>TRENTON, NJ 08608 |

June 3, 2025

<u>**LETTER ORDER**</u>

Re:     **Christine Conforti, *et al.* v. Christine G. Hanlon, *et al*., Civ. No. 20-8267**
        **Andy Kim, *et al.* v. Christine G. Hanlon, *et al.*, Civ. No. 24-1098**

Dear Counsel:

    **THIS MATTER** comes before the Court upon a series of motions filed in the titled matters.  In *Conforti v. Hanlon* (20-8267),[1] the following motions, oppositions, and replies before the Court are:

- Motion for Summary Judgment filed by Hogan (ECF No. 232); Opposition Brief filed by the *Conforti* Plaintiffs (ECF No. 239); Reply Brief filed by Hogan (ECF No. 245); and
- Cross Motion for Summary Judgment filed by the *Conforti* Plaintiffs (ECF No. 234); Opposition Brief filed by Hogan (ECF No. 238); Reply Brief filed by the *Conforti* Plaintiffs (ECF No. 242).

    In *Kim v. Hanlon* (24-1098),[2] the following motions, oppositions, and replies before the Court are:

- Motions to Dismiss for Lack of Jurisdiction filed by Hogan (ECF No. 296) and Rajoppi (ECF No. 295); Opposition Brief filed by the *Kim* Plaintiffs (ECF No. 302); Reply Brief filed by Hogan and Rajoppi (ECF Nos. 309, 310, 313); and
- Motion for Summary Judgment by the *Kim* Plaintiffs (ECF No. 298); Opposition Brief filed by Hogan and Rajoppi (ECF No. 301); Reply Brief filed by the *Kim* Plaintiffs (ECF No. 312).

---

[1] The Plaintiffs in *Conforti v. Hanlon* are Christine Conforti, Arati Kreibich, Mico Lucide, Joseph Marchica, Kevin Mcmillan, Zinovia Spezakis, and the New Jersey Working Families Alliance, Inc. (hereinafter, the "*Conforti* Plaintiffs").  The Defendants are Christine G. Hanlon, Scott M. Colabella, Paula S. Covello, John S. Hogan ("Hogan"), Edward P. McGettigan, and E. J. Maldonado (hereinafter, the "*Conforti* Defendants).  Each party settled with the exception of Hogan, the Bergen County Clerk.

[2] The Plaintiffs in *Kim v. Hanlon* are Andy Kim, Sarah Schoengood, Carolyn Rush, and their respective campaign committees.   The Defendants are Christine G. Hanlon, Scott M. Colabella, Mary H. Melfi, Steve Peter, Holly Mackey, Nancy J. Pinkin, Joseph Giralo, John S. Hogan, Joanne Schwartz, Joseph Ripa, Rita M. Rothberg, Celeste M. Riley, Christopher J. Durkin, James N. Hogan, E. J. Maldonado, Ann F. Grossi, Danielle Irelandimhof, and Joanne Rajoppi ("Rajoppi") (hereinafter, "*Kim* Defendants").   Each party settled with the exception of Hogan and Rajoppi, the Bergen and Union County Clerks, respectively.

The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **DENY** all of the parties' motions.

## I.     BACKGROUND AND PROCEDURAL HISTORY

The Court assumes the parties' familiarity with the underlying facts and procedural history and only recites those facts necessary to decide the instant motions.   For a comprehensive review of the factual and procedural history, reference is made to *Kim v. Hanlon*, Civ. No. 24-1098, 2024 WL 1342568, at *1 (D.N.J. Mar. 29, 2024) (granting preliminary relief to Plaintiffs), the Third Circuit decision that affirmed the Court's grant of a preliminary injunction, *Kim v. Hanlon*, 99 F.4th 140, 159 (3d Cir. 2024), *Conforti v. Hanlon*, Civ. No. 20-08267, 2022 WL 1744774, at *1 (D.N.J. May 31, 2022) (granting-in-part and denying-in-part a motion to dismiss challenging New Jersey's ballot bracketing system), and *Conforti v. Hanlon*, Civ. No. 20-8267, 2023 WL 2744020, at *5 (D.N.J. Mar. 31, 2023) (granting eight motions to intervene, including the CCDC's motion).

