# BROMBERG LAW LLC

YAEL BROMBERG, ESQ., PRINCIPAL*  
T: (212) 859-5083 | F: (201) 586-0427

43 West 43rd Street, Suite 32  
New York, NY 10036-7424

P.O. Box 1131  
Glen Rock, NJ 07452-1131

## WEISSMAN & MINTZ LLC
ATTORNEYS AT LAW

STEVEN P. WEISSMAN  
WILLIAM G. SCHIMMEL  
IRA W. MINTZ  
FLAVIO L. KOMUVES  
JASON L. JONES  
JUSTIN SCHWAM  
PATRICIA A. VILLANUEVA  
DEREK J. DEMERI  

Senior Counsel  
KEVIN P. MCGOVERN  

Of Counsel  
ROSEMARIE CIPPARULO  
BRETT M. PUGACH  
YAEL BROMBERG  

220 DAVIDSON AVENUE  
SUITE 410  
SOMERSET, NEW JERSEY 08873  
(732) 563-4565  
FAX (732) 560-9779  

www.weissmanmintz.com

90 BROAD STREET  
SUITE 254  
NEW YORK, NEW YORK 10004  
(212) 509-0918  

Counsel  
DAVID A. MINTZ*  
* ADMITTED TO PRACTICE ONLY IN NEW YORK  

JOEL N. WEISSMAN (1957-1998)  
MARK ROSENBAUM (1955-2002)



June 17, 2025

Hon. Zahid N. Quraishi, U.S.D.J.  
United States District Court for the District of New Jersey  
402 East State Street  
Trenton, NJ 08608  
*Electronically Filed*

    Re:    **Conforti v. Hanlon, Dkt. No. 20-cv-8267**  
            **Kim v. Hanlon. Dkt. No. 24-cv-1098**

Dear Judge Quraishi:

    We represent the Plaintiffs in the above-referenced matters. Please accept this letter brief in lieu of a more formal submission. We respectfully request reconsideration of Your Honor's June 3, 2025 Letter Order (*Kim*, ECF 321; *Conforti*, ECF 253[1]) which rightfully recognized that the Plaintiffs' claims are not moot, but otherwise denied the Plaintiffs' motions for summary judgment (*Kim*, ECF 298; *Conforti*, ECF 234) without explanation.

    In furtherance of their summary judgment motions, Plaintiffs argued that the primary ballot design laws and county clerk practices violate the First and Fourteenth Amendments and the Elections Clause, largely for the same unrebutted and uncontested reasons this Court and the

---

[1] Since the Court's Letter Orders in *Kim* and *Conforti* are identical, this letter brief will refer only to the Letter Order in *Kim* in subsequent citations.

* Licensed to practice in New Jersey, New York, and the District of Columbia

Third Circuit found that Plaintiffs had a substantial likelihood of success on the merits in connection with this Court's grant of a preliminary injunction. The remaining County Clerk Defendants, the Bergen and Union County Clerks, abandoned their defense of the merits of the constitutionality of the bracketing and ballot placement system or of their ballot practices, and instead asserted that Plaintiffs' claims were moot. However, the Letter Order sagely recognized that the Revised Ballot Design Statute passed by the Legislature "does not address all of the issues raised by the Plaintiffs," including in the persistence of in-office bracketing and related problematic aspects of bundled ballot drawing by county clerks. (*Kim*, ECF 321, p. 4.) The Court justly acknowledged that "the Revised Ballot Design Statute continues to vest the county clerks with discretion to organize the ballot in a way that favors certain candidates," and "leaves a very real likelihood of future harm to Plaintiffs." (*Id*. at 4-5 & n.3.) Accordingly, the Court agreed with the Plaintiffs that their claims "have not been rendered moot by the Revised Ballot Design Statute." (*Id*. at 5.)

However, the dispositive procedural posture of the Plaintiffs' motions was overlooked, and the Court did not offer reasoning as to its basis for their denial on the merits of the constitutionality of the ballot design laws and practices – which were in effect when the litigations were filed in 2020 and 2024, several features of which the Court recognized remain at issue today.

