**GENOVA BURNS LLC**
ATTORNEYS AT LAW

Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973-533-0777  Fax: 973.814.4045
Web: www.genovaburns.com
Affiliated with Genova Burns LLP

Angelo J. Genova, Esq.
Partner
Member: NY, NJ & PA Bar
agenova@genovaburns.com
Direct Dial:  973.535.7100

July 7, 2025

**VIA ELECTRONIC FILING**
Hon. Zahid N. Quraishi, U.S.D.J.
United States District Court for the District of New Jersey
402 East State Street
Trenton, New Jersey 08608

  **Re:** **Conforti v. Hanlon, No. 20-cv-8267**
     **Kim v. Hanlon, No. 24-cv-1098**

Dear Judge Quraishi:

  This firm is counsel to Defendant Joanne Rajoppi in her official capacity as Clerk of Union County (the "Union Clerk") in the action entitled *Kim, et al. v. Hanlon, et al.*, No. 24-cv-1098 (the "*Kim* Action").  Joining in this submission is Defendant John S. Hogan in his official capacity as Clerk of Bergen County (the "Bergen Clerk") (with the Union Clerk, the "Clerk Defendants") in the *Kim* Action and in the action entitled *Conforti, et al. v. Hanlon, et. al.*, No. 24-cv-1098 (the "*Conforti* Action").  Please accept this letter in lieu of a more formal brief in opposition to the Plaintiffs' motions for reconsideration of that part of Court's Letter Order dated June 3, 2025 (the "June 3 Order," available at *Kim* ECF 298, *Conforti* ECF 234) that denied Plaintiffs' motion for summary judgment in both the *Kim* and *Conforti* Actions.[1]

---

[1] Unless otherwise noted, capitalized terms used herein have the same meaning as set forth in the Clerk Defendants' Joint Brief in support of their joint motion to dismiss the *Kim* Action for lack of subject matter jurisdiction.  Dkt 295-1, 296-1.



Hon. Zahid N. Quraishi
July 7, 2025
Page 2

      Plaintiffs' motions should be denied for at least two reasons.  First, Plaintiffs concede that their motions for reconsideration seeks "final judgment and injunctive relief as to the original theory of their case: that the bracketing laws and practices in connection with the county line and its attendant features including bracketing, etc. – is unconstitutional…."  Plaintiff's Letter Brief ("PBr") at 4 (*Kim*, Dkt. 321-1, *Conforti*, Dkt. 257-1).  There is no dispute, however, that the Revised Ballot Design Statute eliminated the precise ballot design features Plaintiffs' pleadings asserted to have been unconstitutional.  Because the Revised Ballot Design Statute is a creature of the New Jersey Legislature that the Clerk Defendants are statutorily obligated to implement, it does not constitute a voluntary cessation of alleged unconstitutional activity, as the very caselaw Plaintiffs cite establishes.  Accordingly, Plaintiffs' request for reconsideration only confirms that the *Kim* and *Conforti* Actions are moot and should be dismissed for lack of subject matter jurisdiction. *See* Point I, *infra*.

      Second, even if the Court were to disregard Plaintiffs' admission that they seek summary judgment as to ballot design features that no longer exist, summary judgment in their favor would still be inappropriate as the record has not been sufficiently developed to conclude that those ballot features were unconstitutional as a matter of law.  This is so as the record has not been developed further since the Court granted Plaintiffs' motion for a preliminary injunction in the *Kim* Action more than a year ago, relief that the Supreme Court, in *Lackey v. Stinnie*, 145 S. Ct. 659, 604 U.S. -- (2025), recently recognized does not constitute a full adjudication on the merits.  *See* Point II, *infra*.



Hon. Zahid N. Quraishi
July 7, 2025
Page 3

## ARGUMENT

Plaintiffs purport to seek reconsideration of the Court's denial of their motions for summary judgment "to correct a clear error of law and/or to prevent manifest injustice." PBr.2-3. They similarly recognize that relief under those circumstances is "extremely limited." *Id.* As discussed below, far from being necessary to correct a clear error of law or prevent manifest injustice, Plaintiffs' motions, if anything, reveal that both the *Kim* and *Conforti* Actions are moot controversies that should have been dismissed for lack of subject matter jurisdiction.

