GENOVA BURNS LLC
ATTORNEYS AT LAW

Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973-533-0777 Fax: 973.814.4045
Web: www.genovaburns.com
Affiliated with Genova Burns LLP

Angelo J. Genova, Esq.
Partner
Member: NY, NJ & PA Bar
agenova@genovaburns.com
Direct Dial: 973.535.7100

July 14, 2025

**VIA ELECTRONIC FILING**
Hon. Zahid N. Quraishi, U.S.D.J.
United States District Court for the District of New Jersey
402 East State Street
Trenton, New Jersey 08608

**Re: Conforti v. Hanlon, No. 20-cv-8267**
**Kim v. Hanlon, No. 24-cv-1098**

Dear Judge Quraishi:

This firm is counsel to Defendant Joanne Rajoppi in her official capacity as Clerk of Union County (the "Union Clerk") in the action entitled *Kim, et al. v. Hanlon, et al.*, No. 24-cv-1098 (the "*Kim* Action"). Joining in this submission is Defendant John S. Hogan in his official capacity as Clerk of Bergen County (the "Bergen Clerk") (with the Union Clerk, the "Clerk Defendants") in the *Kim* Action and in the action entitled *Conforti, et al. v. Hanlon, et. al.*, No. 24-cv-1098 (the "*Conforti* Action"). Please accept this letter in lieu of a more formal brief in reply to Plaintiffs' opposition ("Opposition" or "Opp.") (*Kim* Dkt. 330, *Conforti* Dkt. 262) to the Clerk Defendants' motions for reconsideration of that part of Court's Letter Order dated June 3, 2025 (the "June 3 Order," available at *Kim* ECF 321, *Conforti* ECF 253) that denied the Clerk Defendants' motions






to dismiss Plaintiffs' complaints in both the *Kim* and *Conforti* Actions for lack of subject matter jurisdiction.[1]

Plaintiffs' Opposition does not dispute that if this litigation conceivably goes forward, it will be about the constitutionality of the Revised Ballot Design Statute, and not about the original ballot design statute. After all, the prior ballot design no longer exists as it has been superseded and replaced by the Revised Ballot Design Statute. Plaintiffs also concede that the Revised Ballot Design Statute addressed the two primary sources of constitutional harm they allegedly faced – the so-called "county line" and "Ballot Siberia" phenomenon.

Now, after several rounds of briefing on various motions, the only alleged infirmity of the Revised Ballot Design Statute (a statute that is not before this Court) Plaintiffs even attempt to identify is so-called "in-office bracketing," which allows candidates seeking the same office to appear adjacent to one another where there is more than one person to be nominated for the office sought. Plaintiffs cannot explain what constitutional injury this feature of the Revised Ballot Design Statute causes them, for the precise reason that it has nothing to do with the elective offices they previously sought. Indeed, these Plaintiffs did not contest "in-office bracketing" for the June 2005 primary ballot design that implemented the Revised Ballot Design Statute. Accordingly, not

---

[1] Unless otherwise noted, capitalized terms used herein have the same meaning as set forth in the Clerk Defendants' Memorandum of Fact and Law in Support of Their Joint Motion For Reconsideration ("Open." or "Opening Brief"). *Kim* Dkt. 324-1, *Conforti* Dkt. 256-1.






only does the Opposition confirm this case is moot, but it also reveals that Plaintiffs lack standing to challenge the Revised Ballot Design Statute even under their own theory of injury.

Otherwise, Plaintiffs' speculation that the New Jersey Legislature might amend the Revised Ballot Design Statute or that the Clerk Defendants might exercise some still unidentified "discretion" in a supposedly unconstitutional fashion is not enough to breath new life into their patently moot claims. There can be no dispute that the Clerk Defendants are obligated to abide by New Jersey statutory law in designing primary ballots, which means there is no plausible path for the Clerk Defendants to implement the Revised Ballot Design Statute in such a way as to renew any supposed unconstitutional conduct Plaintiffs' original pleadings claimed to have harmed them. That is, contrary to the Opposition's insinuation and this Court's conclusion in the June 3 Order, the Clerk Defendants do not have any discretion when it comes to the design of primary ballots.

All told, the Opposition's complaints about the Revised Ballot Design Statute are for another lawsuit to be brought by individuals who are actually affected by it, and not by these Plaintiffs who have never sought office under it. Until such time, there is no live controversy concerning design of primary election ballots in this State for this Court to adjudicate.

## ARGUMENT

### I. Plaintiffs have not identified any "unconstitutional features" of the Revised Ballot Design Statute that could conceivably cause them any constitutional injury.

