## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ANDY KIM, *et al.*,

      **Plaintiffs,**

v.

**CHRISTINE GIORDANO HANLON, in her official capacity as Monmouth County Clerk, *et al.*,**

      **Defendants.**

Case No. 3:24-CV-1098-ZNQ-TJB

<u>Civil Action</u>

**COURT ORDER APPROVING SETTLEMENT AND DISMISSAL AS TO DEFENDANT BERGEN COUNTY CLERK**

Pursuant to Fed. R. Civ. P. 41(a)(2), Defendant John S. Hogan ("Bergen County Clerk"), (1) agrees he will no longer contest Plaintiffs' claims in this litigation (No. 3:24-cv-1098); and (2) agrees:

1. Bergen County Clerk will not prepare, disseminate, use, display, or count any primary election ballot, in any form, whether on paper or electronic, that:

   a. Is designed by columns or rows, rather than by office sought;

   b. Positions candidates on the primary election ballot automatically based upon a ballot draw among candidates for a different office;

   c. Places candidates such that there is an incongruous separation from other candidates running for the same office;

d. Places candidates underneath another candidate running for the same office, where the rest of the candidates are listed horizontally, or to the side of another candidate running for the same office, where the rest of the candidates are listed vertically; and

e. Brackets candidates together on the ballot such that candidates for different offices are featured on the same column (or row) of the ballot.

2. Bergen County Clerk agrees that it will not conduct draws for primary ballot positions that do not include a separate drawing for every office and candidate, and where every candidate running for the same office has an equal chance at the first ballot position.

3. Bergen County Clerk agrees that it will use a single primary election ballot for all voters, whether mail-in, at a polling site, or otherwise, that is organized by office sought (commonly known as "office-block ballot,") rather than by column or row, and which implements for each office on the ballot, a randomized ballot order system (e.g. random draw) which affords each candidate for the same office an equal chance at obtaining the first ballot position.

4. The Plaintiffs and Bergen County Clerk agree to be subject to the jurisdiction of this Court for the purpose of ensuring compliance, and/or seeking guidance on any potential conflicting court orders relating to ballot design, and/or interpretation or application of Section 7 of this agreement.

5. Without prejudice to their respective positions with respect to the applicability of 42 U.S.C. § 1988 and the New Jersey Civil Rights Act, without any acknowledgment of liability by the Bergen County Clerk and for settlement purposes only, the parties have agreed to an award of counsel fees and costs in favor of Plaintiffs, and payable to Weissman & Mintz

2

by the Bergen County Clerk of $29,279.61, to be paid within thirty (30) days of the date this court order goes into effect.

6. The parties acknowledge that on March 6, 2025, P.L. 2025, c.32 was signed into law, which amended and superseded certain statutory provisions at issue in this matter. For purposes of Section 7 below, a "subsequent court order" refers to a court order issued on or after September 12, 2024. For purposes of Section 7 below, "new legislation" refers to legislation that was passed and signed into law on or after September 12, 2024.

7. Bergen County Clerk is relieved from its obligations under this agreement if:

   a. A subsequent court order from a court of competent jurisdiction rules that, this order notwithstanding, the Bergen County Clerk does not have the discretion to enter into this agreement and / or ignore bracketing[1] requests of political parties. The Bergen County Clerk is obligated to provide any court hearing a case related to the same subject matter of this litigation with a copy of this Order.

   b. A subsequent court order from a court of competent jurisdiction rules that, this order notwithstanding, failing to honor bracketing requests of political parties will result in a constitutional violation. The Bergen County Clerk is obligated to provide any court hearing a case related to the same subject matter of this litigation with a copy of this Order.

   c. The New Jersey legislature passes new legislation that supersedes, amends, or replaces the statutory provisions that are the subject of this litigation, such that

---

1. Nothing in this agreement prevents the Clerk from honoring requests for a common slogan among multiple candidates seeking the same or different offices. By "bracketing," this order refers to positioning candidates together in a non-office block format, or any other form of presenting candidate names or grouping candidate names which prevents a separate, equal, and randomized draw and/or presentation of each candidate for each office.

compliance with such new legislation and terms of this order would be impossible. However, if such new legislation is subject to an injunction or otherwise ruled invalid, then Bergen County Clerk will continue to comply with this Order.

   d. If any dispute arises by or among the parties of this agreement regarding its interpretation/application, this Court retains jurisdiction to decide the dispute.

8. If any of the conditions of section 7 of this agreement are met, and this agreement is invalidated, then Defendant Bergen County Clerk will not to intervene in this litigation.

9. Nothing in this Order shall be construed to be an admission by the Bergen County Clerk of any violation of any law or constitutional right of any party or person by virtue of the Bergen County Clerk's performance or exercise of the Bergen County Clerk's official duties in implementing the statutes and laws enacted by the Legislature and challenges by the Plaintiffs in this and any other litigation.

10. Plaintiffs acknowledge that the Bergen County Clerk has maintained at all times relevant to this litigation that it has acted in all respects consistent with the Bergen County Clerk's good faith belief that it was acting in a manner consistent and compliant with all laws enacted by the Legislature and the subject of this and other litigation.

Based on the foregoing, it is stipulated and agreed between Plaintiffs and the Bergen County Clerk, and subject to the Court's approval below, that this matter is dismissed with prejudice and without costs (subject to Section 5 hereof) as against the Bergen County Clerk only, and no other party.

WEISSMAN & MINTZ
By: Flavio L. Komuves
Dated:

BROMBERG LAW LLC
By: Yael Bromberg
Dated:

By: Brett M. Pugach
Dated:

Paul Kaufman

DECOTIIS, FIZPATRICK,
COLE & GIBLIN, LLP
By: Paul Kaufman
Dated: August 3, 2026

The Court has reviewed and approves the foregoing stipulation, **ORDERS** the parties

hereto to comply with its terms, and retain jurisdiction to enforce its terms.  It is so **ORDERED**,

this ____4th____ day of ____August____, 2026.

The Clerk's Office is further
instructed to mark this case CLOSED.

_____
The Honorable Zahid N. Quraishi, U.S.D.J.

5