Notably, and in direct response to the Court's decision in *Kim* granting the *Kim* Plaintiffs preliminary relief, the New Jersey Legislature enacted the "Revised Ballot Design Statute" designed to "revise . . . primary election ballots and certain primary election procedures," and to mandate that ballots "be arranged by office block."   (Synopsis Assembly No. 5115 211st Legislature Dec. 9, 2024, ECF No. 302-1, Ex. I (Exhibits to Plaintiffs' Opp'n Brief to the County Clerks' Motions in *Kim*).   Governor Philip D. Murphy signed the bill into law on March 6, 2025. (ECF No. 302 at 5 n.1.)

The *Conforti* Plaintiffs began this suit by filing their initial Complaint on July 6, 2020.   By consent, the *Conforti* Plaintiffs filed an Amended Complaint on January 25, 2021, alleging a violation of the right to vote and vote dilution under the First and Fourteenth Amendments to the United States Constitution (Count One), a violation of the Equal Protection Clause under the First and Fourteenth Amendments (Count Two), a violation of the freedom to associate under the First Amendment (Count Three), a violation of the Elections Clause under Article One, Section Four of the United States Constitution (Count Four), and a civil rights violation brought pursuant to 42 U.S.C. § 1983 (Count Five).   (ECF No. 33.)   Among other relief, the *Conforti* Plaintiffs seek attorneys' fees under 42 U.S.C. § 1988, a declaration that New Jersey's ballot practices violate the United States Constitution with respect to "primary elections in New Jersey," a permanent injunction enjoining Defendants from carrying out unconstitutional practices; and an order requiring Defendants to use a ballot organized by office sought.   (*Id.*)

The *Kim* Plaintiffs filed their Verified Complaint on February 26, 2024.   The Complaint asserts a violation of the *Kim* Plaintiffs' right to vote (Count One); a violation of the Equal Protection Clause (Count Two); a violation of the freedom to associate under the First and Fourteenth Amendments (Count Three); and a violation of the Elections Clause (Count Four). The *Kim* Plaintiffs seek a declaration that the ballot bracketing system is unconstitutional with respect to "primary elections in New Jersey," a preliminary and permanent injunction enjoining Defendants from carrying out an unconstitutional ballot system, an order requiring Defendants to cease using a ballot bracketing system for the 2024 Primary Election and "in future elections," and an award of attorneys' fees and costs.

Although the procedural posture of these cases differs, and the Motions before the Court are styled differently, their underlying substance is the same. The Motions in each case raise two issues: 1) whether the case is moot in light of the Revised Ballot Design Statute; and 2) whether Plaintiffs should be precluded from seeking attorneys' fees. The Court addresses each issue in turn.

## I.    SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction over these matters pursuant to 28 U.S.C. § 1331.

## II.    MOOTNESS

Defendants argue that Plaintiffs' constitutional claims are moot because their claims are "predicated upon the alleged unconstitutionality of the former Ballot Design Statute." (ECF No. 232 at 4–5 (Hogan Motion for Summary Judgment in *Conforti*); *see also* ECF Nos. 295 and 296 at 9–12 (County Clerks' Motions to Dismiss in *Kim*) (arguing that New Jersey's adoption of a revised ballot design renders Plaintiffs' claims moot). Plaintiffs maintain that their claims are not moot because the statute does not address all of their constitutional issues and because there is a likelihood that their injuries will reoccur. (ECF No. 239 at 5, 27 (Plaintiffs' Opp'n Br. in *Conforti*); ECF No. 302 (Plaintiffs' Opp'n Brief to the County Clerks' Motions in *Kim*) (same).

It is generally understood that to invoke federal jurisdiction, a plaintiff must show a "personal stake" in the outcome of the action. *Genesis HealthCare Corp. v. Symczyk,* 569 U.S. 66, 71 (2013). "This requirement ensures that the federal judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *Id.* The relevant dispute "must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). A case that becomes moot at any point during the proceedings is "no longer a 'Case' or 'Controversy' for purposes of Article III," and is outside the jurisdiction of the federal courts. *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013). Generally, a case is moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *United Steel Paper & Forestry Rubber Mfg. Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Virgin Islands*, 842 F.3d 201, 208 (3d Cir. 2016).