The purpose of this motion for reconsideration is twofold. First, along with the dismissal of the Camden County Democrat Committee from these litigations (*Kim*, ECF 319; *Conforti*, ECF 251), the sole two remaining Defendants in this action – the County Clerks of Bergen and Union – have expressly acknowledged the abandonment of their defense of the constitutionality of the ballot design. (*Conforti*, ECF 234-1, SUMF, ¶1; *Kim*, ECF 298-1, same.) Second, there remains no dispute as to the material facts of the case. Indeed, the Defendants have not sought to produce any expert evidence, nor do they take issue with the factual findings advanced by the Plaintiffs' experts. These two conditions are significant, and direct that summary judgment must be granted in Plaintiffs' favor in full. The mandate of Fed. R. Civ. P. 56 is clear: "The court *shall* grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." (emphasis added.)

We are cognizant that it is well established that a motion for reconsideration is to apply in extremely limited circumstances. *Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000); *see also A.K. Stamping Co. Inc., v. Instrument Specialties Co. Inc.*, 106 F. Supp.2d 627, 662 (D.N.J. 2000) (internal citations and quotations omitted) ("The extraordinary remedy of reconsideration, pursuant to Rule 59(e) or Local Civil Rule 7.1, is to be granted sparingly."). Nonetheless, the standard is not insurmountable.

In a motion for reconsideration, the movant bears the burden of establishing either: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or to prevent a manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). To be clearly erroneous, the Court must have a "definite and firm conviction that a mistake has been committed." *Haines v. Liggett Group, Inc.*, 975 F. 2d 81, 92 (3d Cir. 1992). A manifest

injustice is "an error in the trial court that is direct, obvious, and observable." *Antonio-Villalba v. Hollingsworth*, Civ Nos. 12-7779, 12-7836, 2013 WL 5592367, at *2 (D.N.J. Oct. 13, 2013).

Here, reconsideration is necessary to correct a clear error of law and/or to prevent a manifest injustice. Plaintiffs moved for summary judgment, contending that it was appropriate in light of the expert evidence of record, which the Defendants chose not to rebut, along with the legal arguments, and the decision by the Bergen and Union Clerks to no longer defend the constitutionality of the challenge. The Court denied Plaintiffs' motions, but did not address the reason for that decision at all, instead only addressing the Defendants' dispositive motions.[2]

In deciding the matter, the Court recognized that our Legislature can and has played timing games over voting issues. *See Kim*, ECF 321, p. 5 n.3 (after recounting the timing of legislative action, "[t]his suggests to the Court that further Legislative action can reasonably be expected. *See Turner [v. Rogers]*, 564 U.S. at 439–440 ("A case remains live if . . . there [is] a reasonable expectation that the same complaining party [i.e., Plaintiffs] [will] be subjected to the same action again.") (first and third alterations in original)"). Plaintiffs are eager to receive a final judgment declaring Defendants' ballot practices (i.e. those before 2024) unconstitutional so there is no chance the Defendants are given the opportunity to regress into their errant ways. Manifestly, the Court is not convinced that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 305-07 (3d. Cir. 2020).[3] Plaintiffs strongly agree based on pattern and practice, past and present, as articulated in their underlying briefs, and based on more recent representations. For the reasons articulated in the underlying motions, Plaintiffs respectfully seek reconsideration of their denial of summary judgment based on clear error of law as set forth by the mandate of Fed. R. Civ. P. 56.

In particular, because the Court found that Plaintiffs' claims were not moot, they remain ripe for adjudication, and the Court correctly acknowledged that Defendants, who had previously defended their ballot design practices, were "no longer defending the[ir] constitutionality," (*Kim* ECF 321, p. 6.) However, the Court then jumped to the issue of whether or not the parties believed there were "remaining disputes."[4] (*Id.*) In doing so, Plaintiffs respectfully submit that

---

[2] The Plaintiffs respectfully urge the Court to reconsider its ruling as to Plaintiffs under Fed. R. Civ. P. 56, and at least to provide clarification as to what aspect of the summary judgment standard was not satisfied – be it what material facts are in dispute, or how Plaintiffs' legal analysis fell short so as to require denial of the motions.

[3] Indeed, county clerks themselves run for elected office and are not disinterested actors, and Plaintiffs have set forth various ways in which the county clerks have in the past, continue to, and have the opportunity in the future to continue engaging in ballot manipulation.