**I.     Plaintiffs' motions for reconsideration should be denied because both actions are moot.**

Plaintiffs' moving papers tacitly concede that their original motions for summary judgment should have been denied if the Court determined that the controversy over the previous Democratic Party primary election ballot was moot, in that they assert that the premise of their current application is that their "challenge is not moot." PBr. at 5. Plaintiffs similarly do not challenge the notion that a case that centers upon the constitutionality of a statute becomes moot when the statute is either repealed or amended during the pendency of the matter. *See Massachusetts v. Oakes*, 491 U.S. 576, 582 (1989) (holding that the amendment of a law prohibiting nude photography of minors mooted First Amendment overbreadth challenge to a law); *Kremens v. Bartley*, 431 U.S. 119, 132 (1977) (holding that the repeal of a statute permitting involuntary commitment of juveniles mooted challenge to statute); *Black United Fund of New Jersey, Inc. v. Kean*, 763 F.2d 156, 160 (3d Cir. 1985) (holding that a challenge to a New Jersey statute permitting voluntarily payroll deductions for charitable contributions to only a specified charitable



Hon. Zahid N. Quraishi
July 7, 2025
Page 4

organization became moot when New Jersey amended the statute to permit contributions to other organizations).

While Plaintiffs have previously pointed to supposed unconstitutional "features" of the Revised Ballot Design Statute, their motion for reconsideration concedes that their motion for summary judgment had nothing to do with those "features." Rather, Plaintiffs assert that the relief they seek is a "final judgment and injunctive relief as to the original theory of their case; that the ballot laws and practices in connection with the county line and its attendant features including bracketing, etc. – is unconstitutional pursuant to the First and Fourteenth Amendments and the Elections Clause." PBr. at 4.  There is simply no dispute, however, that the Revised Ballot Design directly addresses and fully remedied Plaintiffs' claims under their "original theory," in that it abolished the "county line" and its "attendant features," most notably the "Ballot Siberia" phenomenon.  Indeed, the Revised Ballot Design Statute explicitly forbids that primary election ballots be designed in such a way that:

> "creates for a candidate on the ballot an incongruous separation from other candidates seeking the same office, positions a candidate on the ballot among candidates for a different office, or brackets candidates together on the ballot so as to position a candidate based upon a drawing for ballot position for a different candidate for a different office." [*N.J.S.A.* 19:23-23.2(b)].

Plaintiffs' vague insinuation and speculation that the New Jersey legislature might somehow reverse course and reinstitute the prior ballot design (PBr. at 3) does not alter the mootness analysis, as the caselaw upon which Plaintiffs rely reveals.  Specifically, in *Hartnett v. Pennsylvania State Educ. Assoc.*, 963 F.3d 301 (2020), the Third Circuit agreed that a Supreme



Hon. Zahid N. Quraishi
July 7, 2025
Page 5

Court ruling that involuntary deductions from public employee paychecks to fund union political activities was unconstitutional rendered moot a challenge to a functionally equivalent Pennsylvania statute. The court rejected the plaintiffs' argument that the union's cessation of involuntary deductions was a case of a voluntary and unilateral cessation of illegal activity to which it might return at a later date. *Id.* at 306. As the court explained, the inquiry focuses on why the defendant ceased the challenged activity, contrasting a change of behavior "in the face of a court order," of which courts should be skeptical, with compliance with "a new statute or a ruling in a completely different case," which makes the "argument for mootness much stronger." *Id.* 306-07. Because there is no dispute that the Clerk Defendants' actions with respect to the subject matter of this lawsuit are mandated by statute, *Hartnett* supports their position that this action is moot.[2]

In sum, Plaintiffs' motions for reconsideration quite explicitly reveal that they continue to seek the same relief with respect to a previously statutorily mandated ballot design that no longer exists, and has nothing to do with the statutorily mandated office block design that replaced it. Indeed, such relief would make little sense, since the Revised Ballot Design Statute implemented

---

[2] While Plaintiffs' reconsideration motions do not challenge the constitutionality of the Revised Ballot Design Statute, the Clerk Defendants note that they lack standing to do so anyway, as none of the Plaintiffs were on a primary ballot last month when the Revised Ballot Design Statute was first implemented. Furthermore, because the Clerk Defendants lack any discretion as to how to design future primary ballots under the Revised Ballot Design Statute (just as they lacked discretion to deviate from the previously statutorily mandated bracketing design), Plaintiffs, as a matter of logic, do not face "'a very likelihood of future harm'" (PBr. 2 (quoting June 3 Order at 4-5 & n.3)) as a result of that non-existent discretion.