While Plaintiffs claim that their prior submissions "canvassed" a number of constitutional "infirmities" in the Revised Ballot Design Statute, their Opposition only describes one of those "infirmities" in any detail. Opp. 3. Specifically, Plaintiffs claim that the Revised Ballot Design






Statute "maintained 'in-office bracketing'… the practice of allowing candidates for the same office to not only have the same slogan, but also to be located adjacent to one another." *Id.* For starters, Plaintiffs' pleadings do not actually claim any harm from candidates for the same office being given the option of appearing next to each other on the ballot, given that the whole premise of those pleadings was to create an office block ballot format, which the Revised Ballot Design Statute unquestionably accomplishes. But even if allowing candidates to choose to appear next to one another on the ballot in such a fashion did raise constitutional concerns, those concerns would cause no harm to Plaintiffs for the simple reason that they do not allege that they have sought, or will seek, offices affected by this design.

Specifically, Plaintiffs point to *N.J.S.A.* 19:23-23.2(c)(2) as the statutory source of the "in-office bracketing," which instructs county clerks to "allow candidates for the same office with multiple open seats to associate in the same office block, using a common slogan or endorsement, next to or below the associated candidate names…." Opp. 3, 7-8. The statute's reference to "the same office with multiple open seats" refers to county and municipal elections where there are multiple open seats in the same election (*e.g.*, two council seats in the Borough form of government). Here, none of the plaintiffs in *Kim* and *Conforti* who even theoretically have claims against the Union or Bergen County Clerks (now-Senator Kim in the *Kim* Action, and Arati Kreibich and Zinovia Spezakis in the *Conforti* Action (*Conforti* Dkt. 33 at ¶¶ 24-27, 44-47)) are alleged to have ran and lost in these types of primary elections or that they have any future intent to do so, as they only allege that they have sought the Democratic party nomination for a single






open Congressional seat.[2] Accordingly, even if the Revised Ballot Design Statue's provision for "in-office bracketing" were at all relevant to Plaintiffs' lawsuit, which it is not, it does not somehow make Plaintiffs' claims against the Clerk Defendants justiciable.[3]

Nor is this a case that "falls within the 'capable of repetition while evading review' exception to mootness," as Plaintiffs' Opposition asserts. Opp. 5. As the Third Circuit has held, in order for this "exception" to apply, the plaintiff must show, among other things, that "there is a reasonable expectation that the same complaining party would be subjected to the same action again." *New Jersey Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 31 (3d Cir. 1985) (citation omitted). Because, as described above, the Revised Ballot Design Statute provided the relief sought in Plaintiffs' pleadings – the replacement of the "county line" with an office block design – there can be no expectation, much less a reasonable one, that Plaintiffs will be subjected to the same action again.

In sum, even with the benefit of extensive motion practice and briefing, the only supposed "unconstitutional feature" of the Revised Ballot Design Statute at which Plaintiffs manage to grasp does not even theoretically cause them any harm that should permit their lawsuits to continue. And that assumes that "in office bracketing" raises constitutional concerns, an assumption that the

---

[2] For example, there is only one Senate seat up for election at any given time, so now-Senator Kim cannot be harmed this provision.

[3] Allowing this suit to proceed on Plaintiffs' new theory of "in office bracketing" also potentially implicates the constitutionally protected First Amendment associational rights of non-parties to this litigation who do wish to appear adjacent to one another on future primary ballots.






Court cannot make. Accordingly, Plaintiffs' Opposition does nothing to rebut the Clerk Defendants' showing in its Opening Brief that the Revised Ballot Design Statute renders Plaintiffs' claims moot.

**II. Plaintiffs' speculation that the New Jersey Legislature might amend the Revised Ballot Design Statute or that the Clerk Defendants might disobey it does not provide the Court with subject matter jurisdiction over this litigation.**

Perhaps recognizing that the Revised Ballot Design Statute provides the relief that their pleadings seek, Plaintiffs assert that they must be able to continue litigating their claims because the New Jersey Legislature or the Clerk Defendants might engage in unspecified "gamesmanship" and somehow reinstate the "county line" and its concomitant features. Opp. 4, 6-8. On its face, this argument is preposterous as **<u>every</u>** piece of legislation is subject to amendment or repeal by the Legislature. But even taken at face value, Plaintiffs' speculation is without merit as revealed by the very caselaw upon which they rely. Specifically, in *Hartnett v. Pennsylvania State Educ. Assoc.*, 963 F.3d 301 (3d Cir. 2020) (cited in Opp. at 4), the Third Circuit agreed that a Supreme Court ruling that involuntary deductions from public employee paychecks to fund union political activities was unconstitutional rendered moot a challenge to a functionally equivalent Pennsylvania statute. The court rejected the plaintiffs' argument that the union's cessation of involuntary deductions was a case of a voluntary and unilateral cessation of illegal activity to which it might return at a later date. *Id.* at 306. As the court explained, the inquiry focuses on why the defendant ceased the challenged activity, contrasting a change of behavior "in the face of a court order," of which courts should be skeptical, with compliance with "a new statute or a ruling