There are a few exceptions to mootness. Relevant here, one exception is when the case is "capable of repetition, yet evading review." *Kingdomware Technologies, Inc. v. United States,* 579 U.S. 162, 170 (2016). A dispute qualifies for this exception only "if (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Turner v. Rogers*, 564 U.S. 431, 439–440 (2011) (alterations and internal quotation marks omitted); *United States v. Sanchez-Gomez,* 584 U.S. 381, 391 (2018). A plaintiff seeking to invoke the exception bears the burden of showing that there is "more than a theoretical possibility of the action occurring against the complaining party again; it must be a reasonable expectation or a demonstrated probability." *Cnty. of Butler v. Governor of Pa.*, 8 F.4th 226, 231 (3d Cir. 2021) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)).

The Third Circuit has observed that the issuance of a statute or amendment after a case has been filed "may or may not moot the claim, depending on the impact of the amendment." *Nextel*

3

*W. Corp. v. Unity Twp.*, 282 F.3d 257, 262 (3d Cir. 2002).  If an amendment does remove features in the statute being challenged by the claim, any claim for injunctive relief "becomes moot as to those features."  *Id.* (quoting *Khodara Envtl., Inc. v. Beckman,* 237 F.3d 186, 194 (3d Cir. 2001)).  Conversely, an amendment does not moot a claim if the updated statute differs only insignificantly from the original.  *Id.*

Here, the Revised Ballot Design Statute—while it appears to be an earnest response to the Court's issuance of a preliminary injunction in *Kim*—does not address all of the issues raised by Plaintiffs.  The statute does abolish the county line and the phenomenon of "ballot Siberia," that were among Plaintiffs' concerns.  *See* N.J. Stat. Ann. § 19:23-23.2(2)(b) ("No primary election ballot used in this State shall be designed in a manner that creates for a candidate on the ballot an incongruous separation from other candidates seeking the same office, positions a candidate on the ballot among candidates for a different office, or brackets candidates together on the ballot so as to position a candidate based upon a drawing for ballot position for a different candidate for a different office."); *id.* § 19:23-25 ("The ballot shall be so arranged that all candidates seeking the same office are listed in one contiguous office block.  No candidate shall be separated from other candidates seeking the same office on the ballot.").

However, the Revised Ballot Design Statute continues to vest the county clerks with discretion to organize the ballot in a way that favors certain candidates.  *See* N.J. Stat. Ann. § 19:23-23.2(2)(c)(1)–(3).  Under the revised statute, the county clerks are still permitted to choose the order of a candidate on the ballot subject to (1) placing them in an office structure, (2) candidate petitions, (3) candidate slogans, and (4) associations/endorsements.  N.J. Stat. Ann. § 19:23-24(a) and (b), which explain how county clerks should use their discretion, was not amended in any substantive way.  That is, the revised statute permits a lettering and numbering system which is impacted by (1) which candidates receive endorsements, (2) the slogans the candidates decide to use, and (3) the candidates' petitions to the county clerks.  Moreover, although the revised statute removed the county line, N.J. Stat. Ann. § 19:23-18, allows for bracketing to some extent, albeit in the context of an office block structure.  For example, this section shows that candidates may still be bracketed or associated together, by numbers and/or slogans, which could result in associational and other First Amendment harms to unfavored candidates.  The Verified Complaint in *Kim*, for example, alleges that preferential ballot treatment violates the *Kim* Plaintiffs' First and Fourteenth Amendment rights (Count Two).  (*See, e.g.*, Verified Compl. ¶¶ 185, 196, ECF No. 1.)  Similarly, the Amended Complaint in *Conforti* alleges that New Jersey's ballot placement system injures the *Conforti* Plaintiffs' First and Fourteenth Amendment Rights (Count One through Three).  (*See, e.g.*, Am. Compl. ¶¶ 171, 173–182; 184, 186, 196, 217.)  Thus, the revised statute does not moot the *Kim* and *Conforti* Plaintiffs' claims because the amendments likely do not remove the unconstitutional practices alleged.