[4] Among other options, the Court asked the parties to consider resolving the remaining disputes by amending the complaint or by stipulating to dismissal followed by Plaintiffs' submitting a fee application. As to the latter option, Plaintiffs anticipate that if the case is dismissed, Defendants will rely on the Supreme Court's decision in *Stinnie* to assert that the Court is precluded from granting Plaintiffs fees. Conversely, a summary judgment granting "enduring judicial relief" to

the Court overlooked the analysis and inevitable conclusion regarding Plaintiffs' existing claims, and never issued the critical ruling on the claims set forth in Plaintiffs' motions for summary judgment. In other words, once the Court found that Plaintiffs' claims were not moot, and upon recognizing that Defendants were no longer defending the constitutionality of their ballot practices, no genuine issues of material fact remained, and thus Plaintiffs were entitled to judgment as a matter of law on their existing claims. The Defendants' late abandonment of their constitutional defense does not shield them from declaratory or injunctive relief. And whether Plaintiffs might challenge aspects of the new ballot law in a subsequent amended complaint or otherwise simply does not preclude this Court from issuing summary judgment on the claims already set forth in the Verified Complaint, for which Defendants offer no substantive defense in connection with these motions.

Moreover, reconsideration is sought to prevent a manifest injustice. Plaintiffs are the masters of their complaints, and may very well ultimately challenge the provisions of the new ballot design law. However, they are entitled to final judgment and injunctive relief as to the original theory of their case: that the ballot laws and practices in connection with the county line and its attendant features including bracketing, etc. – is unconstitutional pursuant to the First and Fourteenth Amendments and the Elections Clause. Plaintiffs have pursued these litigations in good faith, and with diligence, surviving seven motions to dismiss; investing in and submitting copious expert reports and analysis; overcoming the heightened standards for the grant of preliminary relief; achieving unanimous agreement by the Third Circuit Court of Appeals in a precedential, published decision; achieving agreement as to the constitutional analysis by the New Jersey Attorney General; and securing separate court-ordered settlements with 90% of the 19 county clerks engaged in the litigations, as well as individualized settlement with various county political parties.

It is axiomatic that an unconstitutional practice, even if ceased or modified, is ripe for final judgement, absent mootness. *See, e.g.*, *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167 (2000) ("A defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant . . . free to return to his old ways.") (internal quotations and references omitted); *Lackey v. Stinnie*, 145 S. Ct. 659, 669, 221 L. Ed. 2d 63 (2025) (recognizing that an application for injunctive relief may proceed after voluntary cessation of the unconstitutional conduct, explaining "voluntary cessation of the challenged conduct does not moot an action unless it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to occur.") (internal quotations and references omitted); *Parents Involved in Community Schools v. Seattle School Dist. No. 1*, 551 U.S. 201 (2007) (court refused to find mootness simply because the school district ceased using the challenged practice, noting that voluntary cessation does not guarantee that the practice will not be reinstated, and ruling on the merits).

Indeed, as recognized by this Court, the Legislature may simply continue to amend, and further amend, the ballot design law, thereby evading review, and the County Clerks will

---

Plaintiffs, will in turn render Plaintiffs prevailing parties on their claims, such that Plaintiffs' fee claims can then proceed to final resolution.

continue to organize the ballot in a way that favors certain candidates. It is for this reason that the exception to mootness was recognized by the United States Supreme Court, and by this Court here, and it is for this reason that a final ruling of the merits of the original challenge is ready and ripe. Plaintiffs cannot be expected to continue to chase the tail of the Legislature every time it amends the law to secure final judgment on the merits – particularly so here, given the procedural posture of the Plaintiffs' motions which are contested in form only and not in function.

In sum, the lone two Defendants no longer contest the constitutionality of the Plaintiffs' challenge, and no material facts remain in dispute. Because the challenge is not moot, as correctly recognized by this Court, the next step must follow: a grant of summary judgment in Plaintiffs' favor to correct a clear error of law and prevent manifest injustice.

Respectfully submitted,

/s/ Flavio L. Komuves

/s/ Brett M. Pugach

Flavio L. Komuves
Brett M. Pugach
WEISSMAN & MINTZ LLC
220 Davidson Ave.
Somerset, NJ 08873
732.563.4565
fkomuves@weissmanmintz.com
bpugach@weissmanmintz.com

/s/ Yael Bromberg

Yael Bromberg
BROMBERG LAW LLC
43 West 43rd Street, Suite 32
New York, NY 10036-7424
212-859-5083
ybromberg@bromberglawllc.com