Hon. Zahid N. Quraishi
July 7, 2025
Page 6

exactly what the Plaintiffs' original pleadings demanded. Accordingly, not only should Plaintiffs' motion for reconsideration be denied, but it provides further support for the Clerk Defendants' position that the *Kim* and *Conforti* Actions are moot controversies over which the Court lacks subject matter jurisdiction.

II. **Plaintiffs' motions for reconsideration should be denied irrespective of the lack of subject matter jurisdiction.**

While the Clerk Defendants continue to maintain that it is not their place to defend the constitutionality of the ballot design because it is mandated by the New Jersey State Legislature, that is not to say that they agree that summary judgment on the merits is appropriate now that the only party that has defended the constitutionality of the previous ballot design – the Camden County Democratic Committee – has been dismissed from these proceedings. Rather, Plaintiffs still have the burden of demonstrating the absence of an issue of material fact as to their entitlement to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). As Plaintiffs do not dispute that there has been no discovery or additional expert analysis since the Court granted Plaintiffs motion for a preliminary injunction more than a year ago, summary judgment on the merits in their favor would be inappropriate, even if this litigation were not moot, which it most certainly is. *See Ware Indus. v. St. Paul Fire & Marine Ins. Co.*, No. 18-13895, 2019 U.S. Dist. LEXIS, at *8 (D. N.J. June 5, 2019) ("[c]ourts in this District have repeatedly found summary judgment before discovery to be premature") (citations omitted). This is especially the case given that Plaintiffs admittedly seek summary judgment, not to resolve any real



Hon. Zahid N. Quraishi
July 7, 2025
Page 7

and live controversy, but rather as a means to ultimately collect the balance of their counsel fees from the Clerk Defendants.

Moreover, the Supreme Court, in *Lackey v. Stinnie*, explicitly rejected Plaintiffs' argument that the Court's preliminary injunction order is effectively the equivalent of having prevailed on the merits, having recognized that "[p]reliminary injunctions… do not conclusively resolve legal disputes," and are of a "transient nature."  145 S. Ct. at 667.  Indeed, events after the Court's preliminary injunction order serve only to highlight the "transient nature" of the relief in the instant case.  For example, the fact that the Democratic and Republican parties conducted their respective primaries with different ballot designs could undermine the theories of Plaintiffs' experts that ballot positioning provides a significant advantage to primary candidates.  While (by Plaintiffs' design) there may not be a defendant left in these proceedings to affirmatively challenge whatever conclusions Plaintiffs' experts might reach in that regard, those experts should still be required to address and consider real world data that might impact their prior conclusions, especially if Plaintiffs seek final judgment on the merits.

In sum, the Supreme Court has conclusively held that a preliminary injunction is not the equivalent of a final adjudication of a claim on the merits.  As Plaintiffs, by their own admission, seek summary judgment on the exact record that was before Court when it granted that relief more than a year ago, their motion for reconsideration should be denied, separate and apart from this litigation being moot.



Hon. Zahid N. Quraishi
July 7, 2025
Page 8

## **CONCLUSION**

Ultimately, the Clerk Defendants agree with Plaintiffs' statement that reconsideration is necessary to prevent a clear error of law or manifest injustice. However, Plaintiffs' reconsideration motions reveal that the only clear error of law in the June 3 Order was not dismissing both the *Conforti* and *Kim* Actions as moot given the intervening change in the law over which the Clerk Defendants have no discretion, especially when the end result Plaintiffs seek is to saddle the taxpayers of Union and Bergen Counties with their counsel fees, contrary to the Supreme Court's ruling in *Lackey*. Accordingly, and for all of the reasons set forth above, the Clerk Defendants respectfully request that the Court deny Plaintiffs' motions for reconsideration.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Defendant*
*Joanne Rajoppi*

By: /s/ *Angelo J. Genova*
Angelo J. Genova, Esq.
Daniel A. Lebersfeld, Esq.
494 Broad Street
Newark, New Jersey 07120
Tel: (973) 533-0777
agenova@genovaburns.com
dlebersfeld@genovaburns.com

**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
*Attorneys for Defendant John S. Hogan*

By: /s/ *Paul Kaufman*
Paul Kaufman, Esq.
Jason S. Nunnermacker, Esq.
Jaime R. Placek, Esq.
61 South Paramus Road, Suite 250
Paramus, New Jersey 07652
Tel: (201) 928-1100
pkaufman@doctiislaw.com
jnunnermacker@decotiislaw.com
jplacek@decotiislaw.com

c:    All counsel of record (by electronic filing)