in a completely different case," which makes the "argument for mootness much stronger." *Id.* 306-07. Because there is no dispute that the Clerk Defendants' actions with respect to the subject matter of this lawsuit are mandated by statute, *Hartnett* supports their position that this action is moot.

Plaintiffs' speculation that the Clerk Defendants might disobey the Revised Ballot Design Statute likewise does not alter the mootness analysis. This is so as there is no dispute that the Clerk Defendants are obligated to follow command of the New Jersey Legislature in designing the primary ballots, as evidenced by Plaintiffs' argument that their lawsuit must continue to combat "gamesmanship by the Legislature." Opp. 4, 11-12. Thus, any order from this Court that the Clerk Defendants must obey the Revised Ballot Design Statute – which now appears to be an object of the suit given their concern that the Camden County Clerk allegedly did not abide by it (Opp. 4, 6-7) – would undoubtedly be an impermissible advisory opinion, as any County Clerk, like any other governmental official, would be subject to remedial action if he or she disobeyed this or any other legislation.

**III. The Supreme Court's ruling in *Lackey v. Stinnie* forecloses Plaintiffs from recovering their fees.**

Plaintiffs appear to have walked back their argument in the underlying briefing that the grant of the preliminary injunction rendered them prevailing parties (*Kim* Dkt. 302, *Conforti* Dkt. 239), having now acknowledged "[t]he granting (or refusal to grant) permanent relief is likely to be a key driver in the counsel fees question." Opp. 12. The Supreme Court, in *Lackey v. Stinnie*, 604 U.S. –, 145 S. Ct. 659, 667 (2025), went much further, holding that preliminary injunctions






do not import prevailing party status on a civil rights litigant precisely because they "do not conclusively resolve legal disputes," and are of a "transient nature." This "bright-line rule" applies even in the face of accusations that the defendants have "strategically moot[ed]" the litigation by enacting remedial legislation. *Id.* at 669. Of course, the Clerk Defendants have not "strategically moot[ed]" anything as it was the New Jersey Legislature that commanded them to employ an office block ballot in primary elections, just as the so-called "county line" was a legislatively mandated phenomenon the Clerk Defendants were obliged to follow prior to this Court's preliminary injunction. The fact remains, however, that the Revised Ballot Design Statute mooted Plaintiffs' claims prior to them having even sought final relief. Accordingly, in granting the Clerk Defendants' motion for reconsideration, the Court should also make clear that the taxpayers of Union and Bergen Counties should not be made to pay Plaintiffs' counsel fees.

**CONCLUSION**

The Revised Ballot Design Statute provided Plaintiffs with the exact relief they sought: the replacement of the so-called "county line" with an office block ballot format. Plaintiffs' claims that the office block ballot has its own problematic features and their feigned fears that one of the twenty-one New Jersey county clerks might deviate from that legislative mandate are for another lawsuit brought by a candidate with a real stake in the outcome. The Court's June 3 Order erroneously disregarded this reality. Accordingly, for the reasons set forth above, and for the reasons stated in their Opening Brief, the Clerk Defendants respectfully request that the Court






reconsider and vacate its June 3 Order to the extent that it denied the Clerk Defendants motion to dismiss for lack of subject of matter jurisdiction.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Defendant*
*Joanne Rajoppi*

By: */s/ Angelo J. Genova*
Angelo J. Genova, Esq.
Daniel A. Lebersfeld, Esq.
494 Broad Street
Newark, New Jersey 07120
Tel: (973) 533-0777
agenova@genovaburns.com
dlebersfeld@genovaburns.com

**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
*Attorneys for Defendant John S. Hogan*

By: /s/ *Paul Kaufman*
Paul Kaufman, Esq.
Jason S. Nunnermacker, Esq.
61 South Paramus Road, Suite 250
Paramus, New Jersey 07652
Tel: (201) 928-1100
pkaufman@doctiislaw.com
jnunnermacker@decotiislaw.com

c: All counsel of record (by electronic filing)