Additionally, N.J. Stat. Ann. § 19:23-18(d) states that "[i]f candidates have requested to be associated pursuant to subsection a. of this section, the associated candidates shall be drawn together for position on the ballot. . . .  The candidates, on their petitions, shall waive their right to be drawn separately for ballot position."  Furthermore, N.J. Stat. Ann. § 19:23-25 governs the office block structure for future ballots but only sets forth the order of the governmental positions to be elected.  It leaves candidate placement on the ballot to the discretion of the county clerks,

which leaves a very real likelihood of future harm to Plaintiffs.[3]

Accordingly, the Court finds that Plaintiffs' claims have not been rendered moot by the Revised Ballot Design Statute.

## III.    ATTORNEYS' FEES

The Court next turns to whether Plaintiffs should be precluded from seeking attorneys' fees.  As noted above, the operative complaints in *Kim* and *Conforti* both seek an award of "all reasonable attorneys' fees, costs, and disbursements incurred in connection with bringing this action pursuant to 42 U.S.C. § 1988, and other applicable laws."  (*See* ECF No. 33 (*Conforti*), ECF No. 1 (*Kim*).)  Defendants argue that Plaintiffs should be precluded from seeking attorneys' fees because they were never a "prevailing party" within the meaning of § 1988.  (ECF No. 232 at 7 (Hogan's Summary Judgment Motion in *Conforti*); ECF No. 238 at 10–11 (Hogan Opp'n Br. to Plaintiffs' Cross-Motion for Summary Judgment in *Conforti*); (ECF No. 296-1 (Hogan's Motion to Dismiss in *Kim*).)[4]

Plaintiffs maintain that they have the right to seek fees and costs from the remaining county clerk defendants.  (ECF No. 239-1 at 28 (Plaintiffs' Opp'n Br. to Hogan's Summary Judgment Motion in *Conforti*).)  In *Conforti*, Plaintiffs contend that Hogan's fee challenge is "premature because the Plaintiffs' motions for summary judgment remain pending."  (*Id.* at 30, 36.)[5] According to Plaintiffs, even if the Court denies their motions for summary judgment, they are nevertheless entitled to attorneys' fees because they have "secured enduring relief on the merits" because a majority of the county clerk defendants have entered into consent decrees.  (*Id.* at 31.) In their view, they also qualify as prevailing parties because their suit motivated the passage of the Revised Ballot Statute.  Finally, Plaintiffs also insist that Hogan and Rajoppi, the two remaining county clerks, are liable for fees and costs because they have a central role in election administration.  (*Id.* at 40, 41.)  Plaintiffs raise the same argument in their Summary Judgment Motion in *Kim*.  (ECF No. 298.)

The Court is conscious that a determination as to Plaintiffs' right to attorneys' fees might help the parties' draw these cases to close.  However, Plaintiffs have not yet filed a fee application in either case.  A decision precluding them from doing so in advance of any petition would be an improper advisory opinion.  *Lenahan v. Sears, Roebuck & Co.*, Civ. No. 02-0045, 2006 WL 2085282, at \*23 (D.N.J. July 24, 2006) ("The ban on advisory opinions is the oldest and most consistent justiciability doctrine."); *see also Tryp Hotels Worldwide, Inc. v. Sebastian Hotel, LLC*,

---

[3] The timing of the Legislature's decision to act also gives the Court pause.  The *Conforti* case was filed on July 6, 2020.  The *Kim* case was filed on February 26, 2024.  The Court issued a preliminary injunction in *Kim* on March 29, 2024, and the Third Circuit affirmed that decision on April 17, 2024.  The Legislature did not introduce a revised bill in the Assembly until December 9, 2024, and in the Senate until February 13, 2025.  In short, the Legislature has demonstrated a reluctance to act to change past ballot practices followed by a willingness to act to protect those same practices.  This suggests to the Court that further Legislative action can reasonably be expected.  *See Turner*, 564 U.S. at 439–440 ("A case remains live if . . . there [is] a reasonable expectation that the same complaining party [i.e., Plaintiffs] [will] be subjected to the same action again.") (first and third alterations in original).

[4] In a reply brief, Hogan and Rajoppi argue that even if the *Kim* and *Conforti* Plaintiffs were prevailing parties under Section 1988, any fee award should be paid by the State of New Jersey, not the county clerks.  (ECF No. 245 at 7–9.)

[5] Plaintiffs' Notice of Motion in *Conforti* seeks a date by which Plaintiffs may apply to the Court for an award of attorneys' fees.

726 F. Supp. 3d 373, 398 (D.N.J. 2024) (refusing to address the issue of attorneys' fees as not ripe for adjudication);[6] *Transamerica Life Ins. Co. v. Daibes Gas Holdings Atlanta, LLC.*, Civ. No. 18-10869, 2021 WL 1541150, at *26 (D.N.J. Apr. 20, 2021) (Adjudicating the issue of attorneys' fees in the absence of any formal petition, "would indeed entangle [the Court] in an abstract disagreement").[7]  Therefore, the Court declines to opine at this time on the merits of Plaintiffs' anticipated motions for fees and costs.  The parties' respective motions on this issue are therefore **DENIED**.

## IV.    JOINT LETTER

The Court has herein resolved the parties' dispute as to mootness.  It has also recently dismissed CCDC.  (See ECF Nos. 250, 251 in *Conforti* and ECF Nos. 318, 319 in *Kim*.) Plaintiffs' Motions for Summary Judgment seek a declaratory judgment and a permanent injunction.  In response, however, the remaining county clerks have asserted that they are no longer defending the constitutionality of their prior ballot practices.  (*See* ECF No. 301-1 (*Kim*) ("Defendant has not defended the ballot design statute at issue in this matter.  Defendant also does not intend to defend the ballot design statute at issue in this matter."); ECF No. 295-2 (*Kim*) ("The Bergen County Clerk's office has not even filed an answer in this Matter . . . and has no intention of defending it."); ECF No. 306-1 (*Kim*) ("Remaining county clerk defendants, the Bergen County Clerk and the Union County Clerk have abandoned their defense of the constitutionality of the ballot design statutes at issue in this matter"); ECF No. 234-1 (*Conforti*) (same as ECF No. 301-1).  Accordingly, the scope of the parties' remaining disputes in these matters is unclear. Therefore, the parties are hereby instructed to meet and confer and file a joint letter by June 9, 2025 advising whether: 1) the parties are stipulating to dismissal of these matters (with Plaintiffs' applications for attorneys' fees to follow); 2) Plaintiffs will be amending their operative complaints to allege specifics as to the Revised Ballot Design Statute (Plaintiffs are hereby given leave to do so); or 3) the parties are proposing some other next step.

## V.    CONCLUSION

For the reasons set forth above, the following Motions are **DENIED** without prejudice to the parties' right to renew them at a later time:

- Hogan's Motion for Summary Judgment in *Conforti* (ECF No. 232);
- Plaintiffs' Cross-Motion for Summary Judgment in *Conforti* (ECF No. 234);
- Hogan and Rajoppi's Motions to Dismiss in *Kim* (ECF Nos. 295 and 296); and
- Plaintiffs' Motion for Summary Judgment in *Kim* (ECF No. 298).

---

[6] In *Tryp Hotels*, the Court concluded that although the "franchise agreement . . . suggest[s] that attorneys' fees may potentially be available . . . this issue is not yet ripe for decision.  For example, the agreements say attorneys' fees may be awarded to the 'prevailing party.'  But it makes more sense to determine who that is when the case is fully concluded." *Tryp Hotels*, 726 F. Supp. 3d at 398 (citation omitted).  Similarly, it makes more sense in this case to determine who is a prevailing party once the case has concluded.

[7] In other contexts, at least two courts in this circuit have found that "the presence of ongoing litigation precludes an informed determination of whether the moving party is in fact entitled to attorney's fees under the relevant law," which renders a motion for attorneys' fees not ripe.  *Mendez v. Puerto Rican Int'l Companies, Inc.*, Civ. No. 05-0174, 2015 WL 8346221, at *2 (D.V.I. Dec. 8, 2015); *see also Peloton Interactive, Inc. v. ICON Health & Fitness, Inc.*, Civ. No. 20-01535, 2021 WL 3794829, at *3 (D. Del. Aug. 26, 2021).

In addition, by no later than **June 9, 2025**, the parties are to file a joint letter as described above.

       **IT IS SO ORDERED**.

s/ Zahid N. Quraishi        

**ZAHID N. QURAISHI**

**UNITED STATES DISTRICT JUDGE**
